RECEIPT # 63853
AMOUNT $ 250
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK
DATE 4/28/05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO:

RENATO SOUTO and OTHERS )
SIMILARLY SITUATED, )
)
Plaintiff, )
)
v. )
)
SOVEREIGN REALTY ASSOCIATES )
LTD. and STUART ROFFMAN, as )
President, of the General Partner of )
Sovereign Realty Associates, Ltd., )
Sovereign Realty Associates G.P., Inc., )       05-10864 JLT
and Individually, )
)
Defendants. )                                    MAGISTRATE JUDGE Sorokin
)

## NOTICE OF REMOVAL

Defendants, Sovereign Realty Associates Ltd. and Stuart Roffman, as President, of the General Partner of Sovereign Realty Associates, Ltd., Sovereign Realty Associates G.P., Inc., and Individually ("Defendants"), by and through their attorneys, Duane Morris LLP, hereby files this Notice of Removal of the above-captioned action from the Superior Court of the Commonwealth of Massachusetts, Middlesex County, in which it is now pending, to the United States District Court for the District of Massachusetts.

In support hereof, Defendant respectfully represents as follows:

1.  On or about April 7, 2005, plaintiff Renato Souto ("Plaintiff"), filed a complaint (the "State Court Action") against Defendants in the Superior Court of the Commonwealth of Massachusetts, Middlesex County (the "State Court"). The complaint filed by Plaintiff alleged,

BOS\129580.1

*inter alia*, failure to pay wages in violation of the Fair Labor Standards Act and the Massachusetts Wage Act, breach of contract, fraud, intentional infliction of emotional distress, negligent infliction of emotional distress and estoppel. The State Court Action was assigned Civil Action No. 2005-1281.

2. Pursuant to 28 U.S.C. § 1441(b), Defendants wish to remove the State Court Action from the Superior Court of the Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts.

3. Removal of the cause of action arising in the State Court Action to this Court is authorized and proper pursuant to 28 U.S.C. §1441(b), because this Court has original jurisdiction of such claims and causes of action because the action is founded on a claim or right arising under the laws of the United States, specifically 29 U.S.C. § 201 et seq., the Fair Labor Standards Act. See Exhibit A, Complaint, ¶¶ 19, 23.

4. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it has been filed within thirty (30) days after the complaint in the State Court Action was served on Defendants. See Exhibit B, Summons.

5. In accordance with 28 U.S.C. § 1446(a), attached hereto as Exhibits A through C are true and correct copies of all process and pleadings filed in the State Court Action, including the original Compliant filed in the State Court Action.

6. Pursuant to 28 U.S.C. § 1446(d), promptly after filing the Notice of Removal, Defendants shall cause a copy of the Notice of Removal with attachments to be served upon the Plaintiff to the State Court Action, and upon the Clerk of the Superior Court of the Commonwealth of Massachusetts, Middlesex County.

WHEREFORE, Defendants respectfully request that this Court enter an Order removing the State Court Action from the Superior Court of the Commonwealth of Massachusetts, Middlesex County to the United States District Court for the District of Massachusetts, and granting Defendants such other and further relief as this Court deems just and proper.

Respectfully Submitted,

SOVEREIGN REALTY ASSOCIATES LTD. and STUART ROFFMAN, as President, of the General Partner of Sovereign Realty Associates, Ltd., Sovereign Realty Associates G.P., Inc., and Individually,

By their Attorneys,

_____
Franklin H. Levy, BBO# 297720
Bronwyn L. Roberts, BBO# 638079
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, Massachusetts 02210
(617) 289-9200

Dated: April 28, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2005, a true copy of the above document was served by first class mail upon the following attorney of record:

Ara J. Balikian
Gordon and Balikian LLP
535 Boylston Street, 6th Floor
Boston, MA 02116

_____
Bronwyn L. Roberts

BOS\129580.1                                3

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.:

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

RENATO SOUTO and OTHERS SIMILARLY )
SITUATED, )
          Plaintiffs, )
)
)    **COMPLAINT**
v. )
)
)
SOVEREIGN REALTY ASSOCIATES, LTD. )
and STUART ROFFMAN, As President of the )
General Partner of Sovereign Realty Associates, )
Ltd., Sovereign Realty Associates G.P., Inc., and )
Individually, )
          Defendants. )

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## Nature of the Case

1. This is a cause of action pursuant to MGL c. 149 and 150 seeking damages and injunctive relief for non-payment of wages in the form of regular pay, overtime and holiday wages. Plaintiff, Renato Souto, is a former employee of Defendant, Sovereign Realty Associates, Ltd.

