**MICV2005-01281**

**RENATO SOUTO**

**v.**

**SOVEREIGN REALTY ASSOCIATES, ET AL**

**\*\*\*\*REMOVED TO US DISTRICT COURT\*\*\*\***

## Commonwealth of Massachusetts
## SUPERIOR COURT DEPARTMENT
## THE TRIAL COURT
## CAMBRIDGE

MICV2005-01281

I, Mary E. Rosa, Deputy Assistant Clerk of the Superior Court, within and for said County of Middlesex, do certify that the annexed papers are true copies made by photographic process of pleadings entered in the Superior Court on the 13th of April, in the year of our Lord, Two Thousand Five



In testimony whereof, I hereunto set my hand and affix the seal of said Superior Court, at Cambridge, in said County, this 2nd of May, in the year of our Lord, Two Thousand Five

_____
Deputy Assistant Clerk

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
CIVIL ACTION NO. 2005-1281

RENATO SOUTO and OTHERS                )
SIMILARLY SITUATED,                     )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )
                                        )
SOVEREIGN REALTY ASSOCIATES             )
LTD. and STUART ROFFMAN, as             )
President, of the General Partner of    )
Sovereign Realty Associates, Ltd.,      )
Sovereign Realty Associates G.P., Inc., )
and Individually,                       )
                                        )
                                        )
        Defendants.                     )
_____)

## NOTICE OF FILING OF NOTICE OF REMOVAL

### TO THE SUPERIOR COURT OF THE COMMONWEALTH OF MASSACHUSETTS, MIDDLESEX COUNTY, THE CLERK OF COURT, AND ALL PARTIES IN THE ABOVE-CAPTIONED ACTION:

**PLEASE TAKE NOTICE** that on April 28, 2005, Defendants, Sovereign Realty

Associates Ltd. and Stuart Roffman, as President, of the General Partner of Sovereign Realty

Associates, Ltd., Sovereign Realty Associates G.P., Inc., and Individually ("Defendants"), by

and through their attorneys, Duane Morris LLP, filed a Notice of Removal of the

above-captioned civil action, including all claims and causes of action therein, to the United

States District Court for the District of Massachusetts. A true and correct copy of the Notice of

Removal is attached hereto as Exhibit 1 and incorporated herein by reference.

APR 2 9 2005

BOS\129569.1

Thus, the above-captioned civil action, including all claims and causes of action therein, is removed from the Superior Court for the Commonwealth of Massachusetts, Middlesex County (the "State Court") to the United States District Court for the District of Massachusetts, in accordance with 28 U.S.C. § 1446, and the parties shall proceed no further in the State Court unless and until the above-captioned action or any portion thereof is remanded.

Respectfully Submitted,

SOVEREIGN REALTY ASSOCIATES
LTD. and STUART ROFFMAN, as
President, of the General Partner of
Sovereign Realty Associates, Ltd.,
Sovereign Realty Associates G.P., Inc.,
and Individually,

By their Attorneys,

Franklin H. Levy, BBO# 297720
Bronwyn L. Roberts, BBO# 638079
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, Massachusetts 02210
(617) 289-9200

Dated: April 28, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2005, a true copy of the above document was served by first class mail upon the following attorney of record:

Ara J. Balikian
Gordon and Balikian LLP
535 Boylston Street, 6th Floor
Boston, MA 02116

Bronwyn L. Roberts

2



ereby certify on
agoing document is true and correct copy of the
electronic docket in the captioned case
electronic of the original filed on
original filed in my office on
Sarah A. Thornton
Clerk U.S. District Court
District of Massachusetts
puty Clerk

FILED

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

RENATO SOUTO and OTHERS )
SIMILARLY SITUATED, )
 )
 Plaintiff, )
 )
 )
v. )
 )
SOVEREIGN REALTY ASSOCIATES )
LTD. and STUART ROFFMAN, as )
President, of the General Partner of )
Sovereign Realty Associates, Ltd., )
Sovereign Realty Associates G.P., Inc., )
and Individually, )
 )
 )
 Defendants. )

**05 - 1086 JLT**

## NOTICE OF REMOVAL

Defendants, Sovereign Realty Associates Ltd. and Stuart Roffman, as President, of the

General Partner of Sovereign Realty Associates, Ltd., Sovereign Realty Associates G.P., Inc.,

and Individually ("Defendants"), by and through their attorneys, Duane Morris LLP, hereby files

this Notice of Removal of the above-captioned action from the Superior Court of the

Commonwealth of Massachusetts, Middlesex County, in which it is now pending, to the United

States District Court for the District of Massachusetts.

In support hereof, Defendant respectfully represents as follows:

1.     On or about April 7, 2005, plaintiff Renato Souto ("Plaintiff"), filed a complaint

(the "State Court Action") against Defendants in the Superior Court of the Commonwealth of

Massachusetts, Middlesex County (the "State Court"). The complaint filed by Plaintiff alleged,

*inter alia*, failure to pay wages in violation of the Fair Labor Standards Act and the
Massachusetts Wage Act, breach of contract, fraud, intentional infliction of emotional distress,
negligent infliction of emotional distress and estoppel. The State Court Action was assigned
Civil Action No. 2005-1281.

