UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10864JLT

| | |
|---|---|
| RENATO SOUTO and OTHERS SIMILARLY SITUATED, <br><br> Plaintiff, <br><br> v. <br><br> SOVEREIGN REALTY ASSOCIATES LTD. and STUART ROFFMAN, as President, of the General Partner of Sovereign Realty Associates, Ltd., Sovereign Realty Associates G.P., Inc., and Individually, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## ANSWER TO COMPLAINT

Defendants, Sovereign Realty Associates Ltd. and Stuart Roffman, as President, of the General Partner of Sovereign Realty Associates, Ltd., Sovereign Realty Associates G.P., Inc., and Individually ("Defendants"), by and through their attorneys, Duane Morris LLP, hereby respond to the numbered paragraphs of the Complaint of Renato Souto (hereinafter "Plaintiff") as follows.

### Nature of the Case

1. The allegations made in paragraph 1 of the Complaint constitute Plaintiff's characterization of this action, and, accordingly, require no response. To the extent a response is required to the allegations made, Defendants deny all allegations made therein.

## The Parties

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 2, and therefore deny same.

3. Admitted.

4. Admitted.

## Facts

5. Admitted.

6. Denied.

7. Admitted.

8. Denied.

9. Defendants admit that Plaintiff wore a pager from time to time. The remaining allegations in paragraph 9 are denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. The allegations in paragraph 14 of the Complaint contain legal conclusions that do not require a response. To the extent a response is required, the allegations contained in Paragraph 14 of the Complaint are denied.

15. The allegations in paragraph 15 of the Complaint purport to characterize the content and effect of a written document, and that document speaks for itself.

## Count I
### (Souto v. Sovereign Realty Associates, Ltd.)
### Alleged violation of M.G.L. c. 149, 151 and FLSA

16. Defendants repeat their answers to paragraphs 1-15.

17. The allegations in paragraph 17 of the Complaint contain legal conclusions that do not require a response. To the extent a response is required, Sovereign denies that it owes back wages to Plaintiff.

18. Denied.

19. Denied.

## Count II
### (Others Similarly Situated v. Sovereign Realty Associates, Ltd.)
### Alleged violation of M.G.L. c. 149, 151 and FLSA

20. Defendants repeat their answers to paragraphs 1-19.

21. The allegations in paragraph 21 of the Complaint contain legal conclusions that do not require a response. To the extent a response is required, Sovereign denies that it owes back wages to Plaintiff or others similarly situated.

22. Denied.

23. Denied.

## Count III
### (Souto v. Sovereign Realty Associates, Ltd.)
### Alleged Breach of Contract

24. Defendants repeat their answers to paragraphs 1-23.

25. The allegations in paragraph 25 of the Complaint contain legal conclusions that do not require a response. To the extent a response is required, the allegations contained in Paragraph 25 of the Complaint are denied.

26. Denied.

27. Denied.

**Count IV**
**(Souto v. Sovereign Realty Associates, Ltd.)**
**Alleged Fraud/Misrepresentation/Deceit**

28. Defendants repeat their answers to paragraphs 1-27.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

**Count V**
**(Souto v. Sovereign Realty Associates, Ltd. and Stuart Roffman)**
**Alleged Intentional Infliction of Emotional Distress**

33. Defendants repeat their answers to paragraphs 1-32.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

**Count VI**
**(Souto v. Sovereign Realty Associates, Ltd. and Stuart Roffman)**
**Alleged Negligent Infliction of Emotional Distress**

39. Defendants repeat their answers to paragraphs 1-38.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

### Count VII
### (Souto v. Sovereign Realty Associates, Ltd. and Stuart Roffman)
### Alleged Estoppel

44. Defendants repeat their answers to paragraphs 1-43.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

### AFFIRMATIVE DEFENSES

For their defenses, Defendants assert the following:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by the applicable statute(s) of limitations and/or other time limitations.

### THIRD DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver, estoppel and unclean hands.

### FOURTH DEFENSE

Plaintiff's claims for intentional and negligent infliction of emotional distress are barred by the exclusivity provisions of the Massachusetts Workers' Compensation Act.

### FIFTH DEFENSE

Plaintiff's claims are barred to the extent Plaintiff failed to mitigate his alleged damages.

### SIXTH DEFENSE

The claims of Plaintiff are barred for lack of consideration.

### SEVENTH DEFENSE

The claims of Plaintiff are barred by the Statute of Frauds.

### EIGHTH DEFENSE

All or part of the damages sought are not available to Plaintiff under applicable law.

### NINTH DEFENSE

Plaintiff has failed to plead fraud with particularity.

### TENTH DEFENSE

Plaintiff is not entitled to compensatory or punitive damages because he is unable to show the willful violation of any statutory or legal right.

### ELEVENTH DEFENSE

Plaintiff is not entitled to an award of attorneys' fees, costs or expenses.

### TWELFTH DEFENSE

No contract existed between Plaintiff and Defendants.

Defendants reserve the right to amend or assert additional affirmative defenses as facts are developed in the course of additional investigation and discovery.

WHEREFORE, Defendants request that this Court dismiss Plaintiff's Complaint with prejudice; enter judgment in favor of Defendants and against Plaintiff on all claims in Plaintiff's Complaint; deny all forms of relief requested in Plaintiff's Complaint; award Defendants all

costs, expenses and attorneys' fees to the extent available under law; and order such other relief as the Court may deem just and proper.

>SOVEREIGN REALTY ASSOCIATES
>LTD. and STUART ROFFMAN, President,
>of the General Partner of Sovereign Realty
>Associates, Ltd., Sovereign Realty Associates
>G.P., Inc., and Individually
>
>By their Attorneys,
>
>_____
>Franklin H. Levy, BBO# 297720
>Bronwyn L. Roberts, BBO# 638079
>DUANE MORRIS LLP
>470 Atlantic Avenue, Suite 500
>Boston, Massachusetts 02210
>(617) 289-9200

Dated: May 23, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2005, a true copy of the above document was served by first class mail upon the following attorney of record:

Ara J. Balikian
Gordon and Balikian LLP
535 Boylston Street, 6th Floor
Boston, MA 02116

_____
Bronwyn L. Roberts