**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**Civil Action No. 2005-10864JLT**

| | |
|---|---|
| RENATO SOUTO and OTHERS | ) |
| SIMILARLY SITUATED, | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| SOVEREIGN REALTY ASSOCIATES, LTD. | ) |
| And STUART ROFFMAN, as president of the | ) |
| General Partner of Sovereign Realty Associates, | ) |
| Ltd., Sovereign Realty Associates G.P., Inc. and | ) |
| Individually, | ) |
| **Defendants** | ) |
| | ) |

## DEFENDANTS' MOTION TO STRIKE COUNT II OF COMPLAINT

Defendants respectfully move to strike count II of Plaintiff's complaint seeking class certification.  They do so on the ground that Plaintiff does not, and could not without violating Fed. R. Civ. P.11, satisfy the following requirements of Fed. R. Civ. P 23 (a).  As 7B Wright, Miller, Kane, Federal Practice, §1798, pp 217-218 (2005), states:

> But in a class action, plaintiff is required to set forth more than the three elements of a complaint described in Rule 8(a) a class-action plaintiff also must show that the action falls within the requirements of Rule 23.  As one early court noted, "Under the present Rule 23, an allegation of class representation is attended by serious consequences."  Therefore, for an action to go forward under Rule 23, the pleader must set forth sufficient allegations to show that the four requirements set forth in subdivision (a) are satisfied and that the action falls within one of the three categories described in subdivision (b).action

Page 2 of 3 Defendants Motion to Strike Count II of Complaint and Certificate of Service

Rule 23 (a) states:

> (a)    Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joiner of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Although this action was commenced in the Massachusetts Superior Court, Mass. R. Civ. P. 23 (a) is identical to Fed. R. Civ. P. 23 (a) and should, therefore, be construed as the Federal Rule is construed. *Strom v. American Honda Motor Co., Inc.,* 423 Mass. 330, 335, 667 N.E. 2nd 1137 (1996).

Moreover, insofar as this action is brought under Title 29 U.S.C. §216 (b), the Fair Labor Standards Act (FLSA), it is subject to the following statement in that statute:  "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a  party and such consent is filed in the court in which such action is brought." as was noted in *Bradford v. Peoples Natural Gas Co.,* 60 F.R.D. 432, 437 (W.D. Pa. 1973),

> It  [an action under §216]  differs from the usual class action
> in that parties must "opt in", rather than "opt out" as provided
> in Rule 23  (c)  (2)  F. R. Civ. P.

Page  3 of 3 Defendants Motion to Strike Count II of Complaint and Certificate of Service

No parties have opted in.  Therefore, insofar as this action is brought under FLSA,

it cannot be maintained as a class action.  Since at least one claim cannot be a

class action, it follows that, to the extent that closed ratification is, even where all

the requirements of Rule 23 are met, discretionary, *Armstrong v. Martin Marietta

Corp.,* 138 F.3rd 1374, 1386 (11th Cir. 1999),  that discretion should be exercised

against allowing a class action to go forward.  The reason is that a Defendant can

still be sued by absent members of the class on the excluded claims, and a class

certification, instead of serving the ends of judicial economy, frustrated those

ends.

By Defendants' attorney,


  _/s/ David Berman_____

David Berman
100 George P. Hassett Drive
Medford, Massachusetts 02155
BBO No. 040060
Tel. No (781) 395-7520

*Dated: February 17th 2006*

Roffman.SOUTO.1/14/06.Defendants' Motion to Strike Count II

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**Civil Action No. 2005-10864JLT**

_____
RENATO SOUTO and OTHERS       )
SIMILARLY SITUATED**,**       )
     **Plaintiffs,**       )
       )
**v.**       )     **CERTIFICATE**
       )     **OF**
SOVEREIGN REALTY ASSOCIATES, LTD.   )     **SERVICE**
And STUART ROFFMAN, as president of the   )
General Partner of Sovereign Realty Associates,   )
Ltd., Sovereign Realty Associates G.P., Inc. and   )
Individually,       )
     **Defendants**       )
_____)

I, David Berman, certify that on **February 21ˢᵗ 2006**, that I caused a copy of the within **Defendants' Motion to Strike Count II of Complaint** to be delivered by Electronic Transmission and First-class mail to: **Franklin H. Levy, Esquire**, Duane Morris LLP, 470 Atlantic Avenue Boston, Massachusetts 02210, fhlevy@duanemorris.com **and Philip J. Gordon**, Esquire, Gordon and Balikian, LLP, 535 Boylston Street, 6ᵗʰ Floor, Boston, Massachusetts 02116 pgordon@gordonllp.com

/s/ David Berman
David Berman
100 George P. Hassett Drive
Medford, Massachusetts 02155
BBO No. 040060
Tel. No (781) 395-7520

*Dated: February 21ˢᵗ 2006*

Roffman.SOUTO.1/14/06.Defendants' Motion to Strike Count II

- 4 -