UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.:2005-10864JLT

*******************************************
RENATO SOUTO and OTHERS SIMILARLY )
SITUATED, )
                               Plaintiffs, )
   )
v. )
   )
SOVEREIGN REALTY ASSOCIATES, LTD. )
and STUART ROFFMAN, As President of the )
General Partner of Sovereign Realty Associates, )
Ltd., Sovereign Realty Associates G.P., Inc., and )
Individually, )
                             Defendants. )
*******************************************

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STIKE COUNT II OF COMPLAINT

### Introduction

The Defendant has moved this Court to strike Count II of Plaintiff's Complaint on the grounds that plaintiff failed to satisfy the elements needed to assert a class action under Federal Rules of Civil Procedure 23. The Defendant argues that despite the fact that Count II of the Complaint alleges violation of the Massachusetts Wage Act by "others similarly situated," the Plaintiff must nevertheless demonstrate that the requirement of Federal Rule of Civil Procedure 23 ("Rule 23") are satisfied to state a claim for Wage Act class action in federal Court. The Defendant further argues that this action can not be maintained since additional plaintiff's have not opted in. The Defendant's arguments are incorrect for the foregoing reasons.

Class certification is not required, because Chapter 149, similar to FLSA, provides for a collective action instead of a class action. And, whether or not class

1

certification is required, this motion to strike is premature.

## **Argument**

**1.      Class certification is not required.**

It is also important to note that class certification is not required because Chapter 149, similar to the Fair Labor Standards Act (dealing with non-payment of minimum wage and overtime), provides for a collective action instead of class action. <u>Bayles v. American Medical Response of Colorado, Inc.</u>, 950 F. Supp. 1053 (1996), *on reconsideration*, 962 F. Supp. 1346 (D. Colo. 1997)(surveying law and explaining why Rule 23 class action elements do not apply); *see also*, <u>Krueger v. NY Telephone Co.</u>, 163 F.R.D. 433 (1995); <u>Realite v. Ark Restaurants Corp.</u>, 7 F. Supp. 2d 303 (SDNY 1998).

Two basic differences exist.  First, a class action requires plaintiffs to "opt out," where a collective action requires that plaintiffs in writing "opt in". <u>Hoffmann-LaRoche, Inc. v. Sperling</u>, 493 U.S. 165 (1989).  Second, a class action requires Rule 23 elements be met, but a collective action does not. <u>Id</u>. at 171-72; *see also* <u>LaChapelle v. Owens-Illinois, Inc.</u>, 513 F. 2d 286 (5th Cir. 1975)(discussing class actions *versus* collective action).  Allowing plaintiffs to "opt in" avoids "a multiplicity of duplicative suits…." <u>Hoffman-LaRoche</u>, at 172.  Such duplicity can burden the courts when several employees claim each is owed wages for substantially the same projects, type of work duties, employer, contract, time frames, hours, and etc.

The <u>Bayles</u> court also explains that plaintiffs benefit when they proceed collectively. <u>Bayles</u>, at 1067.  Allowing similarly situated plaintiffs to participate saves litigation expenses and time as well as judicial resources, especially where multiple plaintiffs would use the same counsel and conduct substantially the same discovery.

Mr. Souto and his counsel are currently in the process of trying to locate 'others similarly situated' to determine whether they should be added to this lawsuit. Once these individuals have been located, they will be given the opportunity to 'opt-in' as provided for in the statute.

### 2. Defendant's Motion to Strike Count II is Premature.

The applicable standard for Defendant's Motion to Strike was set forth by the United States District Court for the District of Massachusetts in Barrett v. Avco Financial Services Management Co., 292 B.R. 1 (D. Mass. 2003). In Barrett, a federal magistrate reviewed a motion to strike class allegations contained within a complaint arising out of a bankruptcy matter. Id. at 1. Although the case did not deal with the Federal Labor Standards Act or the Wage Act, it addressed an "others similarly situated" claim which was challenged prior to the onset of discovery. Id. at 11. The court utilized the 12(b)(6) standard of review, and thus all inferences were drawn in plaintiff's favor. Id. at 3. In allowing the motion to strike as it pertained to a nationwide class, but denying the motion with regard to a Massachusetts class, the magistrate noted that the burden was on the defendant/moving-party and that all reasonable inferences must be construed in the plaintiff's favor. Id. In so doing, the court found that the defendant's argument that the Rule 23 elements had not been met were "premature." Id.

It should be noted that Barrett relies heavily upon a parallel case against the same defendant in the District of Rhode Island, which denied a similar motion but warned that dismissal would be warranted "for failure to properly allege facts sufficient to make out a class or [where] plaintiff could establish no facts to make out a class." Bessette v. Avco

3

Financial Services, Inc., 279 B.R. 442, 450 (D. R.I. 2002). The court also noted that a class-like claim at the 12(b)(6) level would be held to a standard at which "the bar is not as high" as a challenge at the class certification level.

