UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 2005-10864JLT

_____
RENATO SOUTO and OTHERS                    )
SIMILARLY SITUATED,                         )
        **Plaintiffs,**                        )
                                               )
**v.**                                      )
                                               )
SOVEREIGN REALTY ASSOCIATES, LTD.           )
And STUART ROFFMAN, As president of the     )
General Partner of Sovereign Realty Associates, )
Ltd., Sovereign Realty Associates G.P., Inc. and )
Individually,                               )
        **Defendants**                        )
_____)


**BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**


**Facts**


Plaintiff alleges that from 1994 to July 3rd 2002, he was employed by Defendant Sovereign Realty Association, Ltd. (**SRA**). Complaint, Paragraph 1. During the course of his employment Souto worked continuously, diligently and effectively on behalf of Sovereign *Id.* Paragraph 5. In 1998 Sovereign through Stuart Roffman its President [sic] agreed to sponsor Plaintiff application for certification. *Id.* Paragraph 7. Thereafter, Defendant Roffman used his position to force Souto to perform a number of tasks that were well beyond Plaintiff's job duties. *Id., P*aragraph. 8. Plaintiff was required to wear a pager at all times and Mr. Roffman would page him all hours of the day and night and insist that

1

Plaintiff perform his personal chores.  *Id.,* Paragraph 10.  Sovereign terminated

Plaintiff after learning that he had contacted the Massachusetts Division of

Employment and Training to learn his rights as an employee.  Sovereign has

refused to pay wages which are due in payable. *Id.* Paragraphs 11 and 12.  There

are other similarly situated employees[1]. *Id.,* Paragraph 13.  Plaintiff satisfies all

prerequisites and conditions precedent necessary or to entitle him to seek remedy

against Sovereign. *Id.,* Paragraph 14.  The Attorney General of Massachusetts has

permitted him to pursue this claim. *Id.,* Paragraph 15.

Count I of his complaint reads:

## COUNT I
### Souto v. Sovereign Realty Associates, Ltd.)
### M.G.L.c. 149,151andFLSA

16.    Renato Souto repeats and re-alleges the .allegations set
forth in Paragraphs 1 to 15 above and incorporates them by
reference herein.

17.    Sovereign Realty Associates, Ltd. is statutorily obligated to
pay overtime  wages to Renato Souto at the required overtime
premium rate of one and a half times his regular rate of
compensation for all hours worked in excess of 40 hours a week
and holiday wages at the holiday premium rate of one and a half
times his -regular rate for all hours worked on a legal holiday.

18.    Sovereign Realty Associates, Ltd. has failed, refused and/or
neglected to pay the regular, overtime and holiday wages due and
owing Renato Souto in violation of Massachusetts General Laws
Chapter 149, 151 and the Federal Labor Standards Act.

19.    As a result of Sovereign Realty Associates, Ltd.'s violation
of M.G.L. c. 149, 151 and FLSA, Renato Souto has incurred harm
and loss in the sum of at least $86,669.40.

Count III of his complaint states:

---

[1]  The so called class action is a subject of a separate motion to strike and dismiss.

**COUNT III**
**(Souto v. Sovereign. Realty Associates, Ltd.)**
**Breach of Contract**

24.      Renato Souto repeats and re-alleges the allegations set forth in Paragraphs 1 to 23 above and incorporates them by reference herein.

25.      Sovereign Realty Associates, Ltd. entered into an unambiguous and enforceable contract that requires Sovereign Realty Associates, Ltd. to pay Renato Souto in the form of regular pay, overtime and holiday wages.

26.      In breach of its contract with Renato Souto, Sovereign Realty Associates, Ltd., has failed to pay Renato Souto the wages promised.

27.      As a result of Sovereign Realty Associates, Ltd.'s breach of its contract, Renato Souto has incurred harm and loss in the sum of at least $86,669.40.

Count IV of his complaint states:

**COUNT IV**
**(Souto v. Sovereign Realty Associates, Ltd.)**
**Fraud/Misrepresentation/Deceit**

28.      Renato Souto repeats and re-alleges the allegations set forth in Paragraphs 1 to 27 above and incorporates them by reference herein.

