UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.:2005-10864JLT

*******************************************
RENATO SOUTO and OTHERS SIMILARLY   )
SITUATED,                                                             )
                               Plaintiffs,              )
                                         )
v.                                                                            )
                                         )
SOVEREIGN REALTY ASSOCIATES, LTD.    )
and STUART ROFFMAN, As President of the  )
General Partner of Sovereign Realty Associates, )
Ltd., Sovereign Realty Associates G.P., Inc., and )
Individually,                                                        )
                                Defendants.       )
*******************************************

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS**

       The Defendants, Sovereign Realty Associates, Ltd. and Stuart Roffman have filed a Motion for Judgment on the Pleadings in the above-captioned action on the grounds that: 1) Plaintiff's claim under M.G.L. c. 151 for unpaid overtime is time-barred; 2) Plaintiff's claim under FLSA is barred by the failure of Plaintiff to Allege that he was employed in interstate commerce and is time barred; 3) Plaintiff's common law claim for breach of contract is insufficient in law; 4) Count IV does not adequately plead a claim for fraud, misrepresentation or deceit; and 5) there is not such cause of action as "estoppel" and Count VII does not state a claim upon which relief may be granted.

       The Plaintiff, Renato Souto, opposes the Defendants' Motion for Judgment on the Pleadings on the grounds that it is unwarranted and not supported by the facts or by the law in this case.

**ARGUMENT**

A.   **Standard for Motion for Judgment on the Pleadings**

"Motions for judgment on the pleadings are governed by Fed.R.Civ.P. 12(c) and ordinarily warrant the same treatment" as motions to dismiss for failure to state an actionable claim under Fed.R.Civ.P. 12(b)(6). *Collier v. City of Chicopee,* 158 F.3d 601, 602-03 (1st Cir.1998) (citations omitted). Under Rule 12(b)(6), the Court takes as true "the well-pleaded facts as they appear in the complaint, extending plaintiff every reasonable inference in his favor." *Coyne v. City of Somerville,* 972 F.2d 440, 442-43 (1st Cir.1992) (citing *Correa-Martinez v. Arrillaga-Belendez,* 903 F.2d 49, 51 (1st Cir.1990)). A complaint should not be dismissed under Fed.R.Civ.P. 12(b)(6) unless " it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Roeder v. Alpha Indus., Inc.,* 814 F.2d 22, 25 (1st Cir.1987) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

B.   **Plaintiff's Claim Under FLSA is *Not* Barred by the Failure of Plaintiff to Allege That he was Employed in Interstate Commerce and it is *Not* Time Barred.**

Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates…"

It is clear that Mr. Souto was "engaged in commerce". The general scope of 'in commerce coverage" is discussed in 29 CFR § 776.9. According to the Code of Federal Regulations, "Under the definitions quoted above, it is clear that the employees who are covered by the wage and hours provisions of the Act as employees 'engaged in commerce' are employees doing work involving or related to the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) 'among the several States or between any State and any place outside thereof.'" 29 CFR § 776.9.

Mr. Souto alleges in his complaint that he was a maintenance repairer for Sovereign Realty Associates, Ltd. Keeping in mind the standard set forth in Fed.R.Civ.P. 12(b)(6), the complaint should not be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." As a maintenance repairer, Mr. Souto was often responsible for "turning over" apartments units managed by his employer, Sovereign Realty Associates, Ltd., in order to ensure that they were ready for new tenants. This assisted the movement of tenants who would be "persons" and also involved the use of paint, cleaning supplies, equipment, and other goods and services which would be "things" under the CFR definition. Thus, he was clearly doing work that involved the movement of persons and things among the several States.

In addition, plaintiff's claim under FLSA is not time barred. Mr. Souto commenced this action in the Middlesex Superior Court on April 7, 2005. His last day of work was July 3, 2002. As such, his complaint was clearly within the three year statute of limitations set forth under the Fair Labor Standards Act. "The Act allows employees

to recover back wages for the two years prior to the commencement of the lawsuit. 29 U.S.C.A. § 255(a). If, however, the employer's violation of the Act is *willful,* the statute allows employees to recover three years of back pay. See Andrews v. DuBois, 888 F.Supp. 213 (D.Mass.,1995). "The Supreme Court has stated that an employer's violation is 'willful' within the meaning of the Act where it can be shown that the employer knew or acted with reckless disregard of whether it was violating the statute." McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988).

Defendant has claimed that Mr. Souto did not allege willfulness. Willfulness does not need to be alleged, it just need to be proven. It is a question for the trier of fact. Furthermore, Mr. Souto has alleged that Sovereign Realty Associates. Ltd. "refused" to pay his wages pursuant to the Fair Labor Standards Act. Taken in the light most favorable to Mr. Souto, this is a clear indication of willfulness.

C. **Plaintiff's Common Law Claim for Breach of Contract is *Not* Insufficient in Law.**

Mr. Souto's breach of contract claim is not insufficient in law. The case law in this area is not as well settled as the defendant would allow this court to believe. In their motion, the defendants assert that 'this court ,in Mogilevsky v. Bally Total Fitness Corp., 263 F.Supp. 2d 164, 166 (2003), has already ruled that the provisions of § 150 displace common law remedies for nonpayment of wages.' The facts in this case, however, are different than those in the Bally Total Fitness case. In that case, the plaintiff argued that he had a contract for payment of wages based upon an employee handbook. Chief Judge Young ruled that the language in the handbook did not rise to the level of a contractually

binding agreement. Accordingly, the plaintiff's cause of action for wages were grounded in only G.L. c. 149, §148.

