# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

**Civil Action No. 2005-10864JLT**

---

|  |  |
|---|---|
| RENATO SOUTO and OTHERS | ) |
| SIMILARLY SITUATED**,** | ) |
| **Plaintiffs,** | ) |
|  | ) |
| **v.** | ) |
|  | ) |
| SOVEREIGN REALTY ASSOCIATES, LTD. | ) |
| And STUART ROFFMAN, As president of the | ) |
| General Partner of Sovereign Realty Associates, | ) |
| Ltd., Sovereign Realty Associates G.P., Inc. and | ) |
| Individually, | ) |
| **Defendants** | ) |

---

## AFFIDAVIT IN SUPPORT OF MOTION TO DISMISS

My name is **David Berman**, and being under oath, I depose and say as follows:

1.      I am an attorney duly admitted to practice and in the above action I represent all of the Defendants.

2.      I became aware of this case around January 26th 2006, and entered my appearance in early February.

3.      When I entered my appearance I knew that the deposition of Plaintiff, Renato Souto, had been commenced on December 20th 2005, and suspended.  I had also read the transcript of the deposition and was very conscious of the importance of completing it.

4.    I was in this court on January 30th 2006, for a hearing, at which the court fixed February 28th 2006 the last day to complete discovery.

5.    After one or more conversations with Plaintiff's attorney, Philip Gordon, we were able to work out a discovery schedule as follows:

The deposition of Defendant Roffman would be taken on February 13, 2006; the deposition of Lee Torrey, whom Defendants had agreed to make available to Plaintiff for deposition, would be taken on February 17, 2006; the deposition of Barbara Fitzgerald would be taken on February 22, 2006; the continued deposition of Plaintiff would be resumed on February 24, 2006.

6.    The deposition of Mr. Roffman took place as scheduled on February 13th.  On February 16, 2006, I met with Mr. Torrey, who informed me that he was ill and would be unable to do a deposition the next day.  I immediately called Mr. Gordon and asked to continue that deposition.  The only date that seemed to work for both of us was February 24, 2006, the date that had already been scheduled for the Plaintiff's resumed deposition.  We agreed, however, that the resumed deposition could take place on Monday, February 27, 2006.

7.    When I returned to my office, I realized that February 27, 2006 was a date on which I was to appear before the Division of Administrative Law Appeals of the Commonwealth of Massachusetts in an unrelated matter.  I called Mr. Gordon and suggested that the deposition of his client take place on February 28, 2006, a date that he told me was available to him.

2

8.    I appeared at Mr. Gordon's office for the deposition of Barbara Fitzgerald on February 22, 2006, but she did not appear.  It was then rescheduled that Mr. Gordon had never gotten personal service on her as required by Rule 45. Nor had he told me in advance that he had failed to achieve personal service.  See on this point Fed. R. Civ. P. 30 (g)(2).

9.    After I returned to my office on February 22, 2006, I received a telephone call from Mr. Gordon informing me that Mr. Souto would be unable to appear for a deposition on February 28, 2006.  In the same conversation he asked me if I would agree to a joint motion to extend discovery to March 31, 2006. Although I considered this request nothing more than a strategy to extend discovery so that Plaintiff could attempt to take Ms. Fitzgerald's deposition, I agreed to it.   A copy of the Joint Motion for extension of Time to Complete Discovery is attached hereto.  That motion was prepared by Plaintiff's counsel.

10.    The deposition of Lee Torrey was taken on February 24, 2006.  At the end of the deposition, I reminded Mr. Gordon that we had to schedule his client's resumed deposition.  He said that he understood this and would speak to his client and get in touch with me.

11.    When I did not hear from him by March 9, 2006, I wrote to him. A copy of my letter is annexed to this Affidavit.

12.    When I still had no reply by March 13, 2006, I wrote to him again. A copy of that letter is annexed to this Affidavit.

13.    In response to my March 13th letter, I received a phone a call from Attorney Kristen Hurley and in that call we attempted to schedule a deposition

date for Mr. Souto that would be convenient for both me and Mr. Gordon. Subsequently we agreed that the date of March 23, 2006 was convenient for both of us.

