UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.:2005-10864JLT

*******************************************
RENATO SOUTO and OTHERS SIMILARLY )
SITUATED, )
        Plaintiffs, )
)
v. )
)
SOVEREIGN REALTY ASSOCIATES, LTD. )
and STUART ROFFMAN, As President of the )
General Partner of Sovereign Realty Associates, )
Ltd., Sovereign Realty Associates G.P., Inc., and )
Individually, )
        Defendants. )
*******************************************

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

  The Defendants, Sovereign Realty Associates, Ltd. and Stuart Roffman have filed a Motion to Dismiss the above-captioned action on the grounds that the Plaintiff has failed to appear for a scheduled deposition.

  The Plaintiff, Renato Souto, opposes the Defendants' Motion to Dismiss on the grounds that it is completely unwarranted and not supported by the facts or by the law in this case.  The law requires clear and convincing evidence that the failure to comply is not due to an inability to comply, but rather due to the willfulness, bad faith, or any fault of the petitioner. Gos v. Brownstein, 403 Mass. 252 (Mass, 1988).

  There is no evidence that the Plaintiff's failure to attend one scheduled deposition, rises to the level of willfulness, bad faith or fault required to impose the sanction of dismissal and costs.

1

**Argument**

A.    <u>Standard for Motion to Dismiss For Failure to Attend a Deposition</u>

It is clear that "[i]t is within the limits of due process to dismiss a complaint because of a petitioner's noncompliance with a pretrial production order where the failure to comply is not due to an inability to comply. It must be kept in mind, however, that due process places limits 'upon the power of courts, even in aid of their own valid processes, to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause'." <u>Societe Internationale v. Rogers,</u> 357 U.S 197, 209 (US,1958).

"In view of [these] constitutional constraints, the Supreme Court has construed <u>Fed.R.Civ.P. 37(b)</u> as not authorizing dismissal for noncompliance with a pretrial production order when it has been established that failure to comply has been due to an inability to comply and not willfulness, bad faith, or any fault of petitioner." <u>Gos v. Brownstein,</u> 403 Mass. 252 (Mass, 1988).

In addition, "[v]arious Federal courts have developed criteria for testing the justice of a sanction of default or dismissal for failure to comply with pretrial discovery orders. These criteria include (1) the degree of culpability of the offending party; (2) the degree of actual prejudice to the other party; (3) whether less drastic sanctions could be imposed; (4) the public policy favoring disposition of the case on its merits; and (5) the deterrent effect of the sanction." <u>Williams v. Zabian</u> , 56 Mass.App.Ct. 1104 (2002).

It is important to note that while other "sanctions under rule 37 (b) need not be based on a willful failure to comply, the Massachusetts Supreme Judicial Court, noting

the similarity between Mass.R.Civ.P. 37(b) and Fed.R.Civ.P. 37(b), specifically discussed the failure to attend a deposition in Footnote 7 of Roxse Homes Ltd. Partnership v. Roxse Homes, Inc., 399 Mass. 401(1987).  In this footnote, the court held that "[a] willfulness finding is required for imposing sanctions under rule 37(d), for certain failures, such as failing to appear at a properly called deposition."

B.      A Sanction of Dismissal and Costs is Not Warranted in this Case as Plaintiff's Failure to Attend His Deposition Was Not Willful or In Bad Faith.[1]

It is first important to note that the Plaintiff in this action, Renato Souto, is more than willing to attend the continuation of his deposition.  Furthermore, it is important to note that the defendants' counsel is incorrect in his assertion that Mr. Souto is 'sedulously avoiding appearing for a second deposition session'.  The truth of the matter is that the defendants' counsel has refused to work with plaintiff's counsel to pick a date that fits into Mr. Souto's work schedule.

The discovery schedule in this case was first thrown off course in the end of January of 2006 when the defendants filed an emergency motion to postpone discovery pending a motion to dismiss.  This emergency motion was filed two days before the scheduled deposition of the defendant, Stuart Roffman.  After denying defendants motion to dismiss, the court gave the parties specific instructions to depose Stuart Roffman, Lee Torrey, Barbara Fitzgerald and Renato Souto, in that order.

---

[1] The facts in this section are supported by the Affidavit of Philip J. Gordon, attached hereto as Exhibit "A".

After working with the defendants' counsel to find a date that worked for all parties involved, Mr. Roffman's deposition was scheduled and held on February 13, 2006. The parties next endeavored to take the deposition of Lee Torrey and Renato Souto. Mr. Torrey's deposition was scheduled for February 17, 2006, and the continuation of Mr. Souto's deposition was scheduled for February 24, 2006. On February 16, 2006, defendants' counsel contacted plaintiff's counsel because Mr. Torrey was ill and could not attend his scheduled deposition.[2] Since all of the parties had already cleared their schedules to appear at Mr. Souto's deposition on February 24, 2006, the parties agreed to move Mr. Torrey's deposition to February 24, 2006, knowing full well that it would be difficult to reschedule Mr. Souto's deposition prior to the court imposed deadline of February 28, 2006.

