UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RENATO SOUTO and OTHERS | * | |
| SIMILARLY SITUATED, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | Civil Action No. 05-10864-JLT |
| v. | * | |
| | * | |
| SOVEREIGN REALTY ASSOCIATES, LTD. | * | |
| and STUART ROFFMAN, as President | * | |
| of the General Partner of Sovereign Realty | * | |
| Associates, Ltd., Sovereign Realty Associates | * | |
| G.P., Inc., and Individually, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM
August 17, 2006

TAURO, J.

Plaintiff Renato Souto has brought this civil action against Sovereign Realty Associates,

Ltd. ("Sovereign") and Sovereign's President Stuart Roffman, for whom he worked as a

maintenance repairman, to recover unpaid wages on behalf of himself and others similarly

situated.  Plaintiff alleges violations of the Fair Labor Standards Act ("FLSA"), violations of

Massachusetts General Laws Chapters 149 and 151, breach of contract, fraud, and promissory

estoppel.  Defendants now move for judgement on the pleadings on portions of Counts I and II,

and on Counts III, IV, and VII.  Defendants also move to strike Count II of Plaintiff's complaint.

Plaintiff has moved to amend his complaint.

For the reasons discussed below, Defendants' Motion for Judgment on the Pleadings is

ALLOWED, Defendants' Motion to Strike Count II of Plaintiff's Complaint is ALLOWED, and

Plaintiff's Motion to Amend Complaint is DENIED.

1

**Background**

From 1994 until July 3, 2002, Plaintiff worked as a maintenance repairman for Defendant Sovereign Realty Associates, Ltd.[1]  In 1998, Sovereign, through its president, Defendant Stuart Roffman ("Roffman"), agreed to sponsor Plaintiff's Application for Labor Certification.  Roffman, thereafter, forced Plaintiff to perform tasks beyond his job duties, including wearing a pager twenty-four hours a day, seven days a week and performing Roffman's personal chores.  Roffman and other Sovereign managerial employees treated Plaintiff poorly, called him names, and humiliated him in front of other employees.  Frustrated by this treatment, Plaintiff contacted the Massachusetts Division of Employment and Training.  Thereafter, on July 3, 2002, Sovereign terminated Plaintiff's employment.

The heart of Plaintiff's case is that Sovereign has refused to pay him regular, overtime, and holiday wages to which Plaintiff is due under the law.  Plaintiff brings five counts.  In Count I, Plaintiff alleges that Defendants violated Massachusetts General Laws Chapter 149 (the "Massachusetts Wage Act" or the "Act"), Massachusetts General Laws Chapter 151 ("Chapter 151"), and the Fair Labor Standards Act.  In Count II, Plaintiff claims that Defendants failed to pay "others similarly situated" wages due under the Massachusetts Wage Act, Chapter 151, and the FLSA.  In Count III, Plaintiff claims that Defendants breached its contract to pay Plaintiff wages.  In Count IV, Plaintiff brings a claim for fraud, alleging that Defendants fraudulently promised to pay Plaintiff specific wages.  In Count VII, Plaintiff alleges promissory estoppel, claiming that Defendants promised to pay Plaintiff certain regular, overtime, and holiday wages,

---

[1] The following facts are drawn from Pl.'s Compl., Defs.' Answer, Defs.' Mem. in Supp. of Mot. for J. on the Pleadings, Defs.' Mot. to Strike, Pl.'s Opp'n to Defs.' Mot. for J. on the Pleadings, Pl.'s Opp'n to Defs.' Mot. to Strike, and Pl.'s Mot. to Am.

and that Defendants failed to fulfill their promise.

## Discussion

### A.    Defendants' Motion for Judgment on the Pleadings

#### 1.    Standard of Review

Defendants here move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. "The standard for evaluating a Rule 12(c) motion for judgment on the pleadings is essentially the same as that for deciding a Rule 12(b)(6) motion [to dismiss]."[2] The court "'must accept all of the nonmovant's well-pleaded factual averments as true, and draw all reasonable inferences in his favor.'"[3] The court will award judgment on the pleadings only when it appears beyond doubt that the movants are entitled to prevail as a matter of law.[4]

#### 2.    Counts I & II: Fair Labor Standards Act Claims

Plaintiff brings two claims under the FLSA.[5] Plaintiff asserts Count I on behalf of himself, while he brings Count II on behalf of others similarly situated. Both counts allege that Defendants failed to pay statutorily required overtime and holiday wages at the rate of one and half times their regular compensation rate.

