UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 2005-10864JLT

| | |
|---|---|
| RENATO SOUTO and OTHERS SIMILARLY SITUATED, **Plaintiffs,** v. SOVEREIGN REALTY ASSOCIATES, LTD. and STUART ROFFMAN, as president of the General Partner of Sovereign Realty Associates, Ltd., Sovereign Realty Associates G.P., Inc. and Individually, **Defendants** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**STATEMENTS OF UNDISPUTED MATERIAL FACTS WITH RESPECT TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The following facts appear to be undisputed:

**1.** This action was commenced in the Superior Court of the Commonwealth of Massachusetts by the filing of a Complaint on or about April 7, 2005; *see* Notice of Removal and date of Cover Sheet. However, Superior Court Tracking Order is dated April 15, 2005.

**2**. Defendant Sovereign Realty Associates Ltd. is a Massachusetts limited partnership; Paragraph 3 of Complaint admitted in Answer.

**3.** Defendant, Stuart Roffman, is an individual residing at 124 Farm Street, Dover, Norfolk County, Massachusetts. At all relevant times

Stuart Roffman was either the general partner of Sovereign Realty Associates, Ltd. or the president of Sovereign Realty Associates G.P., Inc., a Massachusetts corporation organized in 2003 for the purposes of replacing Stuart Roffman as the general partner of Sovereign Realty Associates, Ltd.; Paragraph 4 of the Complaint admitted in Answer.

4. From on or about 1994 until July 3, 2002, Renato Souto was employed as a maintenance repairer for Sovereign Realty Associates, Ltd.; Paragraph 5 of the Complaint admitted in Answer.

5. In 1998, Sovereign Realty Associates, Ltd., through Stuart Roffman its president, agreed to sponsor Renato Souto's application for Labor Certification; Paragraph 7 of the Complaint admitted in Answer.

6. This court has previously dismissed all of Plaintiff's claims except those that Plaintiff voluntarily dismissed and one for which dismissal has not yet been sought, namely, the claim for unpaid wages under Mass. G.L.c.149, §150. It is on the latter claim that Defendants now seek summary judgment.

7. Defendants (referring to all Defendants and their representatives) never agreed to pay Plaintiff more than ten ($10.00) dollars per hour based on forty (40) hour week. Deposition of Plaintiff, 12/20/05, pp. 78-82.

    **8.**    Plaintiffs' entire claim that he was entitled to more than ten ($10.00) dollars per hour is based on a written statement, supposedly given to the Government when Defendant Roffman was sponsoring Plaintiff for permanent residence, that Plaintiff was being paid fifteen dollars and seventy-three cents ($15.73) per hour.  *Id.*

    9.    Prior to this litigation, neither Defendant Roffman nor the manager of Defendant Sovereign, Lee Torrey, ever saw the written statement that Plaintiff was earning fifteen dollars and seventy-three cents ($15.73) per hour.  Roffman Depo. pp. 105-106; Torrey Depo; pp. 71-72 and Ex. 2.

    10.    After Mr. Torrey dismissed Plaintiff, Plaintiff begged Mr. Roffman to give him back the job, understanding that he would be paid ten ($10.00) dollars per hour.  Depo. of Plaintiff, 06/30/06, p. 13.

    11.    Plaintiff never told Mr. Torrey or Mr. Roffman that there was a mistake in his paycheck when he was receiving ten ($10.00) dollars per hour or four hundred ($400.00) per week.  *Id.,* p. 14.

    12.    Plaintiff always carried out the orders given him by his superiors even though these orders were always given in English.  *Id.*, 15-16.

    13.    In his present job as a salesman for Home Depot, Plaintiff uses English.  *Id.*, 15.

14.     Without Mr. Roffman's permission, Plaintiff on at least two occasions surreptitiously took from his fax machine faxes sent to Mr. Roffman, copied them, and kept the copies. *Id.*, pp. 17-19.

15      Plaintiff understood that if Mr. Roffman knew that Plaintiff was taking faxes and copying them, he would be fired. *Id.*, p. 19.

16.     According to Mr. Torrey, Plaintiff did not work overtime. Deposition of Lee Torrey, p. 58.

17.     Plaintiff regularly took a lunch break from noon to 12:30 p.m. but was paid for this time. *Id.*, 189-190.

18.     While employed by Defendants, Plaintiff frequently left work early or arrived late because he had a second job. *Id.*, pp. 53-55.

19.     While he was employed by Defendants, Plaintiff was never paid for more than forty (40) hours per week.  Depo of Plaintiff, 06/30/06, p. 14.

19.     Plaintiff is unable to remember any week in which he worked more than forty (40) hours. Depo of Plaintiff, 12/20/05, pp. 164-166.

- 5 -

By Defendants' attorney

 /s/David Berman
**David Berman**
100 George P. Hassett Drive
Medford, Massachusetts 02155
BBO No. 040060
Tel. No (781) 395-7520

Dated: September 21, 2006

- 6 -

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**Civil Action No. 2005-10864JLT**

| | |
|---|---|
| RENATO SOUTO and OTHERS SIMILARLY SITUATED, )<br>    **Plaintiffs,** )<br>)<br>**v.** )<br>)<br>SOVEREIGN REALTY ASSOCIATES, LTD. )<br>And STUART ROFFMAN, As president of the )<br>General Partner of Sovereign Realty Associates, )<br>Ltd., Sovereign Realty Associates G.P., Inc. and )<br>Individually, )<br>    **Defendants** )<br>) | **CERTIFICATE OF SERVICE** |

    I, David Berman, certify that on September 21, 2006, that I caused a copy of the within **Statements of Undisputed Material Facts with Respect to Defendants' Motion for Summary Judgment** to be delivered by Electronic Transmission and First-class mail to: **Philip J. Gordon**, Esquire, Gordon and Balikian, LLP, 535 Boylston Street, 6th Floor, Boston, Massachusetts 02116 pgordon@gordonllp.com

                                                  **/s/David Berman**
                                                  David Berman
                                                  100 George P. Hassett Drive
                                                  Medford, Massachusetts 02155
                                                  BBO No. 040060
                                                  Tel. No (781) 395-7520

Dated: September 21, 2006

- 6 -