UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.:2005-10864JLT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
RENATO SOUTO and OTHERS SIMILARLY         )
SITUATED,                                 )
                        Plaintiffs,       )
                                          )
v.                                        )
                                          )
SOVEREIGN REALTY ASSOCIATES, LTD.         )
and STUART ROFFMAN, As President of the   )
General Partner of Sovereign Realty Associates, )
Ltd., Sovereign Realty Associates G.P., Inc., and )
Individually,                             )
                        Defendants.       )
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The Defendants, Sovereign Realty Associates, Ltd. and Stuart Roffman (hereinafter collectively "Defendants" and "Sovereign") have filed a Motion for Summary Judgment in the above-captioned action on the grounds that: 1) the plaintiff has failed to carry his burden of proof by producing evidence that the Defendants agreed to a submission to the government stating that the plaintiff would receive $15.53 per hour; 2) there was never any agreement to pay plaintiff more than $10.00 per hour; 3) plaintiff cannot use the provisions of M.G.L. c.149 § 150 to recover for overtime even at the rate of $10.00 per hour; 4) where the plaintiff is unable to state when he worked overtime, he can not recover for that overtime; 5) the plaintiff agreed to work for $400.00 per week for whatever time he actually worked; and 6) the plaintiff's admitted theft of documents disqualifies him for any further compensation.

Despite the Defendants' assertions, however, there remain genuine issues as to material facts, and thus this case is not appropriate for summary judgment. Mr. Souto asserts that he worked on average 55-60 hours per week during his employment with Sovereign, and this assertion is supported by his former supervisor, Lawrence Dorsey. Although Defendants assert that Mr. Souto did not work the additional hours, the Defendants also admit that they did not keep track of Mr. Souto's hours. There is no dispute, however, that Defendants did not pay Mr. Souto for each additional hour of labor.

The question as to whether Mr. Souto worked additional hours is important, because it is clear that an employer's failure to pay an employee wages in a timely manner for all hours worked is a violation of M.G.L. c. 149 § 148, and Mr. Souto would be entitled to the remedies under the provisions of M.G.L. c. 149 § 150. While the Court has adjudicated as time-barred Mr. Souto's claim for wages at the overtime premium under M.G.L. c. 151 § 1A, he nevertheless remains entitled to recover his regular wages for all hours worked, whether or not overtime, as required by M.G.L. c. 149 § 148, 150.

Furthermore, Mr. Souto also retains a claim under M.G.L. c. 149 § 148 for failure to pay wages for vacation, personal and sick days. Defendants claim that Mr. Souto has been compensated for this time, yet they have produced no evidence showing Sovereign's paid time off policy, the days Mr. Souto actually took off or anything reflecting the payments. While Mr. Souto remembers taking a total of four days off around 2000, the present matter concerns 2002, as to which there is no evidence of any days away from work. Mr. Souto's testimony is supported once again by Mr. Dorsey who recalls a vacation policy, and does not remember Mr. Souto taking any time off.

This is also supported by Mr. Torrey who remembers a vacation policy and believes there was one-week allotted. Thus, Mr. Souto should be compensated for time off to which he was entitled but never took.

Accordingly, the Plaintiff, Renato Souto, opposes the Defendants' Motion for Summary Judgment on the grounds that there are genuine issues as to material facts.

## ARGUMENT

**A.     Standard for Motion for Summary Judgment**

A motion for summary judgment can only be allowed if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue of fact is "genuine" if it may reasonably be resolved in favor of either party. See Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir.1997). "Material" facts are those which possess the capacity to sway the outcome of the litigation under the applicable law. See Okmyansky v. Herbalife Intern. of America, Inc., 415 F.3d 154, 158 (1st Cir.2005).

In ruling on the motion, the Court must view the facts in the light most favorable to the non-moving party, here the plaintiff, drawing all reasonable inferences in that party's favor. See Bienkowski v. Northeastern Univ., 285 F.3d 138, 140 (1st Cir.2002).

"To succeed [in a motion for summary judgment], the moving party must show that there is an absence of evidence to support the nonmoving party's position." Rogers v. Fair, 902 F.2d 140, 143 (1st Cir.1990); see also, Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Thereafter, the burden shifts to the plaintiff to demonstrate that there is

evidence sufficient to support his claims at trial. See Id. at 322.