## The Parties

2. The Plaintiff, Renato Souto, is an individual residing at 29 Park Street, Somerville, Middlesex County, Massachusetts.

3. Defendant, Sovereign Realty Associates, Ltd., is a Massachusetts limited partnership with a principal place of business located at 822 Boylston Street, Chestnut Hill, Middlesex County, Massachusetts.

4. Defendant, Stuart Roffman, is an individual residing at 124 Farm Street, Dover, Norfolk County, Massachusetts. At all relevant times Stuart Roffman was either the general partner of Sovereign Realty Associates, Ltd. or the president of Sovereign Realty Associates G.P., Inc., a Massachusetts corporation organized in 2003 for the purposes of replacing Stuart Roffman as the general partner of Sovereign Realty Associates, Ltd.

## Facts

5. From on or about 1994 until July 3, 2002, Renato Souto was employed as a maintenance repairer for Sovereign Realty Associates, Ltd.

6. During the course of his employment, Renato Souto worked continuously, diligently and effectively on behalf of Sovereign Realty Associates, Ltd.

7. In 1998, Sovereign Realty Associates, Ltd., through Stuart Roffman its president agreed to sponsor Renato Souto's Application for Labor Certification.

8. Thereafter, Stuart Roffman used his position to force Renato Souto to perform a number of tasks that were well beyond Mr. Souto's job duties.

9. Renato Souto was required to wear a pager 24 hours a day, 7 days a week, during his employment with Sovereign Realty Associates, Ltd. Mr. Roffman would page Mr. Souto at all hours of the day and night and insist that Mr. Souto perform his personal chores, such as picking him up at the airport, picking up soda and delivering it to his house, and pushing his girlfriend's car out of the snow.

10. On a daily basis during his employment, Sovereign Realty Associates, Ltd. and Stuart Roffman humiliated Renato Souto. Stuart Roffman and Lee Torrey, Mr. Souto's manager at Sovereign Realty Associates, Ltd., would refer to Mr. Souto as a moron in front of other employees. In addition, Mr. Torrey once published a list of employee bonuses which stated that Mr. Souto would receive nothing, not even a lump of coal, even though other employee got bonuses and were treated with respect.

11. On or about July 3, 2002, Sovereign Realty Associates, Ltd. terminated Renato Souto's employment upon learning that Mr. Souto had contacted the Massachusetts Division of Employment and Training to learn his rights as an employee.

12. Despite demands from Renato Souto for payment, Sovereign Realty Associates, Ltd. failed, refused, and/or neglected to pay Renato Souto wages, which are due and payable.

13. Others similarly situated have also worked for Sovereign Realty Associates, Ltd. and have not received the proper compensation as required by law.

14. Renato Souto has satisfied all prerequisites and conditions precedent necessary to entitle him to seek remedy against Sovereign Realty Associates, Ltd. by this action.

15. Attached hereto as Exhibit "A" is a letter from the Office of the Attorney General authorizing Mr. Souto to pursue his claim for unpaid wages through a civil complaint lawsuit.

## COUNT I
(Souto v. Sovereign Realty Associates, Ltd.)
M.G.L. c. 149, 151 and FLSA

16. Renato Souto repeats and re-alleges the allegations set forth in Paragraphs 1 to 15 above and incorporates them by reference herein.

17. Sovereign Realty Associates, Ltd. is statutorily obligated to pay overtime wages to Renato Souto at the required overtime premium rate of one and a half times his regular rate of compensation for all hours worked in excess of 40 hours a week and holiday wages at the holiday premium rate of one and a half times his regular rate for all hours worked on a legal holiday.

18. Sovereign Realty Associates, Ltd. has failed, refused and/or neglected to pay the regular, overtime and holiday wages due and owing Renato Souto in violation of Massachusetts General Laws Chapter 149, 151 and the Federal Labor Standards Act.