    2.      Pursuant to 28 U.S.C. § 1441(b), Defendants wish to remove the State Court
Action from the Superior Court of the Commonwealth of Massachusetts to the United States
District Court for the District of Massachusetts.

    3.      Removal of the cause of action arising in the State Court Action to this Court is
authorized and proper pursuant to 28 U.S.C. §1441(b), because this Court has original
jurisdiction of such claims and causes of action because the action is founded on a claim or right
arising under the laws of the United States, specifically 29 U.S.C. § 201 et seq., the Fair Labor
Standards Act. See Exhibit A, Complaint, ¶¶ 19, 23.

    4.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it has
been filed within thirty (30) days after the complaint in the State Court Action was served on
Defendants. See Exhibit B, Summons.

    5.      In accordance with 28 U.S.C. § 1446(a), attached hereto as Exhibits A through C
are true and correct copies of all process and pleadings filed in the State Court Action, including
the original Compliant filed in the State Court Action.

    6.      Pursuant to 28 U.S.C. § 1446(d), promptly after filing the Notice of Removal,
Defendants shall cause a copy of the Notice of Removal with attachments to be served upon the
Plaintiff to the State Court Action, and upon the Clerk of the Superior Court of the
Commonwealth of Massachusetts, Middlesex County.

WHEREFORE, Defendants respectfully request that this Court enter an Order

removing the State Court Action from the Superior Court of the Commonwealth of

Massachusetts, Middlesex County to the United States District Court for the District of

Massachusetts, and granting Defendants such other and further relief as this Court deems just

and proper.

Respectfully Submitted,

SOVEREIGN REALTY ASSOCIATES
LTD. and STUART ROFFMAN, as
President, of the General Partner of
Sovereign Realty Associates, Ltd.,
Sovereign Realty Associates G.P., Inc.,
and Individually,

By their Attorneys,

Franklin H. Levy, BBO# 297720
Bronwyn L. Roberts, BBO# 638079
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, Massachusetts 02210
(617) 289-9200

Dated: April 28, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2005, a true copy of the above document was served by
first class mail upon the following attorney of record:

Ara J. Balikian
Gordon and Balikian LLP
535 Boylston Street, 6th Floor
Boston, MA 02116

Bronwyn L. Roberts

APR 2 9 2005

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss
SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.:

```
*******************************************
```

RENATO SOUTO and OTHERS SIMILARLY )
SITUATED, )
                         Plaintiffs, )
                                 )
                                 )    **COMPLAINT**

v. )
                                 )

SOVEREIGN REALTY ASSOCIATES, LTD. )
and STUART ROFFMAN, As President of the )
General Partner of Sovereign Realty Associates, )
Ltd., Sovereign Realty Associates G.P., Inc., and )
Individually, )
                    Defendants. )

```
*******************************************
```

## Nature of the Case

1.  This is a cause of action pursuant to MGL c. 149 and 150 seeking damages and
    injunctive relief for non-payment of wages in the form of regular pay, overtime
    and holiday wages. Plaintiff, Renato Souto, is a former employee of Defendant,
    Sovereign Realty Associates, Ltd.

## The Parties

2.  The Plaintiff, Renato Souto, is an individual residing at 29 Park Street,
    Somerville, Middlesex County, Massachusetts.

3.  Defendant, Sovereign Realty Associates, Ltd., is a Massachusetts limited
    partnership with a principal place of business located at 822 Boylston Street,
    Chestnut Hill, Middlesex County, Massachusetts.

4.  Defendant, Stuart Roffman, is an individual residing at 124 Farm Street, Dover,
    Norfolk County, Massachusetts. At all relevant times Stuart Roffman was either
    the general partner of Sovereign Realty Associates, Ltd. or the president of
    Sovereign Realty Associates G.P., Inc., a Massachusetts corporation organized in
    2003 for the purposes of replacing Stuart Roffman as the general partner of
    Sovereign Realty Associates, Ltd.

## Facts

5.      From on or about 1994 until July 3, 2002, Renato Souto was employed as a
maintenance repairer for Sovereign Realty Associates, Ltd.

6.      During the course of his employment, Renato Souto worked continuously,
diligently and effectively on behalf of Sovereign Realty Associates, Ltd.

7.      In 1998, Sovereign Realty Associates, Ltd., through Stuart Roffman its president
agreed to sponsor Renato Souto's Application for Labor Certification.

8.      Thereafter, Stuart Roffman used his position to force Renato Souto to perform a
number of tasks that were well beyond Mr. Souto's job duties.

9.      · Renato Souto was required to wear a pager 24 hours a day, 7 days a week, during
his employment with Sovereign Realty Associates, Ltd. Mr. Roffman would page
Mr. Souto at all hours of the day and night and insist that Mr. Souto perform
his personal chores, such as picking him up at the airport, picking up soda and
delivering it to his house, and pushing his girlfriend's car out of the snow.

10.     On a daily basis during his employment, Sovereign Realty Associates, Ltd. and
Stuart Roffman humiliated Renato Souto. Stuart Roffman and Lee Torrey, Mr.
Souto's manager at Sovereign Realty Associates, Ltd., would refer to Mr. Souto
as a moron in front of other employees. In addition, Mr. Torrey once published a
list of employee bonuses which stated that Mr. Souto would receive nothing, not
even a lump of coal, even though other employee got bonuses and were treated
with respect.