Pursuant to Bassett and Bessette, dismissal is premature at this point. The proper procedure would be to proceed with discovery to determine whether there are any "others similarly situated." See Sweet v. Superior Steel and Precast Erectors, Inc., 2001 WL 34048064 at *2 (3-28-01) (allowing discovery, including ex parte communications with defendant's employees, in order to determine whether any "others similarly situated" may be joined to c. 149 action); Hoffman-La Roche, Inc. v. Sperling, 110 S.Ct. 482 (1989) (allowing district court to permit discovery of the names and addresses of "employees similarly situated.")

Discovery is the appropriate means of determining the identity of "others similarly situated." In Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165 (1989), the Supreme Court specifically addressed and allowed the use of discovery in uncovering the identity of "others similarly situated." The Court stated, "the District Court was correct to permit discovery of the names and addresses of the discharged employees." Hoffman at 170. By including "others similarly situated" in the statutory language of ADEA, the Court reasoned that Congress had stated its policy which allowed plaintiffs to proceed collectively. In addition, the Court reasoned that "the judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." Hoffman at 170.

The Massachusetts Courts have also addressed the concept of "others similarly situated." In Sweet v. Superior Steel and Precast Erectors, Inc., 2001 WL 34048064 (3-

4

28-01), the court allowed discovery of "others similarly situated", including ex parte communications with defendant's employees, in order to determine whether any "others similarly situated" may want to join in an action under the prevailing wage section of chapter 149.

In the case at bar, the plaintiffs are Mr. Souto and 'all others similarly situated'. Throughout the discovery process, Mr. Souto has learned the names of persons who may be 'others similarly situated'. Discovery, however, is not complete. Mr. Souto and his counsel are currently in the process of trying to locate the individuals who have already been identified. In addition, Mr. Souto and his counsel anticipate that more names of 'others similarly situated' may be revealed in the final stages of discovery. Accordingly, Mr. Souto and his counsel need additional time to determine whether these individuals are proper plaintiffs in this action. Thus, dismissal of Count II of the plaintiff's complaint is premature at this point in time. Count II of plaintiff's complaint should not be dismissed until Mr. Souto has been able to complete discovery and locate all potential plaintiffs.

### 2. Class certification is not required.

It is also important to note that class certification is not required because Chapter 149, similar to the Fair Labor Standards Act (dealing with non-payment of minimum wage and overtime), provides for a collective action instead of class action. Bayles v. American Medical Response of Colorado, Inc., 950 F. Supp. 1053 (1996), *on reconsideration*, 962 F. Supp. 1346 (D. Colo. 1997)(surveying law and explaining why Rule 23 class action elements do not apply); *see also*, Krueger v. NY Telephone Co., 163

F.R.D. 433 (1995); Realite v. Ark Restaurants Corp., 7 F. Supp. 2d 303 (SDNY 1998).

Two basic differences exist. First, a class action requires plaintiffs to "opt out," where a collective action requires that plaintiffs in writing "opt in". Hoffmann-LaRoche, Inc. v. Sperling, 493 U.S. 165 (1989). Second, a class action requires Rule 23 elements be met, but a collective action does not. Id. at 171-72; *see also* LaChapelle v. Owens-Illinois, Inc., 513 F. 2d 286 (5th Cir. 1975)(discussing class actions *versus* collective action). Allowing plaintiffs to "opt in" avoids "a multiplicity of duplicative suits…." Hoffman-LaRoche, at 172. Such duplicity can burden the courts when several employees claim each is owed wages for substantially the same projects, type of work duties, employer, contract, time frames, hours, and etc.

The Bayles court also explains that plaintiffs benefit when they proceed collectively. Bayles, at 1067. Allowing similarly situated plaintiffs to participate saves litigation expenses and time as well as judicial resources, especially where multiple plaintiffs would use the same counsel and conduct substantially the same discovery.

Once again, Mr. Souto and his counsel are currently in the process of trying to locate 'others similarly situates' to determine whether they should be added to this lawsuit. Once these individuals have been located, they will be given the opportunity to 'opt-in' as provided for in the statute.

## Conclusion

For the foregoing reasons, Mr. Souto moves that this Motion be denied.

                                        Respectfully Submitted,
                                        RENATO SOUTO
                                        By his attorneys,

/s/ Philip J. Gordon_____
Philip J. Gordon (BBO # 630989)
Kristen M. Hurley (BBO # 658237)
Gordon Law Group, LLP
535 Boylston St., 6th Fl.
Phone: 617-536-1800

## CERTIFICATE OF SERVICE

I, Philip J. Gordon, hereby certify that on March 7, 2006, I caused a copy of the foregoing document to be served, upon counsel for the defendants, David Berman, Esq., 100 George P. Hassett Drive, Medford, MA 02155, by electronic notification and first class mail.

/s/ Philip J. Gordon
Philip J. Gordon

7