29.      Sovereign Realty Associates, Ltd. represented to Renato Souto that he would be paid wages in the form of regular pay, overtime and holiday wages.

30.      Renato Souto relied upon the representations made by Sovereign Realty Associates, Ltd.

31.      Sovereign Realty Associates, Ltd.'s representations were false, and made with the intention to deceive Renato Souto and induce him to work for Sovereign Realty Associates, Ltd.

32.      As a result of Sovereign Realty Associates, Ltd.'s fraud, misrepresentation and deceit, Renato Souto has incurred harm and loss in the sum of at least $86,669.40.

3

Count VII of his complaint states:

## COUNT VII
### (Souto v. Sovereign Realty Associates, Ltd. and Stuart Roffman) Estoppel

44.    Renato Souto repeats and re-alleges the allegations set forth in Paragraphs 1 to 43 above and incorporates them by reference herein.

45. . Sovereign Realty Associates, Ltd. and Stuart Roffman promised to pay Renato Souto wages in the form of regular pay, overtime and holiday wages.

46.   In reliance on Sovereign Realty Associates, Ltd. and Stuart Roffinan's promises, Renato Souto joined Sovereign Realty Associates, Ltd. and worked continuously, diligently and effectively on behalf of Sovereign Realty Associates, Ltd.

47.   Despite Renato Souto's commitment and sacrifices Sovereign Realty Associates, Ltd. and Stuart Roffman intentionally failed and refused in bad faith to pay Renato Souto's wages.

48.   Accordingly, Sovereign Realty Associates, Ltd. and Stuart Roffman are estopped from denying that it promised to pay Renato Souto wages.

This action was commenced in the Middlesex Superior Court on April 7th 2005,

and was duly removed to this court under **Title 28 U.S.C. §1441** *et seq.*

In their answer, Defendants set up, *inter alia,* the following defenses:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by the applicable statute(s) of limitations and/or other time limitations.

Defendants now move pursuant to Fed.R.Civ.P. 12 (c) for judgment on the pleadings with respect to Plaintiff's claims under G.L. c.151, the Fair Labor Standards Act (**FLSA**), and all common law claims.

<u>**Argument**</u>

**I.      PLAINTIFF'S CLAIM UNDER MASS. G.L. c.151 FOR UNPAID OVERTIME IS TIME-BARRED.**

In G.L. c.151, Massachusetts Law created a comprehensive statute relating to the rights of an employee to overtime compensation.  See *Swift v. Autozone, Inc.*, 441 Mass. 443, 447-449, 806 N.E. 2d 95 (2004).  Section 20A of G.L. c.151 states:

> The provisions of this chapter shall not be applicable to any cause of action accruing more than two years prior to the date of filing in court of a criminal or civil action.

Plaintiff's cause of action at the latest accrued on the last date on which he worked without receiving overtime compensation.  *Cf. Unexcelled Chemical Corporation v. United States,* 345 U.S. 59, 65 (1953) (cause of action for violation of child labor laws accrued "when the minors were employed."  See also *Swift,* 441 Mass. at 447, noting the analogy between FLSA and c.151.  Since Plaintiff's last date of employment was July 3rd 2002, and since this action was not commenced on or before July 3rd 2004, the action is barred.  We note that under Massachusetts law when a remedy is created by statute, a time bar found in this statute for bringing an action thereunder is deemed jurisdictional.  *Westland Housing Corp., v. Commissioner of Ins.,* 346 Mass. 556, 558, 194 N.E 2nd 714 (1963).

## II.    PLAINTIFF'S CLAIM UNDER FLSA IS BARRED BY THE FAILURE OF PLAINTIFF TO ALLEGE THAT HE WAS EMPLOYED IN INTERSTATE COMMERCE AND IS TIME-BARRED.