In this case, there is no employee handbook between the parties. Instead, there was an oral agreement to pay wages. As such, Mr. Souto is still entitled to judgment pursuant to his breach of contact claim.

Regardless of the courts ultimate decision on the exclusivity of M.G.L. c. 149 §§ 148 and 150, it is clear that this is not an issue that is appropriate for a motion for judgment on the pleadings since it does not appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

**D.    Count IV of Plaintiff's Complaint Adequately Pleads a Claim for Fraud, Misrepresentation or Deceit.**

The Defendants have moved this Court for Judgment on the Pleadings with respect to Count IV of the Plaintiff's Complaint on the grounds that the Plaintiff has failed to adequately plead a claim for fraud, misrepresentation or deceit. This lawsuit was initially filed in the Middlesex Superior Court. Massachusetts Rules of Civil Procedure 9(b) simply states that "all averments of fraud…the circumstances constituting fraud… shall be stated with particularity." In order to show fraud, the plaintiff must show that the Defendant "made a false representation of a material fact with knowledge of its falsity for the purpose of inducing [the plaintiff] to act thereon, and that [the plaintiff] relied upon the representation as true and acted upon it to his damage." Danca v. Taunton Sav. Bank, 385 Mass. 1, 8, 429 N.E.2d 1129 (1982), quoting from Barrett Assocs. v.

Aronson, 346 Mass. 150, 152, 190 N.E.2d 867 (1963).

In his complaint, the Mr. Souto alleged that: (1) Sovereign Realty Associates, Ltd. represented to Renato Souto that he would be paid wages in the form of regular pay, overtime and holiday wages; (2) Renato Souto relied upon the representations made by Sovereign Realty Associates, Ltd; (3) Sovereign Realty Associates, Ltd.'s representations were false, and made with the intention to deceive Mr. Souto and induce him to work for Sovereign Realty Associates, Ltd.; and (4) Mr. Souto has incurred damages as a result of Sovereign Realty Associates, Ltd.'s fraud, misrepresentation and deceit.

Accordingly, Mr. Souto has identified the false representation. It is undisputed that, Sovereign Realty Associates, Ltd., through its president Stuart Roffman, agreed to sponsor Mr. Souto's Application for Labor Certification. In doing so, Sovereign Realty Associates, Ltd., agreed to hire Mr. Souto as an employee and abide by the laws of the Massachusetts. This representation, however, was false and made with the intention to deceive Mr. Souto, as Mr. Souto did not receive the wages promised. In addition, Sovereign Realty Associates, Ltd., did not abide by the laws of Massachusetts with respect to the payment of wages to its employees. Mr. Souto relied on this representation when he was making his decision to work for Sovereign Realty Associates, Ltd. As a result of this false representation, Mr. Souto has incurred damages.

**F.    Estoppel is a Cause of Action and Count VII Does State a Claim Upon Which Relief May be Granted.**

Promissory estoppel "consists simply of a promise that becomes enforceable

because of the promisee's reasonable and detrimental reliance.' <u>Rooney v. Paul D. Osborne Desk Co., Inc.,</u> 38 Mass.App.Ct. 82, 83, 645 N.E.2d 50 (Mass.App.Ct.1995)." <u>NaviSite, Inc. v. Cloonan</u> 2005 WL 1528903, Mass.Super. 2005 (Billings, J). The Court in <u>Loranger Constr. Corp. v. E.F. Hauserman Co.,</u> 6 Mass.App.Ct. 152, 154 (1978), held that promissory estoppel "permits recovery if (1) a promisor makes a promise which he should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee, (2) the promise does induce such action or forbearance, and (3) injustice can be avoided only by enforcement of the promise." See <u>Mill-Bern Associates, Inc. v. Dallas Semiconductor Corp</u>**.** 2002 WL 1340853 Mass.Super. 2002 (Fabricant, J) (citing <u>Loranger</u>).

The defendant here never qualified as a government authority, as in the <u>Harrington</u> case cited by the Defendant in its memorandum. In <u>Harrington</u>, the plaintiffs were trying to enforce rental guarantees of housing authority staff under a federal program. Nor is this a case where plaintiff makes claims for continued employment, where there would be questions of uncertain future contingencies or whether such promises were too indefinite to induce reasonable reliance.

In this instance, the defendant offered Mr. Souto work under the promise that he would be paid for that work. Mr. Souto actually worked for defendant under the reasonable reliance and belief that he would be paid, and now Mr. Souto seeks to be paid for that work. This was no mere hope. It was based upon conversation and written representations. As such, it is clear that Mr. Souto has stated a claim upon which relief may be granted.

**Conclusion**

For the foregoing reasons, Mr. Souto moves that this Motion be denied.

        Respectfully Submitted,
        RENATO SOUTO
        By his attorneys,


        /s/ Philip J. Gordon_____
        Philip J. Gordon (BBO # 630989)
        Kristen M. Hurley (BBO # 658237)
        Gordon Law Group, LLP
        535 Boylston St., 6th Fl.
        Phone: 617-536-1800

**CERTIFICATE OF SERVICE**

    I, Philip J. Gordon, hereby certify that on March 21, 2006, I caused a copy of the foregoing document to be served, upon counsel for the defendants, David Berman, Esq., 100 George P. Hassett Drive, Medford, MA 02155, by electronic notification and first class mail.

        /s/ Philip J. Gordon
        Philip J. Gordon