14.     On March 15, 2006, I wrote to Ms. Hurley confirming March 23, 2006 at 10:30 a.m. as the date for the Plaintiff's resumed deposition. A copy of that letter is annexed to this Affidavit.

15.     On March 22, 2006 at approximately 11:40 a.m. I received a telephone call from Attorney Hurley in which she informed me that her office had been unable to reach Mr. Souto by telephone and he was not returning her calls. She asked if I would agree to continue the deposition. I told her that I would not. Later that day I received a fax letter from Ms. Hurley asking that the deposition not go forward. I attach a copy of that letter to this Affidavit. I responded to that letter by fax, and I attach a copy of that letter to this Affidavit.

16.     A stenographer was present at this office at 10:30 a.m. on March 23, 2006. Neither the Plaintiff nor his attorneys showed up for the deposition. I have ordered a transcript of what I said at that time and attach a copy.

17.     I attach hereto pages **104 – 108** and **135 – 136** and **Exhibits 1** and **2** of the deposition of Stuart Roffman taken on February 13th 2006.


*Signed under penalties of perjury this 28th day of March, 2006*


*/s/David Berman*
**DAVID BERMAN**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**Civil Action No. 2005-10864JLT**

| | |
|---|---|
| RENATO SOUTO and OTHERS ) <br> SIMILARLY SITUATED**,** ) <br> **Plaintiffs,** ) <br> ) <br> **v.** ) <br> ) <br> SOVEREIGN REALTY ASSOCIATES, LTD. ) <br> And STUART ROFFMAN, as president of the ) <br> General Partner of Sovereign Realty Associates, ) <br> Ltd., Sovereign Realty Associates G.P., Inc. and ) <br> Individually, ) <br> **Defendants** ) <br> ) | **CERTIFICATE OF SERVICE** |

I, David Berman, certify that on **March 28th 2006**, that I caused a copy of the within **Affidavit in Support of Motion** to be delivered by Electronic Transmission and First-class mail to: **Philip J. Gordon**, Esquire, Gordon and Balikian, LLP, 535 Boylston Street, 6th Floor, Boston, Massachusetts 02116 pgordon@gordonllp.com.

/s/David Berman
**David Berman**
100 George P. Hassett Drive
Medford, Massachusetts 02155
BBO No. 040060
Tel. No (781) 395-7520

*Dated: March 28th 2006*

Roffman.Souto.Affidavit.DB.3/27/06

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.:2005-10864JLT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| RENATO SOUTO and OTHERS SIMILARLY SITUATED, | ) ) |
| Plaintiffs, | ) |
| v. | ) ) ) |
| SOVEREIGN REALTY ASSOCIATES, LTD. and STUART ROFFMAN, As President of the General Partner of Sovereign Realty Associates, Ltd., Sovereign Realty Associates G.P., Inc., and Individually, Defendants. | ) ) ) ) ) ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## JOINT MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY

The parties to the above-captioned action hereby request that the Court enlarge the scheduling order in this action. Pursuant to the Court Order dated January 31, 2006, the parties must complete the depositions of Stuart Roffman, Lee Torrey, Barbara Fitzgerald, and Renato Souto by February 28, 2006. The plaintiff scheduled the deposition of Barbara Fitzgerald on February 22, 2006, but Barbara Fitzgerald did not appear. Accordingly, the plaintiff would like to attempt to reschedule Ms. Fitzgerald's deposition, but will be unable to comply with the notice provisions of Rule 45 of the Federal Rules of Civil Procedure prior to February 28, 2006. In addition, the defendants will not be able to complete the deposition of Renato Souto

by February 28, 2006. The parties originally agreed to depose Lee Torrey on February 17, 2006 and Renato Souto on February 24, 2006. Mr. Torrey, however, was sick on the date schedule for his deposition and the parties were forced to reschedule his deposition for February 24, 2006, creating a conflict with Mr. Souto's date. The parties are unable to reschedule the deposition of Renato Souto prior to February 28, 2006 due to scheduling conflicts.

Hence, the parties request that the discovery deadline be set for March 31, 2006. At the current time, the parties do not believe that it will be necessary to postpone the conference scheduled for June 12, 2006.