Nonetheless, Mr. Souto cleared his schedule and made himself available, once again, on February 27, 2006. Defendants' counsel, however, realized that he was unavailable on this date and requested that Mr. Souto appear on February 28, 2006. Mr. Souto was not able to change his work schedule with such short notice, and instead counsel for both parties requested and were given an extension to complete discovery.[3]

Defense counsel, Attorney David Berman, sent two letters to plaintiff's counsel, Philip Gordon, on March 9th and March 13th, requesting a date for the continuance of Mr. Souto's deposition. Attorney Gordon was on vacation from March 9th through March 13th. As soon as Attorney Gordon returned from vacation on March 14, 2006, he

---

[2] Unlike the defendants in this action, the plaintiff will refrain from attempting to assign an ulterior motive to Mr. Torrey's decision not to attend his deposition and instead take him at his word.

[3] Despite defense counsel's assertions to the contrary, Mr. Souto was simply unable to get the day off of work. There was no elaborate scheme to extend discovery in order to serve Barbara Fitzgerald.

4

contacted defense counsel to discuss an appropriate date to continue Mr. Souto's deposition. During this conversation, Attorney Gordon and Attorney Berman created a list of dates that would fit into their schedules. Attorney Gordon informed Attorney Berman that he would contact Mr. Souto to discuss his availability. Rather than waiting to see if Mr. Souto was available, however, Attorney Berman sent Attorney Gordon a letter the very next day stating that he would continue Mr. Souto's deposition on March 23, 2006.[4]

Plaintiff's counsel attempted to contact Mr. Souto to determine if he was available on March 23, 2006. Mr. Souto, however, was on Cape Cod for the weekend and did not get this message until March 22, 2006. On March 22, 2006, Plaintiff's counsel contacted Defendants' counsel to request that Defendants' counsel cancel the stenographer in order to avoid unnecessary costs. Defendants' counsel refused.

On March 27, 2006, Plaintiff's counsel contacted Attorney Berman to inform him that Mr. Souto was available to continue his deposition on March 31, 2006.[5] This plan, however, was unacceptable to Attorney Berman for reasons unknown to Plaintiff's counsel.

Over the course of discovery, Mr. Souto has cleared his schedule and made himself available for the continuation of his deposition on three separate occasions. The first date was postponed due to the illness of Lee Torrey. The second date was postponed

---

[4] Plaintiff's Counsel, Attorney Kristen Hurley, contacted Attorney Berman on March 16, 2006, to reiterate that while counsel for both parties were available on that date, it had not been confirmed that Mr. Souto was available on this date.

[5] Plaintiff's counsel had noticed the deposition of a non-party witness, Barbara Fitzgerald, for March 31, 2006. Ms. Fitzgerald failed to show at her previously scheduled deposition and appeared to be avoiding personal service by the sheriff's office of the second deposition subpoena. As a result, Attorney Gordon informed Attorney Berman that they could use the time to depose Mr. Souto instead.

by Attorney Berman since he had a scheduling conflict. The third date was unacceptable to Attorney Berman for reasons unknown.

The case law regarding dismissal for failure to attend a deposition is straightforward. Courts are willing to dismiss an action where it is clear that the failure to attend a deposition is a willful act of the deponent. Gos v. Brownstein, 403 Mass. 252 (Mass, 1988). Courts are unwilling to dismiss and action due to an inability to comply, and courts should not be moved where opposing counsel is complicit in the scheduling changes. Id.

Mr. Souto's failure to attend his deposition was due solely to his inability to take a particular day off from work on very short notice.[6] This does not rise to the level of willfulness required by the court in order to impose the sanction of dismissal and costs.

On the contrary, Mr. Souto is doing everything in his power to attend the continuation of his deposition. He has made himself available on three separate occasions, all of which were unacceptable to the defendants. Furthermore, Mr. Souto remains willing to continue his deposition. Mr. Souto simply requests sufficient notice in order to ensure that he can take a day off from work.

C.   Despite Defendants Assertions to the Contrary, the Action is Not Headed for Dismissal.

Defendants have filed two additional motions: a motion to strike and a motion for judgment of the pleadings. The Plaintiff has submitted his opposition to both of these

---

[6] Despite Attorney Berman's suggestion regarding contacting Mr. Souto at his place of employment, Plainitff's counsel is unwilling to take actions that may jeopardize Mr. Souto's current employment.

motions and believes that his opposition speaks for itself and need not be addressed again.

Notwithstanding, the Defendants' main argument appears to be that the Defendants did not promise to pay Mr. Souto $15.53 per hour, despite correspondence to the INS to the contrary. The Plaintiff still believes that he has a viable argument that the Defendants can not promise immigration officials that they will pay an employee at a certain rate and turn around and refuse to pay the employee at the promised rate. Even if the Defendants are able to prove that they are not obligated to pay Mr. Souto at the rate of $15.53 per hour, the fact remains that at the very least they were obligated to follow Massachusetts laws regarding payment of wages to employees. This includes the obligation to pay employees overtime wages. Regardless of what hourly rate is determined to be appropriate for Mr. Souto, it is clear that he was not paid for any overtime hours. As such, the Plaintiff still has a valid claim.