Defendants advance two theories against Plaintiff's FLSA claims. They argue that Plaintiff's claims are time-barred, and that Plaintiff failed to properly plead a claim under the

---

[2] Pasdon v. City of Peabody, 417 F.3d 225, 226 (1st Cir. 2005); see also Aventis Pharma Deutschland GMBH v. Cobalt Pharm., Inc., 355 F. Supp. 2d 586, 590-91 (D. Mass. 2005).

[3] Padson, 417 F.3d at 225 (citing Rivera-Gomez, 843 F.2d at 635).

[4] See id. at 226 (citing Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988)); Aventis, 355 F. Supp. 2d at 591.

[5] See 29 U.S.C. §§ 206 & 207 (2006).

3

FLSA.  The statute of limitations for FLSA claims seeking unpaid wages is two years.[6]  The FLSA, however, has a three year statute of limitations for causes of action that arise out of willful violations of the statute.[7]  A "willful" violation of the FLSA occurs when "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."[8]  Any claim for unpaid wages not brought within the limitations period is "forever barred."[9]

Plaintiff complaint fails to allege that Defendants acted willfully.  Rather, it alleges merely that Defendants "failed, refused and/or neglected" to pay Plaintiff statutorily required wages.[10]  The three year statute of limitations, therefore, is inapplicable and Plaintiff's claims are subject to the FLSA's two year statute of limitations.[11]

Defendants terminated Plaintiff's employment on July 3, 2002.  Plaintiff's claims for unpaid wages necessarily arise from wages allegedly earned and withheld on or before his termination on July 3, 2002.  Plaintiff commenced this action in Middlesex Superior Court on April 7, 2005, more than two years after his termination from Defendants' employment.

---

[6] 29 U.S.C. § 255(a).

[7] Id.

[8] McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988); Baystate Alternative Staffing, Inc. v. Herman, 163 F.3d 668, 679 (1st Cir. 1998).

[9] 29 U.S.C. § 255(a).

[10] See Pl.'s Compl. at 3, ¶¶ 18 & 22.

[11] See 29 U.S.C. § 255(a).

4

Plaintiff's FLSA claims under Counts I and II are time-barred and hereby dismissed.[12]

Having found Plaintiff's claims time-barred, this court need not decide whether Plaintiff has

sufficiently pleads an FLSA claim.[13]

    3.    <u>Counts I & II: Claims Under Massachusetts General Laws Chapter 151</u>

Plaintiff, in Counts I and II, advances claims under Massachusetts General Laws, Chapter

151 ("Chapter 151"), alleging that Defendants failed to pay Plaintiff and others similarly situated

statutorily required overtime and holiday wages.[14]  All claims brought under the provisions of

Chapter 151 are subject to a two year statute of limitations.[15]  Plaintiff's Chapter 151 claims

accrued on or before his termination from Defendants' employ on July 3, 2002.  Plaintiff filed this

action on April 7, 2005, more than two years after his claims accrued.  Plaintiff's Chapter 151

claims are therefore time-barred.  Counts I and II of Plaintiff's complaint, to the extent they raise

state law claims under Chapter 151, are dismissed.[16]

---

[12] Having found Plaintiff's FLSA claim time-barred, the FLSA class claim in Count II, which Plaintiff seeks to prosecute on behalf of other similarly situated, must also be dismissed. <u>See</u> <u>Cruz v. Farquharson</u>, 252 F.3d 530, 533 (1st Cir. 2001) (explaining that class action allegations are ordinarily dismissed if the named plaintiff's claims are fully resolved before class certification).

[13] Defendants argue that Plaintiff failed to adequately allege that Defendant was engaged in commerce and that, therefore, Plaintiff's FLSA claim should fail.  This court need not determine the issue.

[14] <u>See</u> Mass. Gen. Laws c. 151, § 1A (requiring employers to pay certain overtime and holiday wages at one and one-half times employees' regular rates).

[15] <u>Id.</u> § 20A ("The provisions of [Chapter 151] shall not be applicable to any cause of action accruing more than two years prior to the date of filing in court of a criminal or civil action.").