**B.** **There is a genuine issue of material fact as to the number of hours Mr. Souto worked, as against the number of hours for which Mr. Souto was paid.**

If it is established that Mr. Souto worked more hours than reflected in his paychecks, then he is entitled to recover all unpaid wages pursuant to the provisions of M.G.L. c. 149 §§ 148,150.

There remains a genuine issue as to the number of hours actually worked by Mr. Souto. Mr. Souto asserts that during his employment with Sovereign, he consistently worked on average 55-60 hours a week. (See Deposition of Renato Souto pp. 161). This testimony is supported by the sworn statement of Mr. Souto's former supervisor, Lawrence Dorsey (hereinafter "Mr. Dorsey"). (See Affidavit of Lawrence Dorsey). According to Mr. Dorsey, Mr. Souto was required to work one weekend a month in addition to working Monday through Friday from 7:30 a.m. until any time between 4:00 p.m. and 6:00 p.m. Furthermore, Mr. Dorsey asserts that during period of high turnover in June and September, Mr. Souto would often work from 7:30 a.m. until 10:00 p.m.

Defendants, however, insist that Mr. Souto did not work more than forty hours in any week, despite the fact that Defendants failed to keep records of such time and pay as required by law. See M.G.L. c. 151 § 15. For purposes of Summary Judgment, though, this remains an important a question of fact, because Mr. Souto is entitled to recover wages for all hours worked pursuant to 149 §§ 148, 150.

As to whether Mr. Souto was paid for more than forty hours per week, Mr. Souto asserts that he was not, and in the event that Defendants would wish to assert that they

did in fact pay Mr. Souto additional compensation for such work hours, this would be an issue of fact to be tried.

More specifically, Mr. Souto acknowledges the fact that Sovereign agreed to pay him $10.00 per hour despite the fact that Sovereign told the government that it was paying him $15.53 per hour. Regardless of his rate of pay, however, the fact remains that Sovereign agreed to pay Mr. Souto an hourly wage, not a weekly rate – $10.00 per hour, as opposed to $400.00 per week.

This court has ruled as time-barred, Mr. Souto's claim under M.G.L. c. 151 § 1A for premium compensation. As such, Mr. Souto is not able to recover his wages at the overtime premium rate set forth in M.G.L. c. 151 § 1A. Mr. Souto's claim for wages at his agreed regular hourly rate of $10 per hour, however, is not time barred under the provisions of M.G.L. c. 149 §§ 148, 150.

M.G.L. c. 149 §§ 148, 150 protects employee wages for all hours worked, including those in excess of forty hours per week. See Parow v. Howard, 17 Mass.L.Rptr. 149, 2003 WL 23163114 (Mass.Super. 2003) (finding that M.G.L. c. 149, § 148 provides a mechanism for the recovery of all earned wages for the full three year statute of limitations period, not simply those wages earned during the first forty hours of a work week). M.G.L. c. 151 § 1A, does not provide exclusive protection for hours worked in excess of 40 per week. Rather, it merely establishes a specific, premium rate for those overtime hours worked.

Under M.G.L. c. 151 § 1A, "no employer in the commonwealth shall employ any of his employees in an occupation, as defined in section two, for a work week longer than forty hours, unless such employee receives compensation for his employment in excess

5

of forty hours at a rate not less than one and one half times the regular rate at which he is employed." See M.G.L. c. 151 § 1A. This provision solely refers to the rate of pay at which an employee must be compensated, and provides that if an employee works more than forty hours, he must receive payment at an overtime premium. This is an additional protection, but it works in conjunction with M.G.L. c. 149 §§ 148, 150 and not as the exclusive protection.

Thus, an award of summary judgment should not be granted.

**C.     There remains a genuine issue of material fact as to whether Mr. Souto is owed other, non-overtime wages.**

In addition to overtime wages, Mr. Souto asserts that he is owed additional wages in the form of paid vacation, personal and sick days. M.G.L. c. 149 §§ 148 states, "The word 'wages' shall include any holiday or vacation payments due an employee under an oral or written agreement."