19. As a result of Sovereign Realty Associates, Ltd.'s violation of M.G.L. c. 149, 151 and FLSA, Renato Souto has incurred harm and loss in the sum of at least $86,669.40.

## COUNT II
(Others Similarly Situated v. Sovereign Realty Associates, Ltd.)
M.G.L. c. 149, 151 and FLSA

20. Renato Souto repeats and re-alleges the allegations set forth in Paragraphs 1 to 19 above and incorporates them by reference herein.

21. Sovereign Realty Associates, Ltd. is statutorily obligated to pay overtime wages to others similarly situated to Renato Souto at the required overtime premium rate of one and a half times their regular rate of compensation for all hours worked in excess of 40 hours a week and holiday wages at the holiday premium rate of one and a half times their regular rate for all hours worked on a legal holiday.

22. Sovereign Realty Associates, Ltd. has failed, refused and/or neglected to pay others similarly situated to Renato Souto the wages due and owing them in violation of Massachusetts General Laws Chapter 149, 151 and the Federal Labor Standards Act.

23. As a result of Sovereign Realty Associates, Ltd.'s violation of M.G.L. c.149, 151 and FLSA, others similarly situated to Renato Souto have incurred harm and loss in an amount to be determined.

## COUNT III
(Souto v. Sovereign Realty Associates, Ltd.)
Breach of Contract

24. Renato Souto repeats and re-alleges the allegations set forth in Paragraphs 1 to 23 above and incorporates them by reference herein.

25. Sovereign Realty Associates, Ltd. entered into an unambiguous and enforceable contract that requires Sovereign Realty Associates, Ltd. to pay Renato Souto in the form of regular pay, overtime and holiday wages.

26. In breach of its contract with Renato Souto, Sovereign Realty Associates, Ltd., has failed to pay Renato Souto the wages promised.

27. As a result of Sovereign Realty Associates, Ltd.'s breach of its contract, Renato Souto has incurred harm and loss in the sum of at least $86,669.40.

## COUNT IV
(Souto v. Sovereign Realty Associates, Ltd.)
Fraud/Misrepresentation/Deceit

28. Renato Souto repeats and re-alleges the allegations set forth in Paragraphs 1 to 27 above and incorporates them by reference herein.

29. Sovereign Realty Associates, Ltd. represented to Renato Souto that he would be paid wages in the form of regular pay, overtime and holiday wages.

30. Renato Souto relied upon the representations made by Sovereign Realty Associates, Ltd.

31. Sovereign Realty Associates, Ltd.'s representations were false, and made with the intention to deceive Renato Souto and induce him to work for Sovereign Realty Associates, Ltd.

32. As a result of Sovereign Realty Associates, Ltd.'s fraud, misrepresentation and deceit, Renato Souto has incurred harm and loss in the sum of at least $86,669.40.

## COUNT V
(Souto v. Sovereign Realty Associates, Ltd. and Stuart Roffman)
Intentional Infliction of Emotional Distress

33. Renato Souto repeats and re-alleges the allegations set forth in Paragraphs 1 to 32 above and incorporates them by reference herein.

34. By their actions the Sovereign Realty Associates, Ltd. and Stuart Roffman intentionally inflicted emotional distress on Renato Souto.

35. Sovereign Realty Associates, Ltd. and Stuart Roffman's actions were extreme, outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community.

36. Sovereign Realty Associates, Ltd. and Stuart Roffman's actions caused Renato Souto to suffer severe emotional distress, loss of dignity, anxiety, humiliation and mental anguish.

37. No reasonable person could be expected to endure the severe emotional distress suffered by Renato Souto

38. As a result of Sovereign Realty Associates, Ltd. and Stuart Roffman's actions Renato Souto has incurred harm and loss in an amount to be determined.

### COUNT VI
(Souto v. Sovereign Realty Associates, Ltd. and Stuart Roffman)
Negligent Infliction of Emotional Distress

39. Renato Souto repeats and re-alleges the allegations set forth in Paragraphs 1 to 38 above and incorporates them by reference herein.

40. By its actions the Sovereign Realty Associates, Ltd. and Stuart Roffman negligently inflicted emotional distress on Renato Souto.

41. Sovereign Realty Associates, Ltd. and Stuart Roffman's actions caused Renato Souto to suffer severe emotional distress, loss of dignity, anxiety, humiliation and mental anguish.