11.     On or about July 3, 2002, Sovereign Realty Associates, Ltd. terminated Renato
Souto's employment upon learning that Mr. Souto had contacted the
Massachusetts Division of Employment and Training to learn his rights as an
employee.

12.     Despite demands from Renato Souto for payment, Sovereign Realty Associates,
Ltd. failed, refused, and/or neglected to pay Renato Souto wages, which are due
and payable.

13.     Others similarly situated have also worked for Sovereign Realty Associates, Ltd.
and have not received the proper compensation as required by law.

14.     Renato Souto has satisfied all prerequisites and conditions precedent necessary to
entitle him to seek remedy against Sovereign Realty Associates, Ltd. by this
action.

15.     Attached hereto as Exhibit "A" is a letter from the Office of the Attorney General
authorizing Mr. Souto to pursue his claim for unpaid wages through a civil
complaint lawsuit.

2

## COUNT I

(Souto v. Sovereign Realty Associates, Ltd.)
M.G.L. c. 149, 151 and FLSA

16.    Renato Souto repeats and re-alleges the allegations set forth in Paragraphs 1 to 15
above and incorporates them by reference herein.

17.    Sovereign Realty Associates, Ltd. is statutorily obligated to pay overtime wages
to Renato Souto at the required overtime premium rate of one and a half times his
regular rate of compensation for all hours worked in excess of 40 hours a week
and holiday wages at the holiday premium rate of one and a half times his regular
rate for all hours worked on a legal holiday.

18.    Sovereign Realty Associates, Ltd. has failed, refused and/or neglected to pay the
regular, overtime and holiday wages due and owing Renato Souto in violation of
Massachusetts General Laws Chapter 149, 151 and the Federal Labor Standards
Act.

19.    As a result of Sovereign Realty Associates, Ltd.'s violation of M.G.L. c. 149,
151 and FLSA, Renato Souto has incurred harm and loss in the sum of at least
$86,669.40.

## COUNT II

(Others Similarly Situated v. Sovereign Realty Associates, Ltd.)
M.G.L. c. 149, 151 and FLSA

20.    Renato Souto repeats and re-alleges the allegations set forth in Paragraphs 1 to
19 above and incorporates them by reference herein.

21.    Sovereign Realty Associates, Ltd. is statutorily obligated to pay overtime wages
to others similarly situated to Renato Souto at the required overtime premium rate
of one and a half times their regular rate of compensation for all hours worked in
excess of 40 hours a week and holiday wages at the holiday premium rate of one
and a half times their regular rate for all hours worked on a legal holiday.

22.    Sovereign Realty Associates, Ltd. has failed, refused and/or neglected to pay
others similarly situated to Renato Souto the wages due and owing them in
violation of Massachusetts General Laws Chapter 149, 151 and the Federal
Labor Standards Act.

23.    As a result of Sovereign Realty Associates, Ltd.'s violation of M.G.L. c.149, 151
and FLSA, others similarly situated to Renato Souto have incurred harm and loss
in an amount to be determined.

3

## COUNT III
(Souto v. Sovereign Realty Associates, Ltd.)
Breach of Contract

24.    Renato Souto repeats and re-alleges the allegations set forth in Paragraphs 1 to 23
       above and incorporates them by reference herein.

25.    Sovereign Realty Associates, Ltd. entered into an unambiguous and enforceable
       contract that requires Sovereign Realty Associates, Ltd. to pay Renato Souto in
       the form of regular pay, overtime and holiday wages.

26.    In breach of its contract with Renato Souto, Sovereign Realty Associates, Ltd.,
       has failed to pay Renato Souto the wages promised.

27.    As a result of Sovereign Realty Associates, Ltd.'s breach of its contract, Renato
       Souto has incurred harm and loss in the sum of at least $86,669.40.

## COUNT IV
(Souto v. Sovereign Realty Associates, Ltd.)
Fraud/Misrepresentation/Deceit

28.    Renato Souto repeats and re-alleges the allegations set forth in Paragraphs 1 to
       27 above and incorporates them by reference herein.

29.    Sovereign Realty Associates, Ltd. represented to Renato Souto that he would be
       paid wages in the form of regular pay, overtime and holiday wages.

30.    Renato Souto relied upon the representations made by Sovereign Realty
       Associates, Ltd.

31.    Sovereign Realty Associates, Ltd.'s representations were false, and made with the
       intention to deceive Renato Souto and induce him to work for Sovereign Realty
       Associates, Ltd.

32.    As a result of Sovereign Realty Associates, Ltd.'s fraud, misrepresentation and
       deceit, Renato Souto has incurred harm and loss in the sum of at least $86,669.40.

## COUNT V
(Souto v. Sovereign Realty Associates, Ltd. and Stuart Roffman)
Intentional Infliction of Emotional Distress

33.    Renato Souto repeats and re-alleges the allegations set forth in Paragraphs 1 to
       32 above and incorporates them by reference herein.

4

34.    By their actions the Sovereign Realty Associates, Ltd. and Stuart Roffman intentionally inflicted emotional distress on Renato Souto.