### A.    Commerce Clause Requirements

The first paragraph of **Title 29 U.S.C. §206** states:

> Every employer shall pay to each of his employees who in any
> workweek is engaged in commerce or in the production of goods
> for commerce, or is employed in an enterprise engaged in
> commerce or in the production of goods for commerce, wages at
> the following rates…

The statute applies only to employees "engaged in commerce or in the production of goods for commerce" or who "is employed in an enterprise engaged in commerce or in the production of goods for commerce." "Commerce," "enterprise," "employ" and "employees" are defined in Title 29 U.S.C. §203. Specifically, §203 (b) states:

> "Commerce" means trade, commerce, transportation,
> transmission, or communication among the several States
> or between any State and any place outside thereof.

We do not linger over definitions. The present complaint is devoid of any allegation that any Defendant was engaged in commerce or that Plaintiff's work caused him to be engaged in commerce. It is axiomatic that one who pleads a cause of action founded upon a statute must allege sufficient facts to show that he is entitled to proceed under the statute. *Compton v. Alton Steamship Co.,* 608 F.2d 96, 105 (4th Cir. 1979) citing numerous cases including *Springfield v. Commonwealth*, 349 Mass. 267, 270, 207 N.E. 2d 891, 893 (1965), applicable since this case was commenced in State court. Indeed, *Compton* was a suit for

wages.  With respect to pleading under FLSA, see ***Dover v. Hawaiian Dredging Co.***, 114 F.Supp. 643, 645 (D. Haw. 1953).  Because present Plaintiff does not properly plead any FLSA claim, his claim based on FLSA must be dismissed.

**B**.      Time Bar

Title 29 U.S.C. §255(a) allows FLSA claims to be commenced "within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of willful violation may be commenced within three years after the cause of action accrued."  *Lopez v. Corporación Azucarera de Puerto Rico,* 938 F. 2d 1510, 1515 (1st Cir. 1991) holds:

> A violation of the FLSA cannot be considered willful
> unless the employer acted not only unreasonably, but recklessly.
> *McLaughlin v. Rich-land Shoe Co.*, 486 U.S. 128, 135 n. 13, 108
>  S. Ct. 1677, 1682 n. 13, 100 L.Ed.2d 115 (1988) ("If an employer
> acts unreasonably, but not recklessly, in determining its legal
> obligation ... its action ... should not be ... considered [willful]
> under ..  the ... standard we approve today.")

See also *United States v. Lornie,* 433 F.2d 95, 98 (1st.Cir.2005).

The allegation that Sovereign "failed, refused and/or neglected" to pay Plaintiff for overtime and holidays is not an allegation of willfulness.  Plaintiff does not allege a willful violation of FLSA.  Therefore, his FLSA action, not having been commenced within two years of accrual, is barred.

**III.      PLAINTIFF'S COMMON LAW CLAIM FOR BREACH OF**

**CONTRACT IS INSUFFICIENT IN LAW.**

In Mass.G.L. c.149, **§**148, the General Court of Massachusetts enacted a lengthy and comprehensive statute requiring the payment of wages.  And in **§**150,

it provided a civil and criminal remedy for non-payment of wages.  The last

paragraph of §150 states:

> Any employee claiming to be aggrieved by a violation of section
> 148, 148A, 148B, 150C, 152, 152A or 159C or section 19 of
> chapter 151 may, at the expiration of ninety days after the filing of
> a complaint with the attorney general, or sooner, if the attorney
> general assents in writing, and within three years of such violation,
> institute and prosecute in his own name and on his own behalf, or
> for himself and for others similarly situated, a civil action for
> injunctive relief and any damages incurred, including treble
> damages for any loss of wages and other benefits.  An employee so
> aggrieved and who prevails in such an action shall be entitled to an
> award of the costs of the litigation and reasonable attorney fees.

This remedy should be deemed exclusive.  The three-year limitation found

in §150 would be meaningless if it could be circumvented by a common law

action of contract, for which the Massachusetts limitation is six years.  Mass.G.L.

c.260, §2.  Moreover, when a statutory remedy is provided in Massachusetts, that

remedy is usually deemed exclusive even in the absence of exclusivity language.