Respectfully Submitted,

RENATO SOUTO

By his attorneys,


/s/ Kristen M. Hurley
Ara J.Balikian
(BBO # 630576)
Kristen M. Hurley
 (BBO # 658237)
Gordon and Balikian, LLP
535Boylston St, 6<sup>th</sup>Fl.
Boston, MA 02116
Phone:617-536-1800

Respectfully Submitted,

SOVEREIGN REALTY ASSOCIATES, LTD. AND STUART ROFFMAN

By their attorney,


/s/ David Berman
 David Berman
(BBO # 040060)
100 George P. Hassett Drive
Medford, MA 02155
Phone: 781-395-7520

*David Berman*
    *Attorney at Law*
        *100 George P. Hassett Drive, Medford, Massachusetts 02155-3297*
          *(781) 395-7520     Fax (781) 395-9658*

**March 9, 2006**

**FACSIMILE:**
**and First-class mail**

Philip J. Gordon, Esquire
Gordon and Balikian, LLP
535 Boylston Street – 6th Floor
Boston, Massachusetts 02216

      ***Re:   Renato Souto vs. Sovereign Realty Associates***
           ***C. A. No 2005-10864-JLT***

Dear Mr. Gordon:

    I am still waiting for you to tell me the date on which I can complete the deposition of your client, Renato Souto.  Please advise as soon as possible.

           Sincerely,

           David Berman

DB:mab
<span style="font-size:small">Roffman.Souto 3-9-06/Atty.Gordon.deposition</span>

Page 2 of 2

bcc:   Mr. Lee Torrey (via e-mail)
       Mr. Stuart Roffman (mail)

Letter to: Philip J. Gordon, Esquire

RE:    deposition of your client, Renato Souto.

Dated March 9, 2006


**Case:  Renato Souto vs. Sovereign Realty Associates**
**C. A. No 2005-10864-JLT**

*David Berman*
     *Attorney at Law*
          *100 George P. Hassett Drive, Medford, Massachusetts 02155-3297*
              *(781) 395-7520     Fax (781) 395-9658*

**March 13, 2006**

**FACSIMILE: (617) 536-1802**
**and First-class mail**

Philip J. Gordon, Esquire
Gordon and Balikian, LLP
535 Boylston Street – 6th Floor
Boston, Massachusetts 02216

       ***Re:*** ***Renato Souto vs. Sovereign Realty Associates***
           ***C. A. No 2005-10864-JLT***

Dear Mr. Gordon:

    I have not heard from you regarding a date for completing the deposition on your client, Renato Souto. My March calendar is filling up rapidly. I hope that you will not compel me to bring a Rule 37 motion.

           Sincerely,

           */s/David Berman*
           David Berman

DB:mab

*Roffman.Souto 3-13-2006/Atty.Gordon.deposition*

Page 2 of 2

bcc:   Mr. Lee Torrey (via e-mail)
       Mr. Stuart Roffman (mail)

**Letter to:**   Philip J. Gordon, Esquire

**RE:**          **deposition of your client, Renato Souto. (Rule 37)**

**Dated:**       March 13th 2006

*Case:  Renato Souto vs. Sovereign Realty Associates*
*C. A. No 2005-10864-JLT*

*David Berman*
>  *Attorney at Law*
>>  *100 George P. Hassett Drive, Medford, Massachusetts 02155-3297*
>>>  *(781) 395-7520    Fax (781) 395-9658*

March 15, 2006

FACSIMILE:  (617)-536-1802
 and first class mail

Kristin Hurley, Esquire
Gordon & Balikian, LLP
535 Boylston Street
Boston, Massachusetts **02116**

> ***Re:    Souto vs. Sovereign Realty Associates Limited et al***

Dear Attorney Hurley:

This letter will confirm that we shall resume the deposition of your client Renato Souto, at this office at 10:30 A.M., on Thursday, March 23rd 2006.