## **Conclusion**

For the foregoing reasons, Mr. Souto moves that this Motion be denied.

Respectfully Submitted,
RENATO SOUTO
By his attorneys,

/s/ Philip J. Gordon
Philip J. Gordon (BBO # 630989)
Kristen M. Hurley (BBO # 658237)
Gordon Law Group, LLP
535 Boylston St., 6th Fl.
Phone: 617-536-1800

## CERTIFICATE OF SERVICE

  I, Philip J. Gordon, hereby certify that on April 11, 2006, I caused a copy of the foregoing document to be served, upon counsel for the defendants, David Berman, Esq., 100 George P. Hassett Drive, Medford, MA 02155, by electronic notification and first class mail.

              <u>/s/ Philip J. Gordon</u>
              Philip J. Gordon

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.:2005-10864JLT

*******************************************
RENATO SOUTO and OTHERS SIMILARLY          )
SITUATED,                                   )
                 Plaintiffs,          )
                                       )
v.                                          )
                                       )
SOVEREIGN REALTY ASSOCIATES, LTD.           )
and STUART ROFFMAN, As President of the     )
General Partner of Sovereign Realty Associates,)
Ltd., Sovereign Realty Associates G.P., Inc., and)
Individually,                               )
                 Defendants.         )
*******************************************

## AFFIDAVIT OF PHILIP J. GORDON

I, Philip J. Gordon, under oath hereby depose and state as follows:

1. I am an attorney licensed to practice law in the Commonwealth of Massachusetts. I do so as a partner of the law firm of Gordon Law Group, LLP, 535 Boylston Street, 6th Floor, Boston, MA 02116.

2. I represent the Plaintiffs in the above-captioned action.

3. Scheduling depositions in the above-referenced action has been difficult due to a number of scheduling conflicts on both sides of the litigation.

4. Despite these difficulties, all parties were scheduled for depositions in the end of February, pursuant to a court order. Stuart Roffman was scheduled for his deposition on February 13, 2006, Lee Torrey was scheduled for his deposition on February 17, 2006, and Mr. Souto was scheduled for the continuation of his deposition on February 24, 2006.

5. On February 16, 2006, I was contacted by counsel for the defendants, Attorney David Berman. Attorney Berman informed me that LeeTorrey was ill and could not attend his scheduled deposition on February 17. We knew we were available on February 24, 2006, because Mr. Souto's deposition was already scheduled for this date so we both decided to postpone Mr. Souto's deposition and take Mr. Torrey's deposition on that date instead.

6. Attorney Berman requested to continue Mr. Souto's deposition on February 27, 2006. Mr. Souto was prepared to attend his deposition on this date. Prior to the deposition however, Attorney Berman informed me that he could not go forward on this date and requested that Mr. Souto appear on February 28, 2006.

7. My associate, Kristen Hurley, contacted Mr. Souto and learned that Mr. Souto was unable to arrange to take another day off from work. As a result, Attorney Hurley contacted Attorney Berman and indicated that the plaintiff would be willing to file a joint motion to extend time for discovery.

8. A Joint Motion For Extension of Time to Complete Discovery was filed on February 22, 2006.

9. I was on vacation from March 9, 2006 through March 13, 2006. When I returned to my office, I had two letters from Attorney Berman requesting a date to continue the deposition of Mr. Souto.

10. I contacted Attorney Berman on or about March 14, 2006. During this conversation, we created a list of dates that would fit into our schedules. I informed Attorney Berman that I would contact Mr. Souto to discuss Mr. Souto's availability.

11. On March 15, 2006, I received a letter from Attorney Berman stating that he would continue Mr. Souto's deposition on March 23, 2006. My associate, Attorney Hurley, contacted Attorney Berman on March 16, 2006, to reiterate that while this date fit into my calendar, it had not yet been confirmed with Mr. Souto.

12. Attorney Hurley attempted to contact Mr. Souto to determine if he was available on March 23, 2006, but received no response. As a result, Attorney Hurley contacted Attorney Berman on March 22, 2006 to request that Attorney Berman reschedule the deposition and cancel the court reporter. Attorney Berman refused.

13. On the afternoon of March 22, 2006, Mr. Souto contacted Attorney Hurley and informed her that he had been at Cape Cod for the weekend. He also told Attorney Hurley that he would be unable to take the next day off from work.

14. On March 27, 2006, I contacted Attorney Berman to inform him that Mr. Souto was available to continue his deposition on March 31, 2006.

15. I had scheduled the deposition of Barbara Fitzgerald for March 31, 2006, and I fully expected Attorney Berman to attend this deposition since he had appeared at Ms. Fitzgerald's previously scheduled deposition. I informed Attorney Berman that I did not expect Ms. Fitzgerald to appear and that we could hold Mr. Souto's deposition instead. This plan, however, was unacceptable to Attorney Berman for reasons unknown to me.

Signed under the pains and penalties of perjury this 11th day of April, 2006.

  /s/ Philip J. Gordon             .
Philip J. Gordon (BBO# 630989)
Gordon Law Group, LLP
535 Boylston Street, 6th Floor
Boston, MA 02116
(617)536-1800