[16] Having found Plaintiff's Chapter 151 claim time-barred, Plaintiff's class allegation under Chapter 151 also fails and is dismissed.  <u>See</u> <u>Cruz</u>, 252 F.3d at 533.

In Counts I and II, Plaintiff also brings claims for unpaid wages under the Massachusetts Wage Act.[17]  Defendants do not challenge these claims in this Motion for Judgment on the Pleadings.  For the purposes of this motion, Plaintiff's claims under the Massachusetts Wage Act survive, leaving in issue any disputed wages earned by Plaintiff during the applicable three year limitations period.[18]

 4. <u>Count III: Breach of Contract</u>

In addition to his statutory claims, Plaintiff brings several common law claims against Defendants.  The first is for breach of contract.  Defendants argue that this court should declare the Massachusetts Wage Act's statutory remedy for nonpayment of wages as Plaintiff's exclusive means of recovery, and that Plaintiff fails to allege a breach of contract claim.

In order to plead a breach of contract claim, Plaintiff must allege: (1) that the parties had an agreement supported by valid consideration; (2) that Plaintiff performed his obligations or was otherwise ready, willing and able to perform; (3) that Defendants' breach prevented Plaintiff from performing; and (4) that Plaintiff was damaged.[19]  Plaintiff must plead "'with substantial certainty the facts showing the existence of the contract and the legal effect thereof.'"[20]  It is not sufficient

---

[17] <u>See</u> Mass. Gen. Laws c. 149, § 148 (setting forth specific requirements regarding the payment of wages to employees); <u>see also</u> <u>id.</u> § 150 (authorizing aggrieved employees to bring civil actions for the non-payment of wages).

[18] <u>See</u> <u>Mogilevsky v. Bally Total Fitness Corp.</u>, 263 F. Supp. 2d 164, 166 (D. Mass. 2003); <u>see also</u> Mass. Gen. Laws c. 149, § 150.

[19] <u>Doyle v. Hasbro, Inc.</u>, 103 F.3d 186, 194 (1st Cir. 1996) (citing <u>Singarella v. City of Boston</u>, 173 N.E.2d 290, 291 (Mass. 1961)).

[20] <u>Id.</u> at 194-95 (quoting <u>Pollock v. New England Tel. & Tel. Co.</u>, 194 N.E.2d 133, 136 (1935)).

to simply allege that the facts presented demonstrate the breach of a contractual relationship.[21]  A complaint must instead contain specific information, such as the basic terms of the contract, the duration of the contract, when the contract was formed, what obligations the contract imposed on the different parties, and the damages suffered by the breach.[22]  Conclusory statements regarding the existence and breach of an alleged contract will not satisfy the pleading requirements.[23]

Plaintiff's breach of contract claim fails to satisfy the pleading requirement.  Plaintiff's complaint states nothing more than the conclusory allegation that Defendants breached a contract to pay Plaintiff certain regular, overtime, and holiday wages.  It does not allege any specific promise or agreement on which to base a breach of contract cause of action.  Plaintiff's complaint does not mention the basic terms of the alleged contract.  It does not state at what rate Defendants agreed to pay Plaintiff, what obligations Plaintiff owed Defendants, or whether Defendants made any promises regarding specific wages to Plaintiff.  Plaintiff's complaint fails to allege the date Defendants and Plaintiff entered the agreement, the time at which Defendants breached the contract, or what approximate measure of damages Plaintiff suffered.  Plaintiff, in fact, fails to allege any one specific payment that Defendants failed to pay Plaintiff.  Plaintiff's complaint states simply that Defendants didn't always pay Plaintiff as the law required.  It is not enough for Plaintiff to state that a contract existed and that Defendants, at some point during Plaintiff's employment, breached that contract.

Plaintiff's breach of contract claim under Count III fails on the pleadings and is dismissed.

---

[21] Id. at 194.

[22] See id. at 195.

[23] See id.

7

Because Plaintiff has failed to adequately plead a breach of contract claim, this court need not address the issue of the exclusivity of the Massachusetts Wage Act.