Mr. Souto asserts that he was owed wages for unpaid vacation time, personal and sick days. (See Deposition of Renato Souto pp. 103-107 ). In his complaint, Mr. Souto alleged that he was owed wages for 5 sick days, 5 personal days, and 4 weeks of vacation per year. Throughout the course of his deposition, the plaintiff testified that he received 1 sick day in 8 years, 2 vacation days and 1 personal day. (See Deposition of Renato Souto, pp.103-107). Thus, to the best of his recollection Mr. Souto took 4 days off. The bulk of this time off (2 days) was in 2000.

This testimony is supported by the sworn statement of Mr. Dorsey. Mr. Dorsey states, "Employees of Sovereign Realty Associates would receive sick, personal and vacation days as a benefit of their employment. I do not remember Mr. Souto taking any

6

time off while he was working for Sovereign Realty Associates." (See Affidavit of Lawrence Dorsey).

In addition, both Mr. Roffman and Mr. Torrey testify that Soverign had a "loose policy" surrounding paid time off. (See Deposition of Stuart Roffman pp. 153-154; and Deposition of Lee Torrey pp. 163-164). Mr. Roffman believes that the policy was "take whatever time is necessary," whereas Mr. Torrey believes the policy was one week paid vacation a year. (See Deposition of Stuart Roffman, pp. 153-154; and Deposition of Lee Torrey, pp. 163-164). Regardless, both men admit that they did not keep careful track of Mr. Souto's time off.

Once again there is a genuine issue as to a material fact surrounding paid time off, and thus whether Mr. Souto was owed wages at the time of his termination. Mr. Souto is entitled to recover wages for paid time off pursuant to 149 §§ 148,150. Thus, an award of summary judgment should not be granted.

**D.    The burden is on the Sovereign to prove that Mr. Souto did not work overtime or receive compensation for his vacation, sick and personal days.**

Both federal and state laws place the burden upon the employer to keep an accurate record of all hours worked by its employees. "It is well-settled that when an employer fails to keep adequate records of its employees' compensable work periods, as required under the FLSA, employees seeking recovery for overdue wages will not be penalized due to their employer's record-keeping default." O'Brien v. Town of Agawam, 440 F.Supp.2d 3 (D.Mass., 2006) citing Reich v. S. New Eng. Telecomms. Corp., 121 F.3d 58, 69 (2d Cir.1997).

Furthermore, Massachusetts law provides that, "[e]mployers are required to keep, for two years, records concerning their employees' working hours and payment of wages, and the Attorney General is entitled to access to these records." Wiedmann v. The Bradford Group, Inc., 444 Mass. 698, 704 (Mass. 2005); see also, M.G.L. c. 151, § 15. "Moreover, any employer who fails to keep the requisite records is subject to a civil citation or order pursuant to the weekly wage law. These requirements create a presumption that the records are relevant to disputes over wages brought either by the Attorney General or by private parties." Wiedmann at 704; see also, M.G.L. c. 151, § 19; M.G.L. c. 149, §§ 27C, 148, 150.

The Defendants, by their own assertions, did not keep track of hours worked by Mr. Souto. Furthermore, the Defendants failed to keep track of the Mr. Souto's vacation, personal and sick days, despite the fact that his paycheck provided the appropriate area to do so. (See Copies of Mr. Souto's Payroll Checks).

Mr. Souto should not be penalized because his employer failed to produce evidence of the hours he worked. Mr. Souto believes that he worked on average 55-60 hours a week.

Mr. Souto has also testified that he did not receive wages for his vacation, sick and personal time. This testimony is supported by Mr. Dorsey. While Sovereign disputes these allegations, it has offered no proof supporting its position. At the very least, there is a genuine issue as to a material fact. As such, summary judgment should not be granted.

**E.      Sovereign's reliance on the fluctuating work week method of pay is unfounded.**

Sovereign cites <u>Valerio v. Putnam Associates Incorporated</u> 173 F.3rd 35 (CA 1 Mass 1999) to support its proposition that "an employee who agrees to work a fluctuating number of hours per week and receive a fixed weekly salary will not be heard to complain under Mass. G.L. c.151 about the failure to pay overtime."

<u>Valerio</u>, however, is a case dealing with the calculation of the overtime rate, not the complete failure to pay overtime. In <u>Valerio</u>, the parties had a "clear mutual understanding that while the employee's hours may vary, his or her base salary will not." See <u>Id</u>. at 40. Once an employee has a "mutual" understanding, his or her overtime rate is calculated using the "fluctuating work week method." There was no such understanding here. Mr. Souto was not promised a base salary for all hours worked. He was working on an hourly rate.