42. A reasonable person would have suffered emotional distress under the circumstances.

43. As a result of Sovereign Realty Associates, Ltd. and Stuart Roffman's actions Renato Souto has incurred harm and loss in an amount to be determined.

### COUNT VII
(Souto v. Sovereign Realty Associates, Ltd. and Stuart Roffman)
Estoppel

44. Renato Souto repeats and re-alleges the allegations set forth in Paragraphs 1 to 43 above and incorporates them by reference herein.

45. Sovereign Realty Associates, Ltd. and Stuart Roffman promised to pay Renato Souto wages in the form of regular pay, overtime and holiday wages.

46. In reliance on Sovereign Realty Associates, Ltd. and Stuart Roffman's promises, Renato Souto joined Sovereign Realty Associates, Ltd. and worked continuously, diligently and effectively on behalf of Sovereign Realty Associates, Ltd.

47. Despite Renato Souto's commitment and sacrifices Sovereign Realty Associates, Ltd. and Stuart Roffman intentionally failed and refused in bad faith to pay Renato Souto's wages.

48. Accordingly, Sovereign Realty Associates, Ltd. and Stuart Roffman are estopped from denying that it promised to pay Renato Souto wages.

### DEMAND FOR JUDGMENT

WHEREFORE, Plaintiffs pray that this Court enter judgment as follows:

A. Against Sovereign Realty Associates, Ltd. and Stuart Roffman for the damage owed to the Plaintiffs, plus interest, costs and reasonable attorney fees provided by Massachusetts General Law Chapter 149;

B. Against Sovereign Realty Associates, Ltd. and Stuart Roffman for treble damages pursuant to Massachusetts Chapter 149;

C. Issue a preliminary injunction enjoining Sovereign Realty Associates, Ltd. from failing to pay wages to its present employees;

D. Issue a permanent injunction enjoining Sovereign Realty Associates, Ltd. from failing to pay wages to its present and future employees; and

E. Provide such other and further relief as the Court deems just and proper.

Respectfully submitted,
PLAINTIFFS
By their attorneys,

Ara J. Balikian (BBO#630576)
Kristen M. Hurley (BBO#658237)
Gordon and Balikian, LLP
535 Boylston Street, 6th Floor
Boston, MA 02116
Tel. 617-536-1801
Fax. 617-536-1802

# EXHIBIT "A"



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108-1598

THOMAS F. REILLY
ATTORNEY GENERAL

March 16, 2005

(617) 727-2200
www.ago.state.ma.us

Renato Souto
c/o Kristen M. Hurley
Gordon & Balikian, LLP
535 Boylston Street, 6th Floor
Boston, MA  02116

Re: **Authorization for Immediate Private Suit - Sovereign Realty Associates, Ltd.**

Dear Mr. Souto:

Thank you for contacting the Office of the Attorney General's Fair Labor and Business Practices Division.

This letter is to inform you that we have carefully reviewed your complaint and have determined that the proper resolution of this matter may be through a private suit in civil court. Accordingly, we are authorizing you to pursue this matter through a civil lawsuit immediately.

Massachusetts General Laws chapter 149, § 150, and chapter 151, §§ 1B and 20 establish a private right of action for employees who believe they are victims of certain violations of the state wage laws. If you elect to sue in civil court, you may bring an action on your own behalf and others similarly situated, and you may obtain injunctive relief, treble damages for any loss of wages and other benefits, as well as the costs of litigation and reasonable attorneys' fees.

Without making a judgment on the merits of your complaint, this correspondence represents this office's written assent to sue and grants you the authority to pursue this matter against your employers immediately, as permitted by Massachusetts General Laws chapters 149 and 151. This office will not take further enforcement action at this time.

Thank you for your attention to this matter.

Sincerely,

Bruce Trager
Assistant Attorney General
Fair Labor and Business Practices Division
(617) 727-2200, extension 2336

BT/pk

NewPRA.frm (11/22/02)

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 05-1281

MIDDLESEX, ss
[seal]

Renato Souto and Others Similarly Situated, Plaintiff(s)

v.