35.    Sovereign Realty Associates, Ltd. and Stuart Roffman's actions were extreme, outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community.

36.    Sovereign Realty Associates, Ltd. and Stuart Roffman's actions caused Renato Souto to suffer severe emotional distress, loss of dignity, anxiety, humiliation and mental anguish.

37.    No reasonable person could be expected to endure the severe emotional distress suffered by Renato Souto

38.    As a result of Sovereign Realty Associates, Ltd. and Stuart Roffman's actions Renato Souto has incurred harm and loss in an amount to be determined.

## COUNT VI

(Souto v. Sovereign Realty Associates, Ltd. and Stuart Roffman)
Negligent Infliction of Emotional Distress

39.    Renato Souto repeats and re-alleges the allegations set forth in Paragraphs 1 to 38 above and incorporates them by reference herein.

40.    By its actions the Sovereign Realty Associates, Ltd. and Stuart Roffman negligently inflicted emotional distress on Renato Souto.

41.    Sovereign Realty Associates, Ltd. and Stuart Roffman's actions caused Renato Souto to suffer severe emotional distress, loss of dignity, anxiety, humiliation and mental anguish.

42.    A reasonable person would have suffered emotional distress under the circumstances.

43.    As a result of Sovereign Realty Associates, Ltd. and Stuart Roffman 's actions Renato Souto has incurred harm and loss in an amount to be determined.

## COUNT VII

(Souto v. Sovereign Realty Associates, Ltd. and Stuart Roffman)
Estoppel

44.    Renato Souto repeats and re-alleges the allegations set forth in Paragraphs 1 to 43 above and incorporates them by reference herein.

5

45.     Sovereign Realty Associates, Ltd. and Stuart Roffman promised to pay Renato
        Souto wages in the form of regular pay, overtime and holiday wages.

46.     In reliance on Sovereign Realty Associates, Ltd. and Stuart Roffman's promises,
        Renato Souto joined Sovereign Realty Associates, Ltd. and worked continuously,
        diligently and effectively on behalf of Sovereign Realty Associates, Ltd.

47.     Despite Renato Souto's commitment and sacrifices Sovereign Realty Associates,
        Ltd. and Stuart Roffman intentionally failed and refused in bad faith to pay
        Renato Souto's wages.

48.     Accordingly, Sovereign Realty Associates, Ltd. and Stuart Roffman are estopped
        from denying that it promised to pay Renato Souto wages.

### DEMAND FOR JUDGMENT

WHEREFORE, Plaintiffs pray that this Court enter judgment as follows:

A.      Against Sovereign Realty Associates, Ltd. and Stuart Roffman for the
        damage owed to the Plaintiffs, plus interest, costs and reasonable attorney
        fees provided by Massachusetts General Law Chapter 149;

B.      Against Sovereign Realty Associates, Ltd. and Stuart Roffman for treble
        damages pursuant to Massachusetts Chapter 149;

C.      Issue a preliminary injunction enjoining Sovereign Realty Associates, Ltd.
        from failing to pay wages to its present employees;

D.      Issue a permanent injunction enjoining Sovereign Realty Associates, Ltd.
        from failing to pay wages to its present and future employees; and

E.      Provide such other and further relief as the Court deems just and proper.


                                    Respectfully submitted,
                                    PLAINTIFFS
                                    By their attorneys,

                                    Ara J. Balikian (BBO#630576)
                                    Kristen M. Hurley (BBO#658237)
                                    Gordon and Balikian, LLP
                                    535 Boylston Street, 6th Floor
                                    Boston, MA 02116
                                    Tel. 617-536-1801
                                    Fax. 617-536-1802

# EXHIBIT "A"



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL

ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108-1598

THOMAS F. REILLY
ATTORNEY GENERAL

March 16, 2005

(617) 727-2200
www.ago.state.ma.us

Renato Souto
c/o Kristen M. Hurley
Gordon & Balikian, LLP
535 Boylston Street, 6th Floor
Boston, MA  02116

### Re:  Authorization for Immediate Private Suit - Sovereign Realty Associates, Ltd.

Dear Mr. Souto:

Thank you for contacting the Office of the Attorney General's Fair Labor and Business Practices Division.

This letter is to inform you that we have carefully reviewed your complaint and have determined that the proper resolution of this matter may be through a private suit in civil court. Accordingly, we are authorizing you to pursue this matter through a civil lawsuit immediately.

Massachusetts General Laws chapter 149, § 150, and chapter 151, §§ 1B and 20 establish a private right of action for employees who believe they are victims of certain violations of the state wage laws. If you elect to sue in civil court, you may bring an action on your own behalf and others similarly situated, and you may obtain injunctive relief, treble damages for any loss of wages and other benefits, as well as the costs of litigation and reasonable attorneys' fees.

Without making a judgment on the merits of your complaint, this correspondence represents this office's written assent to sue and grants you the authority to pursue this matter against your employers immediately, as permitted by Massachusetts General Laws chapters 149 and 151. This office will not take further enforcement action at this time.

Thank you for your attention to this matter.