See *Lincoln v. Board of Appeals of Framingham*, 346 Mass. 418, 420, 193

N.E.2d 590 (1963); *Mathewson v. Contributory Retirement Appeal Board*, 335

Mass. 610, 615, 141 N.E.2d 522 (1957); *Klein v. Commonwealth*, 318 Mass. 592,

593-594, 63 N.E.2d 360 (1945); *Ram v. Charlton*, 409 Mass. 481, 489, 567

N.E.2d 208 cert. den. 502 U.S. 822 (1991).  The rule is but a branch of the larger

rule that a specific statute will control a general one.  *Vimar Seguros Y*

*Reaseguros, S.A. v. M/V Sdy Reefer*, 29 F.3d 727, 732 (1st Cir. 1994) affd. 515

U.S. 528 (1955).  We note that this court, in *Mogilevsky v. Bally Total Fitness*

*Corp.*, 263 F.Supp. 2d 164, 166 (2003), has already ruled that the provisions of

§150 displace common law remedies for nonpayment of wages.

Even apart from the exclusivity provisions of **§**150, Count III of the
complaint does not state a common law claim for breach of contract.  The First
Circuit articulated the standard of pleading breach-of-contract claims in ***Doyle v.
Hasbro, Inc.***, 103 F.3d 186, 194-195 (1996), wherein it held:

> In order to sustain Count I's breach of contract claim, plaintiffs
> must plead: (1) that the parties had an agreement supported by
> valid consideration; (2) that plaintiffs were ready, willing and able
> to perform; (3) that defendant's breach has prevented them from
> performing; and (4) that plaintiffs were damaged. *See Singarella v.
> City of Boston,* 342 Mass. 385, 173 N.E.2d 290, 291 (1961);
> *Petricca v. Simpson,* 862 F.Supp. 13, 17 (D.Mass.1994).
> Plaintiffs-appellants are mistaken in their belief that they "need no
> more than to allege that the facts [demonstrate a] breach of that
> contractual relationship."  Appellants' Brief at 40. "[I]t is essential
> to state with 'substantial certainty' the facts showing the existence
> of the contract and the legal effect thereof."  *Pollock v. New
> England Tel. & Tel. Co.,* 289 Mass. 255, 194 N.E. 133, 136 (1935).
> Appellants fail to do so.
>
> The amended complaint fails to state the nature of the alleged
> contract with any specificity. There is no presentation of the terms
> of a contract, its duration, or even when it was formed.  Nor does
> the Amended Complaint explain what obligations were imposed on
> each of the parties by the alleged contract.  It does not plead that
> plaintiffs were ready to perform under the contract or that the
> defendants' breach prevented them from performing, and it does
> not identify the damages attributable to the breach.  Conclusory
> statements that "Hasbro and its executives failed to meet their
> contractual requirement," amended complaint para. 34, are
> insufficient to satisfy the pleading requirements.

These words could almost have been written for the present Count III.

9

**IV.     COUNT IV DOES NOT ADEQUATELY PLEAD A CLAIM FOR**

**FRAUD, MISREPRESENTATION OR DECEIT.**

For precisely the same reasons that the remedy afforded by Mass.G.L.

c.149, **§**150 preempts a common-law remedy for breach of contract, it also pre-

empts a common law remedy for deceit where the alleged deceit arises out of a

supposed failure to pay wages.  Analogously, in ***Mills v. Rogers***, 634 F.2d 650,

663 (1ˢᵗ Cir. 1980) vacated on other grounds 457 U.S. 291 (1982), the court held

that "no matter what the plaintiff's theories of the case, actions against physicians

are to be judged by the principles of malpractice law."

But Plaintiff has also failed to meet the standard for pleading fraud found

in Mass. and Fed.R.Civ.P. 9(b).  We return to ***Doyle***, 103 F.3d at 193, where the

court noted:

> Count V of the complaint alleges that the conduct of defendants
> Laudon, Thibodeau, Hassenfeld and Hasbro constituted "fraud,
> deceit and misrepresentations." Amended Complaint at H 54.  In
> order to state a claim for fraudulent misrepresentation, the plaintiff
> must allege:
>
>> (1) that the statement was knowingly false; (2) that
>> [defendants] made the false statement with the intent to
>> deceive; (3) that the statement was material to the plaintiffs'
>> decision; (4) that the plaintiffs reasonably relied on the
>> statement; and (5) that the plaintiffs were injured as a result
>> of their reliance.
>
> *Turner v. Johnson & Johnson,* 809 F.2d 90, 95 (1st Cir.1986); *see*
> *also Danca v. Taunton Sav. Bank,* 385 Mass. 1, 429 N.E.2d 1129,
> 1133 (1982).