Very truly yours,

David Berman

cc:    Doris Wong Associates

DB:mab

Reffmam:SOUTO.Fax.Hurley/deposition.3/15/06

Page 2 of 2

**bcc:**  Mr. Stuart A. Roffman (facsimile and first-class mail)
124 Farm Street
Dover, Massachusetts **02030**

And

Lee Torrey (via facsimile and first-class mail)

letter to:  Attorney Kristen Hurly

Dated:        March 15th 2006

Re:     Renato Souto deposition March 23rd 2006

a3/22/2006 13:46    6175361802    GORDON LAM    PAGE 02/03

## GORDON LAW GROUP. LLF

535 Boylston Street, 6th Floor
Boston, MA 02 i 16 Ph:
617-536-1800    **Fax:**
617536-1802

From the desk of:
**Kristen M. Hurley, Esq.**
khiiriey@gordonllp.com

March 22,2006 VIA FACISIMILE AND FIRST

CLASS MAIL

David Berman, Esq.
 100 George P. Hassett **Drive**
Medfbrd.MA 02155-3297

RE;  Renato Soutp et al v. Sovereign Realty Associatea, Ltd. and Stuart **Roffnan** Civil Action
Number: 05-10864JLT

Dear Attorney Berman:

Please accept this letter to confirm our conversation this morning. Mr. Souto will not be at the deposition you scheduled for tomorrow, March 23, 2006. As a result, I once again suggest that you cancel the stenographer **to avoid any** unnecessary costs.

On Wednesday, March 15, 2006, you contacted Attorney Gordon to discuss the continuation of Mr. Souto's deposition. During this conversation, you and Attorney Gordon agreed on dates which would fit your two schedules as you were going on trial on another matter. You then agreed that Attorney Gordon would contact Mr, Souto to see if Mr. Souto *was* available on any of those dates. On Wednesday evening, March 15, 2006, Attorney Gordon received a deposition notice via facsimile scheduling Mr. Souto's deposition for Thursday, March 23,2006 - contrary to your conversation with him. I contacted your office on Thursday, March 16, 2006, to reiterate that this date had not been confirmed with Mr. Souto. Since that conversation, we have been working to find a time when Mr. Souto is available that fits with your schedule, too.

Mr. Souto is more than willing to appear at your office for the continuation of his deposition, I just have not been able to contact him in the three (3) days since we last spoke, In addition, we are still waiting to hear of your availability to schedule the agreed upon continuation of Mr. Roffnan's deposition.

83/22/2006 **13:46**   6175361882          GORDON LAM          PAGE 03/03

?

Gordon Law Group, LLP To:
David Berman, Esq. Date;
March 22,2006 Page 2 of 2
Once again, I hope that we will both do our best to avoid an unnecessary Rule 37 Motion.

Very truly yours,

Ku^ ^li^/^y

KristenM. Hurley

David Berman
      *Attorney at Law*
           *100 George P. Hassett Drive, Medford, Massachusetts 02155-3297*
                *(781) 395-7520     Fax (781) 395-9658*

                March 22, 2006

FACSIMILE:  (617)-536-1802
 and first-class mail

Kristin Hurley, Esquire
Gordon & Balikian, LLP
535 Boylston Street
Boston, Massachusetts 02116

        ***Re:    SOUTO vs. Sovereign Realty Associates***

Dear Attorney Hurley:

      In response to your fax of March 22nd 2006, I have no intention of continuing Mr. Souto's deposition scheduled for March 23rd 2006, at 10:30 A. M.  If he fails to show up for it, it is my intention to move for dismissal for pursuant to Rule 37 and also to seek attorney's fees.

      There is simply no doubt that on December 20th 2005, Mr. Souto's deposition was not concluded but suspended.  Neither his attorney nor he made any objection to this.  I might note at this point that Mr. Souto still has not provided Defendant with the very documents that lead to the suspension, namely, complete copies of his tax returns including the 1099's and W-2's. In any event, I spoke with Mr. Gordon about rescheduling Mr. Souto's deposition right after I entered my appearance in this case in February.  We had actually agreed on the date of February 24th 2006.  However, when that date proved inconvenient, we rescheduled it to February 27th 2006.  As it turned out, I had a hearing before the Division of Administrative Law Appeals on February 27th and requested that we reschedule Mr. Souto to February 28th.  Mr. Gordon then told me that Mr. Souto could not be available on February 28th.   I then agreed to extend the time for discovery from February 28th to March 31st 2006.  When I saw Mr. Gordon in person

Page 2 of 2: Letter to Atty. Hurley

on February 24th 2006, at Mr. Torrey's deposition, I reminded him that I needed a date or some dates that we could resume Mr. Souto's deposition. He told me that he would get back to me. He did not. I thereupon wrote to him on March 9th 2006, and again on March 13th 2006 regarding exactly this subject. We spoke on March 15th 2006, and agreed that March **23rd** 2006 was convenient for each of us. I confirmed that date in writing by fax on March 15th 2006.