     5.     Count IV: Fraud, Misrepresentation, and Deceit

Defendants next attack Count IV of Plaintiff's complaint, which claims that Defendants committed fraud, misrepresentation, and deceit. Plaintiff alleges that Defendants falsely agreed to abide by the labor and employment laws of Massachusetts regarding payment of wages, that Plaintiff relied on that representation by accepting employment with Defendants, and that Defendants failed to pay Plaintiff the wages promised. Defendants argue that Plaintiff has failed to plead these claims with sufficient particularity to satisfy Federal Rules of Civil Procedure, Rule 9(b). Defendants also argues that the statutory remedy afforded for nonpayment of wages under the Massachusetts Wage Act preempts the common law remedy for fraud when the alleged fraud arises from the failure to pay wages.

A federal district court exercising its diversity jurisdiction must look to the applicable state law to determine whether a plaintiff has satisfactorily plead the substantive elements of fraud.[24] The court, however, must also evaluate the procedural sufficiency of the pleadings through the heightened particularity requirements of federal law.[25] These standards govern even when a case begins in state court and is subsequently removed to federal court.[26]

Under Massachusetts law, a plaintiff claiming fraudulent misrepresentation must allege

---

[24] Pearce v. The Duchesneau Group, Inc., 392 F. Supp. 2d 63, 72 (D. Mass. 2005); see also Hayduk v. Lanna, 775 F.2d 441, 443 (1st Cir. 1985); Johnson v. Brown & Williamson Tobacco Corp., 122 F. Supp. 2d 194, 207 (D. Mass. 2000).

[25] Pearce, 392 F. Supp. 2d at 72; Johnson, 122 F. Supp. 2d at 207.

[26] See Pearce, 392 F. Supp. 2d at 72; Johnson, 122 F. Supp.2d at 207.

that the Defendants: "1) made a false representation of material fact, 2) with knowledge of its falsity, 3) for the purpose of inducing the plaintiff to act thereon, and 4) that the plaintiff relied upon the state to his or her detriment."[27]  A plaintiff must also satisfy the federal procedural rules, which require that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."[28]  Compliance with the heightened pleading standard requires a plaintiff to plead with specificity "'the time, place, and content of an alleged false representation.'"[29]  The specificity requirement relates only to the who, what, where and when of the alleged fraudulent statement and does not extend to the other elements of fraud, such as intent and knowledge.[30]  The particularity standard, in short, requires that a plaintiff support his or her general allegations with a specific factual basis.[31]

Here, Plaintiff has failed to satisfy the heightened pleading standard of Rule 9(b).  The fatal flaw in Plaintiff's complaint is that he fails to allege any specific fraudulent statement. Plaintiff states merely that Defendants represented to Plaintiff that they would pay Plaintiff certain wages, that this representation was intentionally false, and that Plaintiff relied to his detriment on

---

[27] Johnson, 122 F. Supp. 2d at 207 (citing Damon v. Sun Co., 87 F.3d 1467, 1471-72 (1st Cir. 1996)); see also Eureka Broadband Corp. v. Wentworth Leasing Corp., 400 F.3d 62, 68 (1st Cir. 2005) (citing Russell v. Cooley Dickinson Hosp., Inc., 772 N.E.2d 1054, 7066 (Mass. 2002)); Doyle, 103 F.3d at 193 (citing Turner v. Johnson & Johnson, 809 F.2d 90, 95 (1st Cir. 1986) & Danca v. Taunton Sav. Bank, 429 N.E.2d 1129, 1133 (1982)).

[28] Fed. R. Civ. P. 9(b).

[29] Doyle, 103 F.3d at 194 (quoting McGinty v. Beranger Volkswagen, Inc., 633 F.2d 226, 228-29 & n.2 (1st Cir. 1980)).

[30] Id.; Pearce, 392 F. Supp. 2d at 72.

[31] See Johnson, 122 F. Supp. 2d at 207.

Defendants' representation.  This broad allegation contains nothing more than a conclusory statement accusing Defendants of fraudulently inducing Plaintiff to perform certain tasks on the promise of wages.  Plaintiff does not allege any specific statement, the speaker of any such statement, or the time at which any fraudulent promise occurred.  Plaintiff's complaint, at best, indicates that someone at Sovereign, at some point, before or during Plaintiff's employment, promised to pay Plaintiff certain wages, knowing that they would not pay those wages.  Such vague allegations of fraud are insufficient to satisfy the pleading requirement of Rule 9(b).

Plaintiff's fraudulent misrepresentation claim, therefore, fails on the pleadings and is dismissed.  Having decided that Plaintiff failed to plead fraud with sufficient particularity, this court need not determine whether the statutory remedies for nonpayment of wages under the Massachusetts Wage Act preempt Plaintiff's common law claims.