The "fluctuating work week method" is a method for calculating employee's "regular rate" in order to determine overtime pay. See 29 C.F.R. § 778.114 (2000). This method is used for those employees whose work week varies, and the method uses the actual number of hours worked in each week as the denominator (as opposed to using the standard 40), with the numerator being the regular weekly pay.

Nevertheless, because it "falls heavily on those at the lower rungs of the economic ladder," 29 C.F.R. § 778.114 requires that the parties have a "clear mutual understanding … that the fixed salary is compensation (apart from overtime premiums) for hours worked each week, whatever their number, rather than for working 40 hours or some other fixed weekly work period." <u>Goodrow v. Lane Bryant</u>, 432 Mass 165, 176-177

9

(2000). In Goodrow, the employee had a clear, written memorandum showing the regular rate, overtime pay and all other compensation.

Mr. Souto did not have a clear understanding that his salary was to be fixed at $400.00 per week, regardless of the hours actually worked each day. Rather, it was Mr. Souto's understanding that he was to be compensated at $10.00 per hour, and this was the same understanding had by the Defendants. Thus, the fluctuating workweek method is not applicable to this case.

If, however, the Court finds that the fluctuating workweek method does apply, the method requires a finding of fact as to the number of hours worked in order to determine the applicable hourly rate. While Sovereign may have implied something different to the government, the fact remains that at the very least, whether or not the fluctuating workweek method is used, Mr. Souto is entitled to additional pay if he worked the additional hours. Thus, as there remains a dispute over the actual hours worked, Summary Judgment should not be granted.

**F.   Mr. Souto's removal of documents from Sovereign's fax machine does not disqualify him from receiving his wages.**

Sovereign asserts that "a dishonest employee forfeits the right to retain or receive compensation for conduct in violation of his fiduciary duties." In support of this assertion, Sovereign cites Chelsea Industries, Inc. v. Gaffney, 389 Mass. 1 (Mass. 1983) and Raymond v. Davies, 293 Mass. 117 (Mass. 1936). Each of these cases, however, involves a serious breach of fiduciary duties and the receipt of funds as a result of the theft.

10

In Chelsea, the court found that corporate officers were not entitled to receive compensation from the corporation since they had actively set up a competing business while employed by the company. Chelsea at 11. In their attempts to set up this business, the corporate officers caused the corporation to purchase equipment for a price in excess of its fair market value, solicited the corporation's clients for their new venture, and used corporate funds for trips designed to benefit their new venture. Id.

In Raymond, the court found that the manager of a farm was not entitled to receive compensation since he made a secret profit from sales and purchases made on behalf of his employer. Raymond at 119.

Mr. Souto's behavior, however, did not rise to this extreme level. Mr. Souto simply saw documents relating to employee benefits and himself on a fax machine. (See documents entitled "Stuart", "Christmas Bonuses" and "Employee Work Conditions"). These documents confirmed his belief that his employer was taking advantage of him and not compensating him properly. Mr. Souto does not deny the fact that he took these documents.

While it is true that employees owe a duty of loyalty to their employer and must protect the interests of that employer, this does not mean that an employee must sit idly by and allow his employer to take advantage of him.

Mr. Souto did not cause any injury to Sovereign by taking these documents. He did not profit by taking these documents. He simply wanted proof that his employer was mistreating him. While it may be proper to exclude these documents from use in an actual trial, it is not proper or just to deny Mr. Souto his wages on account of the fact that he removed documents from a fax machine.

**Conclusion**

For the foregoing reasons, Mr. Souto moves that this Motion be denied.

>Respectfully Submitted,
>RENATO SOUTO
>By his attorneys,
>
>
>/s/ Philip J. Gordon_____
>Philip J. Gordon (BBO # 630989)
>Kristen M. Hurley (BBO # 658237)
>Gordon Law Group, LLP
>535 Boylston St., 6th Fl.
>Phone: 617-536-1800

**CERTIFICATE OF SERVICE**

I, Philip J. Gordon, hereby certify that on October 5, 2006, I caused a copy of the foregoing document to be served, upon counsel for the defendants, David Berman, Esq., 100 George P. Hassett Drive, Medford, MA 02155, by electronic notification.

>/s/ Philip J. Gordon
>Philip J. Gordon