Sovereign Realty Associates, Ltd., Defendant(s)
and Stuart Roffman, as President of the General Partner of Sovereign Realty Associates, Ltd. and Individually

## SUMMONS

To the above-named Defendant: Stuart Roffman

You are hereby summoned and required to serve upon Ara J. Balikian, Esq. plaintiff's attorney, whose address is Gordon and Balikian, LLP, 535 Boylston St., 4th Fl., Boston, MA 02116, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 40 Thorndike Street, Cambridge, MA 02141 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, ~~Suzanne V. DelVecchio~~ **Barbara J. Rouse**, Esquire, at ....................

the .................... day of ....................

...................., in the year of our Lord ....................

A TRUE COPY ATTEST:
DEPUTY SHERIFF
DATE 4/4/05

Edward J. Sullivan, Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Renato Souto and Others Similarly Situated | Sovereign Realty Associates, Ltd. and Stuart Roffman as President of Sovereign Realty Associates, Ltd. and Indiv... |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>Ara J. Balikian<br>Gorden and Balikian, LLP   (617) 536-1801<br>535 Boylston St, 6th Fl<br>Boston, MA 02116<br>Board of Bar Overseers number: 630576 | ATTORNEY (if known) |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 | Non-Payment of Wages | (F) | ( ) Yes  (X) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses .......................................... $.........
  2. Total Doctor expenses ........................................... $.........
  3. Total chiropractic expenses ..................................... $.........
  4. Total physical therapy expenses ................................. $.........
  5. Total other expenses (describe) ................................. $.........
  Subtotal $.........
B. Documented lost wages and compensation to date ..................... $.........
C. Documented property damages to date ................................ $.........
D. Reasonably anticipated future medical and hospital expenses ........ $.........
E. Reasonably anticipated lost wages .................................. $.........
F. Other documented items of damages (describe)
  $.........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

  $.........
  TOTAL $.........

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
The defendants have failed to pay the plaintiffs wages which are due and owing.

At Least
TOTAL $ 54,669.40

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 4-7-05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

05-10864 JLT

%JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Renato Souto

(b) County of Residence of First Listed Plaintiff **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Gordon and Balikian LLP, 535 Boylston Street, 6th Floor, Boston, MA 02116   617-536-1801

## DEFENDANTS
Sovereign Realty Associates Ltd. and Stuart Roffman, as President of the General Partner of Sovereign Realty Associates, Ltd., Sovereign Realty Associates G.P. Inc., and individually

County of Residence of First Listed Defendant **Middlesex**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)  Franklin H. Levy and Bronwyn L. Roberts, Duane Morris LLP, Boston, MA 02210   617-289-9200

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)
- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)  (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  |  | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN   (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. Sec. 201 et. seq.

Brief description of cause:  Alleged failure to pay wages.

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $86,669.40
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____    DOCKET NUMBER _____

DATE  7/28/05
SIGNATURE OF ATTORNEY OF RECORD  [signature]

**FOR OFFICE USE ONLY**
RECEIPT # ____    AMOUNT ____    APPLYING IFP ____    JUDGE ____    MAG. JUDGE ____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

APPENDIX C  LOCAL COVER SHEET

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) **Renato Souto v. Sovereign Realty Associates Ltd., et al.**

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    _X_  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
                740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

    ___  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                380, 385, 450, 891.

    ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                690, 810, 861-865, 870, 871, 875, 900.

    ___  V.    150, 152, 153.

            **05-10864 JLT**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

_____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

                                                     YES ☐      NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

                                                     YES ☐      NO ☒

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                                     YES ☐      NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

                                                     YES ☐      NO ☒

7. DO **ALL** OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

                                                     YES ☒      NO ☐

    A.  IF YES, IN WHICH DIVISION DO **ALL** OF THE NON-GOVERNMENTAL PARTIES RESIDE?

        EASTERN DIVISION  ☒     CENTRAL DIVISION  ☐     WESTERN DIVISION  ☐

    B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

        EASTERN DIVISION  ☐     CENTRAL DIVISION  ☐     WESTERN DIVISION  ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   **Franklin H. Levy and Bronwyn L. Roberts**
ADDRESS   **Duane Morris LLP, 470 Atlantic Avenue, Boston, MA 02210**
TELEPHONE NO.   **617-289-9200**

(AppendixC.wpd - 11/27/00)