Sincerely,

Bruce Trager
Assistant Attorney General
Fair Labor and Business Practices Division
(617) 727-2200, extension 2336

BT/pk

NewPRA.frm (11/22/02)

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 05 - 1281

MIDDLESEX ............ , ss
[seal]

Renato Souto and Others ..... Plaintiff(s)
Similarly Situated

v.

Sovereign Realty Associates, Ltd. , Defendant(s)
and Stuart Roffman, as President
of the General Partner of Sovereign Realty
Associates, Ltd. and Individually

## SUMMONS

To the above-named Defendant: Stuart Roffman

You are hereby summoned and required to serve upon ..Ara..J. Balikian, Esq.:..........................

...................................................... plaintiff's attorney, whose address is Gordon and Balikian, LLP..

535 Boylston St., 4th Fl., Boston, MA 02116.................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at .40. Thorndike.........

Street, Cambridge, MA 02141................. either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

**Barbara J. Rouse**

Witness, ~~Suzanne V. DelVecchio~~, Esquire, at ...........................................................................

the ....................................................... day of .........................................................

....................., in the year of our Lord ...................................... .

A TRUE COPY ATTEST:

DEPUTY SHERIFF

DATE 4/4/05

Edward J. Sullivan

Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
for each defendant, each should be addressed to the particular defendant.

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts Superior Court Department County: |
|---|---|

**PLAINTIFF(S)**

Runato Souto and Others Similarly Situated

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE
Araz Balikian
Borden and Balikian, LLP   (617) 556-1901
525 Boylston St, 6th FL
Boston, MA 02110
Board of Bar Overseers number: 6 30576

**DEFENDANT(S)**

Sovereign Realty Associates, Ltd. and Stuart Roffman As President of Sovereign Realty Associates, Ltd and Indiv.

ATTORNEY (if known)

## Origin code and track designation

Place an x in one box only:
- ☒ 1. F01 Original Complaint
- ☐ 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- ☐ 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- ☐ 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- ☐ 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- ☐ 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A 99 | Non-Payment of Wages | ( F ) | ( ) Yes   ( X ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .

Subtotal $. . . . . . . . . . .

B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
F. Other documented items of damages (describe)

$. . . . . . . . . . .

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$. . . . . . . . . . .
TOTAL $. . . . . . . . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

The defendants have failed to pay the plaintiffs wages which are due and owing.

At Least
TOTAL $. 84,669.40

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules of Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record

DATE: 4-7-05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.:

05-1281

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

RENATO SOUTO and OTHERS SIMILARLY
SITUATED,

Plaintiffs,

v.

**COMPLAINT**

SOVEREIGN REALTY ASSOCIATES, LTD.
and STUART ROFFMAN, As President of the
General Partner of Sovereign Realty Associates,
Ltd., Sovereign Realty Associates G.P., Inc., and
Individually,

Defendants.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE

APR 13

CLERK

6232E000004/13/05CIVIL      240.00
6232E000004/13/05SUR CHARGE  15.00
6232E000004/13/05SUMMONS      10.00
6232E000004/13/05SECC         20.00

## Nature of the Case

1.    This is a cause of action pursuant to MGL c. 149 and 150 seeking damages and
      injunctive relief for non-payment of wages in the form of regular pay, overtime
      and holiday wages. Plaintiff, Renato Souto, is a former employee of Defendant,
      Sovereign Realty Associates, Ltd.

## The Parties

2.    The Plaintiff, Renato Souto, is an individual residing at 29 Park Street,
      Somerville, Middlesex County, Massachusetts.

3.    Defendant, Sovereign Realty Associates, Ltd., is a Massachusetts limited
      partnership with a principal place of business located at 822 Boylston Street,
      Chestnut Hill, Middlesex County, Massachusetts.

4.    Defendant, Stuart Roffman, is an individual residing at 124 Farm Street, Dover,
      Norfolk County, Massachusetts. At all relevant times Stuart Roffman was either
      the general partner of Sovereign Realty Associates, Ltd. or the president of
      Sovereign Realty Associates G.P., Inc., a Massachusetts corporation organized in
      2003 for the purposes of replacing Stuart Roffman as the general partner of
      Sovereign Realty Associates, Ltd.

## **Facts**

5.    From on or about 1994 until July 3, 2002, Renato Souto was employed as a maintenance repairer for Sovereign Realty Associates, Ltd.

6.    During the course of his employment, Renato Souto worked continuously, diligently and effectively on behalf of Sovereign Realty Associates, Ltd.

7.    In 1998, Sovereign Realty Associates, Ltd., through Stuart Roffman its president agreed to sponsor Renato Souto's Application for Labor Certification.

8.    Thereafter, Stuart Roffman used his position to force Renato Souto to perform a number of tasks that were well beyond Mr. Souto's job duties.

9.    Renato Souto was required to wear a pager 24 hours a day, 7 days a week, during his employment with Sovereign Realty Associates, Ltd. Mr. Roffman would page Mr. Souto at all hours of the day and night and insist that Mr. Souto perform his personal chores, such as picking him up at the airport, picking up soda and delivering it to his house, and pushing his girlfriend's car out of the snow.