Holding the allegations of the complaint in that case insufficient, the court said at

pp.193-194:

> There is a well-developed body of case law surrounding the
> application Rule 9(b) in this circuit.  *See, e.g., Serabian v.*

10

*Amoskeag Bank Shares, Inc.,* 24 F.3d 367, 361 (1st Cir.1994); *Romani v. Shearson Lehman Hutton,* 929 F.2d 875, 878 (1st Cir.1991); *New England Data Servs. Inc. v. Becher, 829* F.2d 286, 288-90 (1st Cir.1987); *Wayne Inv. Inc. v. Gulf Oil Corp.,* 739 F.2d 11 (1st Cir.1984).  In *New England Data Services,* we held that the case law interpreting and applying Rule 9 in cases dealing with general fraud and securities fraud applies to RICO cases.  The "degree of specificity [in RICO cases] is no more nor less than we have required in general fraud and securities cases."  829 F.2d at 290.

Rule 9 imposes a heightened pleading requirement for allegations of fraud in order to give notice to defendants of the plaintiffs' claim, to protect defendants whose reputation may be harmed by meritless claims of fraud, to discourage "strike suits," and to prevent the filing of suits that simply hope to uncover relevant information during discovery.  *See McGinty v. Beranger Volks-wagen, Inc.,* 633 F.2d 226, 228-29 & n. 2 (1st Cir.1980).

In *McGinty,* this court stated that "[t]he clear weight of authority is that Rule 9 requires specification of the time, place, and content of an alleged false representation, but not the circumstances or evidence from which fraudulent intent could be inferred."  *Id.* at 228.  "[Mere allegations of fraud, corruption or conspiracy, averments to conditions of mind, or referrals to plans and schemes are too conclusional to satisfy the particularity requirement, no matter how many times such accusations are repeated."  *Hayduk v. Lanna,* 775 F.2d 441, 444 ,(lst Cir.1985) (citations omitted).

The present complaint reveals nothing about the circumstances of the fraud allegedly perpetrated on Plaintiff.  We are not told who made what representations to Plaintiff or when or where they were made.  Therefore, Plaintiff does not state a claim for fraud.

## V.    THERE IS NO SUCH CAUSE OF ACTION AS "ESTOPPEL," AND IN ANY EVENT COUNT VII DOES NOT STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

In ***Harrington v. Fall River Housing Authy.***, 27 Mass.App.Ct. 301, 308-309, 538 N.E.2d 24 (1989), the court stated:

> The three traditional elements [of estoppel] are: "first, a material misrepresentation of a party who had reason to know of its falsity; second, reasonable reliance upon the misrepresentation; and third, some disadvantage to the party seeking to assert estoppel fairly traceable to the misrepresentation." *Falcone* v. *Pierce,* 864 F.2d [226] at 228:  See Boston *& Albany R.R.* v. *Reardon,* 226 Mass. 286,291 (1917); *Franklin County Realty Trust* v. *Assessors of* Green*field,* 391 Mass. 1018, 1018-1019 (1984); *O'Blenes* v. Zoning *Bd. of Appeals of Lynn,* 397 Mass. 555, 558 (1986); National *Medical Care, Inc.* v. *Zigelbaum,* 18 Mass. App. Ct. 510, 580 (1984).  See also Restatement (Second) of Contracts § 90[11 (1981); Restatement (Second) of Torts § 894(1) (1977).  A party relying on an estoppel theory has a heavy burden to prove that all the elements are present.

A party may rely on an estoppel to establish a contractual right that he would not otherwise have.  See **Harrington, supra,** 27 Mass.App.Ct. at 302, 306-307.  In other words, Plaintiff's claim of estoppel is merely a contract claim restated.