I assumed that you or Mr. Gordon would attempt to contact your client immediately and if there was some awfully good reason why that date was inconvenient to him, I doubtless would have considered continuing it. For your information **Federal Rule 30** only requires reasonable notice; I have no doubt that eight (8) days' notice is reasonable where **Rule 6** only requires five (5) days for the service of the motion. It is not my problem that your client refuses to return your phone calls.

I meet with amusement the sentence in your letter "in addition, we are still waiting to hear of your ability to schedule the agreed upon continuation of Mr. Roffman's deposition." Apparently you have not read the transcript of Mr. Roffman's deposition. I stated: "I will oppose any further deposition of this witness if there is a request for it." No further request, however, was made. I do not mind telling you that I consider that the majority of the time spent by Plaintiff's counsel in deposing Mr. Roffman to have been egregiously wasted. I made this clear on the record that day. It is only too obvious that you are trying to throw a "red herring" into this matter by pretending that Mr. Roffman was supposed to appear for another session of his deposition, and I am sure that the court will see through this. Mr. Roffman will not appear for any further sessions of a deposition.

Sincerely,

David Berman

DB:mab

ROFFMAN:Souto/3/22/06/Deposition

Page 3 of 3 with bcc

bcc:        Mr. Stuart A. Roffman

                    and

            Mr. Lee Torrey


letter to:  Attorney Kristen Hurly

Dated:      March 22, 2006


Re:    Deposition to be taken on March 23rd 2006 as scheduled

your recollection that she did that at your home,

maybe when she was cleaning?

A.  Perhaps.

THE WITNESS:  I'm going to take a bathroom break.

MR. GORDON:  Sounds good to me. (Recess taken)

BY MR. GORDON:

Q.   I understand John Harvey did all the hiring of Renato Souto.  I just have a couple of issues because it seems you may have a little bit of involvement with that.

(Document marked as Roffman Exhibit 1 for identification)

Q.  Do you recognize that letter?

A.   (Reviewing document)  Yes.

Q.   And who is that letter from?

A.   John K. Dvorak.

Q.   And that letter is addressed to you?

A.   Yes.

Q.   And why don't you take a moment to review that letter.

MR. HERMAN:  This is going to be Exhibit I?

MR. GORDON:  Exhibit 1.  Thank you.

Q.   And is this a letter that was part of your sponsorship of Mr. Souto?

A.   I assume so.

Q.   Do you remember receiving this letter?

A.   No, I do not.

Q.   The letter is addressed to you at 822 Boylston Street.  Did it go to you?

A.    Usually.

Q.   Sometimes yes; sometimes no?

A.   If it pertained to Renato's sponsorship, I may have just given it to John Harvey or to Renato.

Q.   And there is a posting on the back; is there not?

A.   It says "posting."

Q.   And there's a line at the bottom for Stuart Roffman, manager, do you see that?

A.   I do.

Q.   Would you have signed that?

A.   I do not recall signing it, nor do I recall seeing it.  I saw it in relation to this suit.  It was part of your documents that you produced, but I do not recall seeing this.  I have no recollection of whether I received this or not.

Q.   Would John Harvey have had authorization to

sign your name to that?

A.   No.

MR. GORDON:  Could you mark that as Exhibit 2, please.

(Document marked as Roffman Exhibit 2 for identification)

Q.   Before you as Exhibit 2 is a letter dated July *26,* 1999.  Would you take a moment to review that.

A.   (Reviewing document)  Yes.

Q.   This letter says, "Please be advised that I placed the advertisement in the <u>Boston Herald</u> for three consecutive days.  I also posted this position at our business."  Is that correct?

A.   Do you want me to read it or --

Q.   You can.  Please read that.

A.   (Reviewing document)  Yes, that's what it says .

Q.   And there's a space at the bottom of this letter for your signature; is that correct?

A.   Yes.

Q.   Do you recall seeing this letter?

A.   No.

MR. GORDON;  Would you mark that as Exhibit

(Document marked as Roffman Exhibit 3 for identification)

Q.   Before you are photocopies of pages from the <u>Boston Herald,</u> July

*21,* 1999, July 28, 1999, July 29, 1999.  Have you had a chance to

review that?