6.    Count VII: Estoppel

Plaintiff's final claim is for estoppel.  Defendants challenge Plaintiff's claim, arguing that the facts as plead are insufficient to establish an estoppel cause of action.  Under Massachusetts law, promissory estoppel "consists simply of a promise that becomes enforceable because of the promisee's reasonable and detrimental reliance."[32]  The elements necessary to succeed on a promissory estoppel claim are: (1) a promise by the defendant; (2) that the defendant should reasonable have expected to induce the plaintiff to some action or forbearance; (3) the promise induced such action or forbearance; (4) the plaintiff's reasonably relied on the defendant's promise

---

[32] Rooney v. Paul D. Osborne Desk Comp., 645 N.E.2d 50, 51 (Mass. App. Ct. 1995) (citing Loranger Constr. Corp. v. E.F. Hauserman Co., 384 N.E.2d 176, 179-81 (Mass. 1978)).

when taking such action or forbearance; and (5) the plaintiff suffered harm.[33]  A promissory estoppel action "is equivalent to a contract action, and the party bringing such action must prove all the necessary elements of a contract other than consideration."[34]  The crucial elements of a promissory estoppel claim are the existence of an unambiguous promise and the plaintiff's reasonable reliance on that promise.[35]

Plaintiff's compliant fails to sufficiently plead a promissory estoppel cause of action. Plaintiff does not to allege any specific unambiguous promise made by Defendants to Plaintiff. Plaintiff's pleadings do not allege or point to any specific promise on which to base a contractual or promissory estoppel claim.  Plaintiff alleges merely that Defendants promised to pay Plaintiff wages for certain services.  The complaint does not state any details of this promise, such as the rate of pay, hours of work, who made the promise, or when the promise was made.  Nor does Plaintiff's complaint allege the time at which Defendants breached their promise, how many times Defendants failed to pay Plaintiff proper wages, or the amount of wages Defendants allegedly failed to pay Plaintiff.

The fundamental element of any contract or promissory estoppel claim is a promise. Because Plaintiff has failed to plead the existence of a particular promise, his complaint fails to set forth sufficient facts to plead a promissory estoppel cause of action.  Plaintiff's promissory

---

[33] See Loranger, 384 N.E.2d at 179 (citing the Restatement (Second) of Contracts § 89B(2)); Mill-Bern Assocs., Inc. v. Dallas Semiconductor Corp., 2002 WL 1340853, at * 8 (Mass. Super. June 13, 2002).

[34] Rhode Island Hosp. Trust Nat'l Bank v. Varadian, 647 N.E.2d 1174, 1179 (Mass. 1995).

[35] See id. at 1178 (citing Pappas Indus. Parks, Inc. v. Psarros, 511 N.E.2d 621, 623 (Mass. App. Ct. 1987)).

estoppel claim is therefore dismissed.

**B.      Defendants' Motion to Strike Count II of Complaint**

Defendants have also filed a motion to strike Count II of Plaintiff's complaint.  In Count II, Plaintiff brings claims under the FLSA, the Massachusetts Wage Act, and Chapter 151 on behalf of a class of others similarly situated.  Having already dismissed Plaintiff's claims under Chapter 151 and the FLSA, this court need only consider Defendants' motion with regard to Plaintiff's remaining class claim under the Massachusetts Wage Act.

For purposes of Defendants' Motion to Strike Plaintiff's class allegations, this court will employ the standard applicable to a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[36]  In conducting this review, this court accepts all well-pleaded factual allegations of Plaintiff's complaint as true and draws all reasonable inferences in favor of the non-moving party.[37]  This court will grant a motion to dismiss only when "'it is apparent beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.'"[38]

The Massachusetts Wage Act authorizes an aggrieved employee to bring a civil action against his or her employer "for himself and for others similarly situated."[39]  The Act, in other words, authorizes class actions for the recovery of unpaid wages.  Unlike the FLSA, the

---

[36] See Bessette v. Avco Fin. Servs., Inc., 279 B.R. 442, 450 (Bankr. D. R.I. 2002) (applying the motion to dismiss standard of review to a motion to strike class allegations asserted before any class discovery occurred).

[37] See Stanton v. Metro Corp., 438 F.3d 119, 123 (1st Cir. 2006).