10.    On a daily basis during his employment, Sovereign Realty Associates, Ltd. and Stuart Roffman humiliated Renato Souto. Stuart Roffman and Lee Torrey, Mr. Souto's manager at Sovereign Realty Associates, Ltd., would refer to Mr. Souto as a moron in front of other employees. In addition, Mr. Torrey once published a list of employee bonuses which stated that Mr. Souto would receive nothing, not even a lump of coal, even though other employee got bonuses and were treated with respect.

11.    On or about July 3, 2002, Sovereign Realty Associates, Ltd. terminated Renato Souto's employment upon learning that Mr. Souto had contacted the Massachusetts Division of Employment and Training to learn his rights as an employee.

12.    Despite demands from Renato Souto for payment, Sovereign Realty Associates, Ltd. failed, refused, and/or neglected to pay Renato Souto wages, which are due and payable.

13.    Others similarly situated have also worked for Sovereign Realty Associates, Ltd. and have not received the proper compensation as required by law.

14.    Renato Souto has satisfied all prerequisites and conditions precedent necessary to entitle him to seek remedy against Sovereign Realty Associates, Ltd. by this action.

15.    Attached hereto as Exhibit "A" is a letter from the Office of the Attorney General authorizing Mr. Souto to pursue his claim for unpaid wages through a civil complaint lawsuit.

## COUNT I
(Souto v. Sovereign Realty Associates, Ltd.)
M.G.L. c. 149, 151 and FLSA

16.    Renato Souto repeats and re-alleges the allegations set forth in Paragraphs 1 to 15 above and incorporates them by reference herein.

17.    Sovereign Realty Associates, Ltd. is statutorily obligated to pay overtime wages to Renato Souto at the required overtime premium rate of one and a half times his regular rate of compensation for all hours worked in excess of 40 hours a week and holiday wages at the holiday premium rate of one and a half times his regular rate for all hours worked on a legal holiday.

18.    Sovereign Realty Associates, Ltd. has failed, refused and/or neglected to pay the regular, overtime and holiday wages due and owing Renato Souto in violation of Massachusetts General Laws Chapter 149, 151 and the Federal Labor Standards Act.

19.    As a result of Sovereign Realty Associates, Ltd.'s violation of M.G.L. c. 149, 151 and FLSA, Renato Souto has incurred harm and loss in the sum of at least $86,669.40.

## COUNT II
(Others Similarly Situated v. Sovereign Realty Associates, Ltd.)
M.G.L. c. 149, 151 and FLSA

20.    Renato Souto repeats and re-alleges the allegations set forth in Paragraphs 1 to 19 above and incorporates them by reference herein.

21.    Sovereign Realty Associates, Ltd. is statutorily obligated to pay overtime wages to others similarly situated to Renato Souto at the required overtime premium rate of one and a half times their regular rate of compensation for all hours worked in excess of 40 hours a week and holiday wages at the holiday premium rate of one and a half times their regular rate for all hours worked on a legal holiday.

22.    Sovereign Realty Associates, Ltd. has failed, refused and/or neglected to pay others similarly situated to Renato Souto the wages due and owing them in violation of Massachusetts General Laws Chapter 149, 151 and the Federal Labor Standards Act.

23.    As a result of Sovereign Realty Associates, Ltd.'s violation of M.G.L. c.149, 151 and FLSA, others similarly situated to Renato Souto have incurred harm and loss in an amount to be determined.

3

## COUNT III
(Souto v. Sovereign Realty Associates, Ltd.)
Breach of Contract

24.  Renato Souto repeats and re-alleges the allegations set forth in Paragraphs 1 to 23 above and incorporates them by reference herein.

25.  Sovereign Realty Associates, Ltd. entered into an unambiguous and enforceable contract that requires Sovereign Realty Associates, Ltd. to pay Renato Souto in the form of regular pay, overtime and holiday wages.

26.  In breach of its contract with Renato Souto, Sovereign Realty Associates, Ltd., has failed to pay Renato Souto the wages promised.

27.  As a result of Sovereign Realty Associates, Ltd.'s breach of its contract, Renato Souto has incurred harm and loss in the sum of at least $86,669.40.

## COUNT IV
(Souto v. Sovereign Realty Associates, Ltd.)
Fraud/Misrepresentation/Deceit

28.  Renato Souto repeats and re-alleges the allegations set forth in Paragraphs 1 to 27 above and incorporates them by reference herein.

29.  Sovereign Realty Associates, Ltd. represented to Renato Souto that he would be paid wages in the form of regular pay, overtime and holiday wages.

30.  Renato Souto relied upon the representations made by Sovereign Realty Associates, Ltd.

31.  Sovereign Realty Associates, Ltd.'s representations were false, and made with the intention to deceive Renato Souto and induce him to work for Sovereign Realty Associates, Ltd.

32.  As a result of Sovereign Realty Associates, Ltd.'s fraud, misrepresentation and deceit, Renato Souto has incurred harm and loss in the sum of at least $86,669.40.

## COUNT V
(Souto v. Sovereign Realty Associates, Ltd. and Stuart Roffman)
Intentional Infliction of Emotional Distress

33.  Renato Souto repeats and re-alleges the allegations set forth in Paragraphs 1 to 32 above and incorporates them by reference herein.