Since misrepresentation is an element of estoppel, the strictures of Rule 9(b) apply to it.  And since Plaintiff's direct claims of misrepresentation do not meet the requirements of Rule 9(b), his estoppel claims fare no better.  But there is yet another glaring deficiency in Plaintiff's claim based on estoppel.  Since Plaintiff apparently worked for nine years at wages below those he was promised, he could hardly have relied at all, much less reasonably relied, (for so much of the period of this claim as is not time-barred) on any representation made to him.  The point was addressed in **Harrington** at p.309, where the court held that misrepresentations by the defendant were not reasonably relied upon when for several years the plaintiffs had access to documents that would have shown their falsity.  Surely after some period of time, a year perhaps, present Plaintiff should have known that he was not going to receive whatever wages he claims were

promised to him.[2]  Count VII of the Complaint states no cause of action under any

theory.

## <u>Conclusion</u>

  For the reasons given, Defendants' Motion for Judgment on the Pleadings

should be granted.


          By Defendants' attorney


          _____
          /S/ David Berman
          100 George P. Hassett Drive
          Medford, Massachusetts 02155
          BBO No. 040060
          Tel. No (781) 395-7520


*Dated:  March 7th 2006*

*Roffman/Souto/3-7-2006.Brief in Support of Motion for Judgment on the Pleadings*

---

[2]  Playing by the rules, we treat the well-pleaded allegations of the complaint as true for purposes of this Rule 12 (c) motion.  It is not, however, accidental that the allegations of Plaintiff's complaint are as vague as they are.  The complaint is a veritable mountain of mendacity.

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**Civil Action No. 2005-10864JLT**

| | | |
|---|---|---|
| RENATO SOUTO and OTHERS SIMILARLY SITUATED, <br> **Plaintiffs,** <br><br> **v.** <br><br> SOVEREIGN REALTY ASSOCIATES, LTD. And STUART ROFFMAN, As president of the General Partner of Sovereign Realty Associates, Ltd., Sovereign Realty Associates G.P., Inc. and Individually, <br> **Defendants** | ) ) ) ) ) ) ) ) ) ) ) ) ) | **CERTIFICATE OF SERVICE** |

I, David Berman, certify that on **March 7th 2006**, that I caused a copy of the within **Brief in Support of Motion for Judgment on the Pleadings** to be delivered by Electronic Transmission and First-class mail to: **Philip J. Gordon**, Esquire, Gordon and Balikian, LLP, 535 Boylston Street, 6th Floor, Boston, Massachusetts 02116 pgordon@gordonllp.com


/s/David Berman
David Berman
100 George P. Hassett Drive
Medford, Massachusetts 02155
BBO No. 040060
Tel. No (781) 395-7520


*Dated: March 7th 2006*

Roffman:Souto:3/6/06 –Brief in Support of Motion for Judgment on Plgs

14

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**Civil Action No. 2005-10864JLT**

| | |
|---|---|
| RENATO SOUTO and OTHERS<br>SIMILARLY SITUATED, )<br>**Plaintiffs,** )<br> )<br>**v.** )<br> )<br>SOVEREIGN REALTY ASSOCIATES, LTD. )<br>and STUART ROFFMAN, As president of the )<br>General Partner of Sovereign Realty Associates, )<br>Ltd., Sovereign Realty Associates G.P., Inc. and )<br>Individually, )<br>**Defendants** )<br> ) | **CERTIFICATE**<br>**OF**<br>**CONSULTATION** |

I, David Berman, have certified that I have conferred with Plaintiff's attorney concerning the within motion but have not succeeded in narrowing the issues raised by it. To be delivered by Electronic Transmission and First-class mail to: **Philip J. Gordon**, Esquire, Gordon and Balikian, LLP, 535 Boylston Street, 6th Floor, Boston, Massachusetts 02116 pgordon@gordonllp.com

/s/David Berman
**David Berman**
100 George P. Hassett Drive
Medford, Massachusetts 02155
BBO No. 040060
Tel. No (781) 395-7520

*Dated: March 7th 2006*

15