A.   (Reviewing document)  I've summarily glanced.  I have not

reviewed them.

Q.   On the first page, July 27, 1999, second line up from the bottom,

there's an advertisement for "maintenance repair."  Do you see that ad?

A.   I do .

Q.   Can you actually read it?

A.  I can't.  Well, I can barely read it.

Q.   Let me read this for the record.  You can correct me if you think I

misquoted it.  It says, "Repair and maintenance rental units, including

reconditioning and repair for all aspects of unit,

(plumbing/electrical/carpentry/fixtures/tile/ linoleum) as well as

plastering, rug shampooing, and basic repairs.  Unit occupancy.

Respond to maintenance complaints and requests with 24-hour

turnaround repairs.  Two-years experience required.

$15.53 per hour.  35 hours per week.  No overtime." "No OT," if you

will.  "7:00 to 3:00 p.m.  Send two resumes to" -- it lists a case number

and a P.O. Box number.  Did I read that correctly?

A.  I think you did very well.

Q.  Did I read that correctly?

A.   Yes.

Q.   Oh, I did very well.  Thank you.  On the second page, July

28, 1999, and July 29, 1999, let's look at the second page first.

Third column from the right at the bottom, would you
agree the same ad appears again?

A.   Yes.

Q.  And on the third page, third column in from the left, five ads up

from the bottom, would you agree the same ad appears a third time?

A.   Yes.

Q.   And that does say "Boston Herald" at the top?

A.   Yes.

Q.   And the dates that I put into the record are, indeed, what the dates
say?

A.   Yes.

Q.   Is this an advertisement placed by Sovereign Realty Trust?

Q.  Do you know if that bill was paid?

A.  I'm certain it was paid.

Q.   Do you recall any other times --

A.   Not specifically.

Q.  Let me ask the rest of the question.

Do you recall any of the other times when he might have engaged
someone to work in a Sovereign Realty Associates unit?

A.  Not specifically.
Q.  Did you ever ask Mr. Souto his opinion on Sovereign Realty

Associates' policies?

A.   No.

Q.  Did he ever review your financials?
A.  No.  I don't know.  There was numerous times that he took papers

from my office without permission.  So I cannot say.

Q.  Do you recall any of those times he took papers?

A.  I don't recall when he took papers.  I know there were papers

produced, and in his deposition he claimed he took them off the fax

machine in my office.

Q.  Do you recall what the papers were?

A.  I believe some of the documents that you

furnished on behalf of your Rule 26.

Q.  And how did he get into your office?

A.  He had a key.

Q.  Which office is this?

A.   At 822 Boylston Street.

Q.  And when did he have that key to the office?

A.  I believe he always had the key.

Q.  Always, since the day he started in 1994?

A.  No.  Excuse me.  I stand corrected.  At some point he had the key

to the office.

Q.  Any other files you know of, other than the ones we produced that

he took from your office?

A.  Not specifically.

Q.  When did you first learn that he took a file from your office?

A.  I'm not certain.

Q.  Could it have been prior to this lawsuit?

A.  Perhaps.

Q.  What do you typically do with employees that take documents from your

office?

A.  I don't know if I was aware of any documents prior to the lawsuit that he

had taken.

Q.   Okay.

## JOHN K. DVORAK    # EX. 1

**ATTORNEY-AT-LAW**

123 NORTH WASHINGTON STREET • BOSTON, MA 02114 • (617) 723-4422 • FAX (617) 723-8305

July 20, 1999

Mr. Stuart Roffman, Owner
Soverign Realty Associates 822
Boylston Street Chestnut Hill, MA
02167



     Re:  Renato Souto
               Employment Sponsorship

**Dear** Mr. Roffman:

     Enclosed for your review, please find recent letter from the Department of Employment and Training, advising us that your Application for Labor Certification has been accepted. The Department of Employment & Training has assigned a wrap-up date of September 28, 1999. Therefore, we will place an advertisement in the Boston **Herald** immediately.