[38] Id. at 123-24 (quoting Greene v. Rhode Island, 398 F.3d 45, 48 (1st Cir. 2005) (internal citation omitted)).

[39] Mass. Gen. Laws c. 149, § 150.

Massachusetts Wage Act does not provide for "opt-in" collective actions.[40]

Having already dismissed Plaintiff's FLSA claims, the collective action standard of the FLSA is inapplicable to Plaintiff's remaining claim. Plaintiff's complaint, therefore, must allege sufficient facts to satisfy the class action requirements of Rule 23 of the Federal Rules of Civil Procedure.[41]

A class action is appropriate only if:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.[42]

These requirements are commonly referred to as numerosity, commonality, typicality, and adequacy of representation.[43] Even if a plaintiff pleads sufficient facts to satisfy the above-listed requirements, the plaintiff must still establish that his or her action fits in one of the three categories of Rule 23(b), which require either the impracticality of separate dispositions, the necessity of generally applicable injunctive relief, or the superiority of a class action in ensuring a

---

[40] Compare 29 U.S.C. § 216(b) (explaining that "[n]o employee shall be a party plaintiff to any [class] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought") with Mass. Gen. Laws c. 149, § 150 (lacking the "opt-in" language of the FLSA).

[41] See McLaughlin v. Liberty Mutual Ins. Co., 224 F.R.D. 304, 306-07 (D. Mass. 2004); Salvas v. Wal-Mart Stores, Inc., 2004 WL 3218424, at *2 (Mass. Super. Dec. 30, 2004) (applying the Massachusetts Rule 23 factors, which are identical to the federal Rule 23 factors, to a claim under the Massachusetts Wage Act); Williamson v. DT Mgmt., Inc., 2004 WL 1050582, at *14-15 (Mass. Super. Mar. 10, 2004).

[42] Fed. R. Civ. P. 23(a).

[43] See McLaughlin, 224 F.R.D. at 307-10.

13

fair and efficient adjudication of the controversy presented.[44]

Plaintiff's complaint fails to allege facts sufficient to satisfy the four initial prerequisites for a class action.  Plaintiff's complaint lacks any allegation or mention of a class of plaintiffs that is "so numerous that joinder of all members is impracticable."[45]  Plaintiff makes only the conclusory statement that Defendants have failed to pay appropriate wages to others similarly situated.  He does not allege how many people may fit this class nor does he allege facts that even suggest that Defendants have treated any other specific individuals as they have allegedly treated Plaintiff.  Plaintiff fails to allege sufficient facts to determine the approximate size of the proposed class or that the class is so large as to render joinder impracticable.

Plaintiff's complaint similarly lacks sufficient allegations of commonality.  The facts alleged in Plaintiff's complaint set forth claims specific to Defendants' treatment of Plaintiff.  Defendants allegedly failed to properly pay Plaintiff for regular, overtime, and holiday wages which had Plaintiff earned.  Cases that meet the commonality requirement in similar circumstances most often involve claims that the defendants have injured the class of plaintiffs through a generally applicable policy or practice or through specific conduct or a course of conduct that similarly affects the entire class.[46]  Plaintiff here does not allege such a generally applied policy or practice, or that the same conduct or course of conduct by Defendants caused common injury to all plaintiffs.  Plaintiff does allege that some class members may have suffered injuries similar to Plaintiff's injuries and may have causes of action under the same laws.  Resolution of this case,

---

[44] See Fed. R. Civ. P. 23(b).

[45] See Fed. R. Civ. P. 23(a)(1).

[46] See McLaughlin, 224 F.R.D. at 309-10.

14

however, requires a detailed evaluation of each individual plaintiff's performed services, employment contract, wage agreement, wages earned, when Defendants withheld such wages, and in what amount.

Each plaintiff's case may present similar legal issues, but the questions of fact are entirely unique to each plaintiff's situation and to the specific conduct of Defendants. Each individual failure to pay is unique and most appropriately dealt with through joinder to this action or in a separate civil action. Plaintiff's allegations simply do not support a claim of commonality.