4

34.   By their actions the Sovereign Realty Associates, Ltd. and Stuart Roffman
      intentionally inflicted emotional distress on Renato Souto.

35.   Sovereign Realty Associates, Ltd. and Stuart Roffman's actions were extreme,
      outrageous, beyond all possible bounds of decency, and utterly intolerable in a
      civilized community.

36.   Sovereign Realty Associates, Ltd. and Stuart Roffman's actions caused Renato
      Souto to suffer severe emotional distress, loss of dignity, anxiety, humiliation and
      mental anguish.

37.   No reasonable person could be expected to endure the severe emotional distress
      suffered by Renato Souto

38.   As a result of Sovereign Realty Associates, Ltd. and Stuart Roffman's actions
      Renato Souto has incurred harm and loss in an amount to be determined.

## COUNT VI

(Souto v. Sovereign Realty Associates, Ltd. and Stuart Roffman)
Negligent Infliction of Emotional Distress

39.   Renato Souto repeats and re-alleges the allegations set forth in Paragraphs 1 to 38
      above and incorporates them by reference herein.

40.   By its actions the Sovereign Realty Associates, Ltd. and Stuart Roffman
      negligently inflicted emotional distress on Renato Souto.

41.   Sovereign Realty Associates, Ltd. and Stuart Roffman's actions caused Renato
      Souto to suffer severe emotional distress, loss of dignity, anxiety, humiliation and
      mental anguish.

42.   A reasonable person would have suffered emotional distress under the
      circumstances.

43.   As a result of Sovereign Realty Associates, Ltd. and Stuart Roffman 's actions
      Renato Souto has incurred harm and loss in an amount to be determined.

## COUNT VII

(Souto v. Sovereign Realty Associates, Ltd. and Stuart Roffman)
Estoppel

44.   Renato Souto repeats and re-alleges the allegations set forth in Paragraphs 1 to 43
      above and incorporates them by reference herein.

5

45.    Sovereign Realty Associates, Ltd. and Stuart Roffman promised to pay Renato Souto wages in the form of regular pay, overtime and holiday wages.

46.    In reliance on Sovereign Realty Associates, Ltd. and Stuart Roffman's promises, Renato Souto joined Sovereign Realty Associates, Ltd. and worked continuously, diligently and effectively on behalf of Sovereign Realty Associates, Ltd.

47.    Despite Renato Souto's commitment and sacrifices Sovereign Realty Associates, Ltd. and Stuart Roffman intentionally failed and refused in bad faith to pay Renato Souto's wages.

48.    Accordingly, Sovereign Realty Associates, Ltd. and Stuart Roffman are estopped from denying that it promised to pay Renato Souto wages.

## DEMAND FOR JUDGMENT

WHEREFORE, Plaintiffs pray that this Court enter judgment as follows:

A.    Against Sovereign Realty Associates, Ltd. and Stuart Roffman for the damage owed to the Plaintiffs, plus interest, costs and reasonable attorney fees provided by Massachusetts General Law Chapter 149;

B.    Against Sovereign Realty Associates, Ltd. and Stuart Roffman for treble damages pursuant to Massachusetts Chapter 149;

C.    Issue a preliminary injunction enjoining Sovereign Realty Associates, Ltd. from failing to pay wages to its present employees;

D.    Issue a permanent injunction enjoining Sovereign Realty Associates, Ltd. from failing to pay wages to its present and future employees; and

E.    Provide such other and further relief as the Court deems just and proper.

Respectfully submitted,
PLAINTIFFS
By their attorneys,

Ara J. Balikian (BBO#630576)
Kristen M. Hurley (BBO#658237)
Gordon and Balikian, LLP
535 Boylston Street, 6th Floor
Boston, MA 02116
Tel. 617-536-1801
Fax. 617-536-1802

6

# EXHIBIT "A"



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
### ONE ASHBURTON PLACE
### BOSTON, MASSACHUSETTS 02108-1598

THOMAS F. REILLY
ATTORNEY GENERAL

March 16, 2005

(617) 727-2200
www.ago.state.ma.us

Renato Souto
c/o Kristen M. Hurley
Gordon & Balikian, LLP
535 Boylston Street, 6th Floor
Boston, MA   02116

### Re: Authorization for Immediate Private Suit - Sovereign Realty Associates, Ltd.

Dear Mr. Souto:

Thank you for contacting the Office of the Attorney General's Fair Labor and Business Practices Division.

This letter is to inform you that we have carefully reviewed your complaint and have determined that the proper resolution of this matter may be through a private suit in civil court. Accordingly, we are authorizing you to pursue this matter through a civil lawsuit immediately.

Massachusetts General Laws chapter 149, § 150, and chapter 151, §§ 1B and 20 establish a private right of action for employees who believe they are victims of certain violations of the state wage laws. If you elect to sue in civil court, you may bring an action on your own behalf and others similarly situated, and you may obtain injunctive relief, treble damages for any loss of wages and other benefits, as well as the costs of litigation and reasonable attorneys' fees.

Without making a judgment on the merits of your complaint, this correspondence represents this office's written assent to sue and grants you the authority to pursue this matter against your employers immediately, as permitted by Massachusetts General Laws chapters 149 and 151. This office will not take further enforcement action at this time.