     Please place the posting (enclosed) on a bulletin board visible to anyone for a period of at least twelve days from receipt of this letter. Finally, enclosed is a "letter of compliance" which states that you have advertised and posted this position and no one has applied. We have prepared this on the premise that no one does apply, however, it may have to be amended. This office must receive the posting and letter of compliance at least three weeks prior to September 28, 1999. Failure to do so will result in a denial of this application. If you have any questions, please feel free to contact me, or in the alternative, my legal assistant, Ms. Lanza, at 617-723-5551.

               Sincerely,
               John K. Dvorak

# POSTING

<u>Maintenance Repairer</u>

1.    Repair & maintain rental units, including total reconditioning & repair of all
       aspects of unit - electrical/plumbing/carpentry/fixtures/tile/linoleum - as well as plastering,
       painting, cleaning, rug shampooing and basic repairs for unit occupancy. Respond to
       maintenance complaints & requests with 24-hr. turnaround repairs.

2.    Rate of Pay - Basic: . $15.53/hr, 35 hrs/wk. 7:00 a.m. - 3:00 p.m.; no overtime.

3.    Minimum Experience: 2 years experience required.

4.    The posting herein is being provided as a result of the filing of an Application for Permanent
       Alien Labor Certification for the job opportunity above stated in accordance with 20 CFR
       656.

5.    Any applicant or person may provide documentary evidence bearing on the application to the
       local Employment Service Office at the Charles F. Hurley Building, 19 Staniford Street,
       Government Center, Boston, MA 02114.

6.    All applicants should apply to Sovereign Realty Associates, 822 Boylston Street, Chestnut
       Hill, MA 02167.

7.    The within posting is herein submitted in accordance with Title 20 Code of Federal
       Regulations, Section 656.

The within posting was placed at our business in an area visible to anyone from
___ to _____. No one applied for this position.

Stuart Roffman, Manager

**EX. 2**

**July 26, 1999**

TO WHOM IT MAY CONCERN:

RE:  Employee: Renato Souto

Position:         Maintenance Repairer

      Please be advised that I placed the advertisement in the Boston Herald for three consecutive days. I also posted this position at our business. Our business has actively attempted to fill this position for quite some time. We have had no success and no one has applied for this position. If you require anything further, please do not hesitate to contact me.

      Sincerely,


      Stuart Roffman, Owner
      Sovereign Realty
      Associates Chestnut Hill,
      MA 02167

Volume I Pages 1 to 6
Exhibits None

UNITED  STATES  DISTRICT  COURT

DISTRICT  OF  MASSACHUSETTS

Civil Action No. 2005-10864JLT


RENATO SOUTO and OTHERS SIMILARLY
SITUATED,

                Plaintiffs,

                vs .

SOVEREIGN REALTY ASSOCIATES, LTD. and
STUART ROFFMAN, As President of the General Partner
of Sovereign Realty Associates, Ltd., Sovereign Realty
Associates G.P., Inc., and Individually, Defendant s.


        SCHEDULED DEPOSITION OF RENATO SOUTO, a witness called on behalf of the Plaintiffs, taken pursuant to the Federal Rules of Civil Procedure, before Susan E. DiFraia, Certified Shorthand Reporter and Notary Public in and for the Commonwealth of Massachusetts, at the Law Offices of David Berman, 100 George P. Hassett Drive, Medford, Massachusetts, on Thursday, March 23, 2006, commencing at 10:55 a.m.

PRESENT

      (No one appeared on behalf of the Plaintiffs)


       Law Offices of David Berman (by David Berman, Esq.)

       100 George P. Hassett Drive,

       Medford, MA 02155, for the Defendants.

ALSO  PRESENT:   Stuart Roffman

                Lee Torrey
                   *  * * *


DORIS 0. WONG ASSOCIATES, INC.

PROCEEDINGS

MR. BERMAN:  My name is David Berman, and I am attorney for the Defendants in the case of Souto versus Sovereign Realty Associates, Limited, and others. Civil Action 2 0 0 5-1 0 8 64 JLT, now pending in the United States District Court for the District of Massachusetts.  I learned of this case approximately January 26th, 2006, and I appeared in court with respect to a motion in this case on January 30th, 2006.  In early February of 2006 I entered an appearance for the Defendants.