The third requirement, typicality, demands that "the lead plaintiff's claims must be typical of the claims of the proposed class."[47] Typicality requires that Plaintiff's claims exhibit essentially similar characteristics as the absent members of the class.[48] Plaintiff's claims need not be identical with the entire class, but Plaintiff's claims must "'arise from the same course of conduct that gave rise to the claims of the absent members.'"[49] Plaintiff's complaint fails to state a claim sufficient to satisfy this requirement. Defendants' alleged misconduct does involves the same *type* of conduct – failure to pay their employees statutorily required wages.

Plaintiff's complaint, however, lacks any allegation, or facts to support the inference, that all class members' injuries resulted from the same course of conduct of Defendants. At best, Plaintiff's complaint alleges several individual situations where Defendants failed to pay wages to different employees. Plaintiff's allegations fail to set forth any basis to link these individual

---

[47] Id. at 310.

[48] Id.

[49] Id. (citing Priest v. Zayre Corp., 118 F.R.D. 552, 555 (D. Mass. 1988) (internal quotation marks omitted)).

15

situations together.  Plaintiff's allegations, as plead, fail to satisfy the typicality requirement of Rule 23(a) of the Federal Rules of Civil Procedure.

The final requirement necessary to support a class action is an evaluation of the adequacy of Plaintiff to represent the entire class.[50]  "'Inquiries into the adequacy of representation should focus on the named plaintiffs' ability to prosecute the action vigorously through qualified counsel and their lack of conflicting interest with unnamed class members.'"[51] This court has no doubt that Plaintiff is represented by experienced and qualified counsel who would represent Plaintiff and the entire class vigorously.  Plaintiff's complaint, however, does not allege sufficient facts for this court to evaluate whether Plaintiff himself, and his interests, may conflict with the other putative class members.  By failing to even allege Plaintiff's adequacy to represent the class, Plaintiff complaint is deficient and cannot support a class action allegation.

Plaintiff, in short, has failed to adequately allege facts sufficient to met the four prerequisites to a class action.  Plaintiff's Count II, therefore, fails to state a claim upon which this court can grant relief.  Defendants' motion to strike Count II of Plaintiff's complaint is ALLOWED and Count II is hereby dismissed.[52]

## C.    Plaintiff's Motion to Amend Complaint

Plaintiff moves to amend his complaint to add Barbara Fitzgerald as a named defendant.

---

[50] See Fed. R. Civ. P. 23(a)(4).

[51] McLaughlin, 224 F.R.D. at 310 (citing Priest, 118 F.R.D. at 556 (internal quotation marks omitted)).

[52] Having previously dismissed Plaintiff's FLSA and Chapter 151 claims found in Count II of Plaintiff's complaint, the dismissal of Plaintiff's Massachusetts Wage Act action under Count II disposes of Count II in its entirety.

Plaintiff argues that Ms. Fitzgerald is an "employer" and, therefore, is personally liable under the Massachusetts Wage Act.  Defendants contest Plaintiff's motion and argue that Ms. Fitzgerald is not an "employer" under the statute.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend his or her complaint only with leave of court, which a court has the discretion to grant "when justice so requires."[53]  A court should deny leave to amend when a proposed amendment is futile.[54]  The term futile "means that the complaint, as amended, would fail to state a claim upon which relief could be granted."[55]  In evaluating the futility of a proposed amendment, this court will apply the standard applicable to a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[56]  This court, therefore, must accept as true the facts advanced in support of Plaintiff's motion to amend, construe all reasonable inferences in favor of Plaintiff, and determine whether Plaintiff's proposed amendment states a cognizable legal claim.[57]  This court will consider Plaintiff's proposed amendment and the evidence submitted in support of Plaintiff's motion.

The Massachusetts Wage Act extends personal liability for nonpayment of wages to all

---

[53] Fed. R. Evid. 15(a).

[54] See Adorno v. Crowley Towing and Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006).

[55] Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996) (citing Moore's Federal Practice ¶ 15.08[4], at 15-80 (2d ed. 1993)).

[56] Adorno, 443 F.3d at 126 (citing Glassman, 90 F.3d at 623).

[57] See ING Principal Prot. Funds Derivative Litig., 369 F. Supp. 2d 163, 167 (D. Mass. 2005) (citing Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 16 (1st Cir. 1998)); see also Fed. R. Civ. P. 12(b)(6).