Thank you for your attention to this matter.

Sincerely,

Bruce Trager
Assistant Attorney General
Fair Labor and Business Practices Division
(617) 727-2200, extension 2336

BT/pk

NewPRA.frm (11/22/02)

| CIVIL ACTION<br>COVER SHEET | 05-1281 | Trial Court of Massachusetts<br>Superior Court Department<br>County: |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Renato Souto and Others Similarly Situated | Sovereign Realty Associates, Ltd. and Stuart Roffman, As President of Sovereign Realty Associates, Ltd and Individual |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>Ara J. Balikian<br>Borden and Balikian, LLP  (617) 536-1801<br>535 Boylston St  6th FL.<br>Boston, MA 02116<br>Board of Bar Overseers number: 630576 | ATTORNEY (if known) |

## Origin code and track designation

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 | Non-Payment of Wages | (F) | ( ) Yes   (✓) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................... $ ..........
2. Total Doctor expenses ................................................ $ ..........
3. Total chiropractic expenses .......................................... $ ..........
4. Total physical therapy expenses ..................................... $ ..........
5. Total other expenses (describe) ..................................... $ ..........
                                                              Subtotal $ ..........
B. Documented lost wages and compensation to date ..................... $ ..........
C. Documented property damages to date ................................ $ ..........
D. Reasonably anticipated future medical and hospital expenses ......... $ ..........
E. Reasonably anticipated lost wages .................................. $ ..........
F. Other documented items of damages (describe)

$ ..........

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$ ..........
TOTAL $ ..........

*FILED IN THE OFFICE OF THE CLERK OF THE COURTS FOR THE COUNTY OF MIDDLESEX  APR 13 2005  CLERK*

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

The defendants have failed to pay the plaintiffs wages which are due and owing.

At Least
TOTAL $. 84,469.40

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____  DATE: 4-7-05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

MAS-20041213
gilmanr

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

05/02/2005
01:44 PM

## MICV2005-01281
## Souto And Others Similarly Situated v Sovereign Realty Associates, LTD et al

| **File Date** | 04/13/2005 | **Status** | Disposed: transfered to other court (dtrans) | | |
|---|---|---|---|---|---|
| **Status Date** | 04/29/2005 | **Session** | E - Cv E (7B Cambridge) | | |
| **Origin** | 1 | **Case Type** | A99 - Misc contract | | |
| **Lead Case** | | **Track** | F | | |

| **Service** | 07/12/2005 | **Answer** | 09/10/2005 | **Rule12/19/20** | 09/10/2005 |
|---|---|---|---|---|---|
| **Rule 15** | 09/10/2005 | **Discovery** | 02/07/2006 | **Rule 56** | 03/09/2006 |
| **Final PTC** | 04/08/2006 | **Disposition** | 06/07/2006 | **Jury Trial** | No |

### PARTIES

**Plaintiff**
Renato Souto And Others Similarly Situated
29 Park Street
Active 04/13/2005

**Private Counsel 630576**
Ara J Balikian
Gordon & Balikian, LLP
535 Boylston Street 6th Floor
Boston, MA 02116
Phone: 617-536-1801
Fax: 617-536-1802
Active 04/13/2005 Notify

**Defendant**
Sovereign Realty Associates, LTD
822 Boylston Street
Service pending 04/13/2005

**Private Counsel 297720**
Franklin H Levy
Duane Morris
470 Atlantic Avenue
Suite 500
Boston, MA 02210
Phone: 617-289-9200
Fax: 617-289-9201
Active 04/29/2005 Notify

**Private Counsel 638079**
Bronwyn L Roberts
Duane Morris
470 Atlantic Avenue
Suite 500
Boston, MA 02210
Phone: 617-289-9218
Fax: 617-289-9201
Active 04/29/2005 Notify

**Defendant**
Stuart Roffman, President Of General Partner Of
Sovereign Realty
124 Farm Street
Associates, LTD Sovereign Realty Assoicates G.P.,
Inc., & Indiv.
Service pending 04/13/2005

**Private Counsel 297720**
Franklin H Levy
Duane Morris
470 Atlantic Avenue
Suite 500
Boston, MA 02210
Phone: 617-289-9200
Fax: 617-289-9201
Active 04/29/2005 Notify

MAS-20041213

gilmanr

05/02/2005
01:44 PM

## MICV2005-01281
### Souto And Others Similarly Situated v Sovereign Realty Associates, LTD et al

|  | **Private Counsel 638079**<br>Bronwyn L Roberts<br>Duane Morris<br>470 Atlantic Avenue<br>Suite 500<br>Boston, MA 02210<br>Phone: 617-289-9218<br>Fax: 617-289-9201<br>Active 04/29/2005 Notify |
|---|---|

**ENTRIES**

| Date | Paper | Text |
|---|---|---|
| 04/13/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 04/13/2005 |  | Origin 1, Type A99, Track F. |
| 04/29/2005 | 2.0 | Case REMOVED this date to US District Court of Massachusetts  by |
|  |  | defts Sovereign Realty Associates, Ltd and Stuart Roffman |
| 04/29/2005 |  | ABOVE ACTION THIS DAY REMOVED TO US DISTRICT COURT |