When I entered this case, I became aware that the deposition of the Plaintiff Renato Souto had begun on December 20, 2005, and had been suspended that day without objection from anyone, in part because Mr. Souto had failed to bring to his deposition, or otherwise produce, significant portions of his tax returns for the year 1999, 2000, and 2001, including W-2s and 1099s.  I made, sometime in early February, an agreement with counsel for Plaintiff to a deposition schedule. Under that schedule the Defendant, Stuart Roffman, would be deposed on February 13, 2006, the manager of Sovereign's property. Lee Torrey, would be

deposed on February 17th, 2006, Barbara Fitzgerald would be deposed on February 22, 2006, and the Plaintiff's resumed deposition would occur on February 24th, 2006.  On February 16, 2006, I telephoned Philip Gordon, counsel for Plaintiff, and informed Mr. Gordon that Mr. Torrey was, because of health issues, unable to attend his deposition the following day.

Mr. Gordon agreed to continue Mr. Torrey's deposition to February 24th, 2006 and Mr. Souto's renewed deposition to February 27th, 2006.  When I returned to my office I realized that I could not do Mr. Souto's renewed deposition on February 27, 2006, because I had a scheduled appearance that day before the Division of Administrative Law Appeals of the Commonwealth of Massachusetts.  I asked to continue Mr. Souto's deposition to Tuesday, February 28th, 2006.  A short time later I received a telephone call from Mr. Gordon telling me that Mr. Souto was not available on February 28, 2006, even though he had been available on February 27th.

He thereupon asked me to agree to a one-month extension of the time to complete discovery; namely to March 31, 2006, and more than a

Page 4

little reluctantly I did agree to it.  I should note that on February 22, 2006, the deposition of Barbara Fitzgerald did not go forward because Plaintiff had failed to make in-hand service upon her as required by Rule 45 of the Federal Rules of Civil Procedure.

During one of the breaks, or after the close of Mr. Torrey's deposition on February 24th, I spoke to Mr. Gordon about the need to reschedule Mr. Souto's deposition. Mr. Gordon said he understood this need and would get in touch with me.  When Mr. Gordon did not get in touch with me, I wrote to him on March 9, 2006, reminding him that he had not contacted me with a date for Mr. Souto's renewed deposition.  When I did not hear from him in response to my March 9 letter, I wrote to him again on February -- I'm sorry -- on March 13, 2006.  Both the March 9th and the March 13 letters went by fax transmission as well as by First-Class mail.

And in the March 13th letter, I expressed the hope that it would not be necessary to bring a Rule 37 motion in connection with Mr. Souto's renewed deposition.  In response to my March 13 letter, I received a phone call from Mr. Torrey --strike that -- from Mr. Gordon on March 14 or 15 in

Page 5

which we discussed appropriate dates for continuing the deposition. We finally agreed on March 23, 2006, at 10:30 a.m., and I confirmed that date in writing with Mr. Gordon. Yesterday, March 22, 2006, at approximately 11:40 a.m., I received a telephone call from Attorney Kristen Hurley, who is an associate of Mr. Gordon, in which she told me that she and her office had been unable to reach Mr. Souto and in which she asked me to continue his deposition. I told her that I would do no such thing.

Later in the afternoon I received a facsimile transmission from her making the same request, and I hastily responded to that transmission, again, refusing to continue the deposition. Neither Mr. Souto nor his attorneys have shown up for the deposition scheduled for today. I intend to file immediately a motion in the United States District Court for the District of Massachusetts to have this action dismissed pursuant to Rule 37(d) and 37(b)(2) of the Federal Rules of Civil Procedure.

(Whereupon, the proceeding was concluded at 11:07 a.m.)

DORIS 0. WONG ASSOCIATES, INC.

Page 6

# C E R T I F I C A T E

I, Susan E. DiFraia, Certified Shorthand Reporter, do hereby certify that the foregoing transcript. Volume I, is a true and accurate transcription of my stenographic notes on March 23, 2006.

------------------------

Susan E. Di Fraia

Certified Shorthand Reporter

– – – –

DORIS 0. WONG ASSOCIATES, INC.

(617) 426-2432 ~ Fax (617) 482-7813