"employers."[58]  The Act defines "employers" as the "president" of the corporation, the "treasurer" of the corporation, and "any officers or agents having the management of such corporation."[59] Massachusetts courts have refused to broadly interpret the "any officers or agents having management" portion of the above-definition.[60]  Instead, that portion of the Act is designed to ensure that liability extends only to "other agents who may not hold these formal titles, but whose actual responsibilities are functionally equivalent to those performed by a corporate president or treasurer."[61]  Most individuals in managerial positions within a company are not subject to liability under the Act.[62]  "Merely holding a managerial position over some branch, division, or office of a corporation does not, by itself, mean that the manager has the 'management' of the 'corporation' as a whole."[63]  Instead, for individual liability under the Wage Act to attach, the corporate officer or agent must direct and participate "to a substantial degree in formulating the corporation's policy."[64]

Plaintiff contends that Ms. Fitzgerald holds a position of management within Defendant Sovereign indistinguishable from that of a treasurer.  Ms. Fitzgerald, however, does not formally

---

[58] See Mass. Gen. Laws c. 149, § 148; see also Nahigian v. Leonard, 233 F. Supp. 2d 151, 160-61 (D. Mass. 2002).

[59] Id.

[60] See Wiedmann v. The Bradford Group, Inc., 831 N.E.2d 304, 314 (Mass. 2005); Bisson v. Ptech, Inc., 2004 WL 2434638, at *2 (Mass. Super. Oct. 19, 2004).

[61] Bisson, 2004 WL 2434638, at *2.

[62] See Wiedmann, 831 N.E.2d at 314.

[63] Id.

[64] Id.

18

hold the title of treasurer of Sovereign. Plaintiff offers the deposition testimony of Defendant Roffman and Sovereign employee Lee Torrey in support if his argument. Plaintiff contends that this testimony shows that Ms. Fitzgerald was the bookkeeper, accountant, manager of payroll services, and otherwise occupied a significant management position regarding Sovereign's finances.

After reviewing the submitted deposition testimony, this court finds that Ms. Fitzgerald was not an "employer" under the Massachusetts Wage Act. The evidence presented shows, at best, that Ms. Fitzgerald administered the payroll services of Sovereign. Ms. Fitzgerald kept the books, served as the company's internal accountant, and had authority to sign Defendant Roffman's name on employee pay checks. Ms. Fitzgerald, however, did not sign her own name to the checks nor did she have the authority to do so. Ms. Fitzgerald may have directed Plaintiff to perform certain tasks. Those tasks, however, were not the regular day to day orders attributable to Sovereign, but were more isolated ministerial tasks, such as delivering messages to Mr. Roffman or Mr. Torrey. Plaintiff offers no evidence, nor do they allege, that Ms. Fitzgerald had the power to hire or fire employees of Sovereign. While Ms. Fitzgerald may have had sole control over the *administration* of payroll and accounting at Sovereign, there is no evidence that suggests that Ms. Fitzgerald "directed and participated to a substantial degree in formulating the corporation's policy."[65] In fact, there is no evidence that Ms. Fitzgerald had any role in the formulation or direction of company policy. At best, Ms. Fitzgerald merely supervised the carrying out of such policies. Administrative responsibility does not rise to the level equal to

---

[65] See id.

"management of the corporation as a whole."[66]

On the facts alleged in the amended complaint and the evidence contained in the deposition testimony of Mr.'s Roffman and Torrey, this court finds that Ms. Fitzgerald's position with Sovereign is not the functional equivalent of a treasurer.  Ms. Fitzgerald, therefore, is not an "employer" as defined by the Massachusetts Wage Act and thus cannot be held personally liable for the alleged nonpayment of Plaintiff's wages.  Plaintiff's proposed amendment is futile and, thus, Plaintiff's motion to amend is DENIED.

### Conclusion

For the reasons stated above, Defendants' motion for judgment on the pleadings is ALLOWED, Defendants' motion to strike Count II of Plaintiff's complaint is ALLOWED, and Plaintiff's motion to amend is DENIED.  The only remaining claim in this matter, therefore, is Plaintiff's claim for unpaid wages under the Massachusetts Wage Act as asserted in Count I of Plaintiff's complaint.[67]

IT IS SO ORDERED.

   /s/ Joseph L. Tauro
United States District Judge

---

[66] See id. (explaining that an "employer" under the Massachusetts Wage Act is an officer or agent with management of the whole corporation and not simply the management of one office, branch, division, or other portion of the company).

[67] Mass. Gen. Laws c. 149, §§ 148, 150.