UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 2005-10864JLT

| | |
|---|---|
| RENATO SOUTO and OTHERS SIMILARLY SITUATED, **Plaintiffs,** | ) ) ) ) |
| v. | ) ) |
| SOVEREIGN REALTY ASSOCIATES, LTD. and STUART ROFFMAN, as president of the General Partner of Sovereign Realty Associates, Ltd., Sovereign Realty Associates G.P., Inc. and Individually, **Defendants** | ) ) ) ) ) ) ) |

### REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**Facts**

With one exception, all of Plaintiff's claims have been dismissed through either a **Rule 12 (c)** motion or voluntarily after it was pointed out to Plaintiff's attorney that the claims were utterly futile. The one remaining claim, on which Defendants now seek summary judgment, is based on Mass. G.L.c. **149, §150.** With respect to this claim, Plaintiff seems to concede that Defendants are entitled to summary judgment with respect to the claim that Plaintiff was entitled to be paid at the rate of fifteen dollars and fifty-three cents (**$15.53**) per hour, but he argues that he was entitled to be paid for unused sick time and vacation time. We write this memorandum to show otherwise.

**Argument**

**I.     PLAINTIFF IS NOT ENTITLED TO BE COMPENSATED FOR ANY "SICK" DAYS SINCE HE DOES NOT POINT TO ANY DAYS ON WHICH HE WAS ABSENT FROM WORK BECAUSE OF ILLNESS AND NOT PAID THEREFORE.**

We know of no statute or regulation, nor apparently does Plaintiff, which requires an employer to pay an employee for days missed because of illness. It follows that any right to such payment would be a matter of contract. But Plaintiff utterly fails to point to any testimony that there was a day on which he was absent because of illness and for which he went unpaid. That is fatal to his claim. An employee has no inherent right to "bank" sick days; banking is purely a contractual right. See ***Johnson v. Walker***, 155 Mass. 253, 255 (1892); ***Massachusetts v. Morash***, 402 Mass. 287, 289-290 (1988) reversed on other grounds 490 U.S. 1107.

**II.    THE STATUTE OF LIMITATIONS HAS RUN ON ANY CLAIM THAT PLAINTIFF IS ENTITLED TO UNPAID VACATION TIME.**

Plaintiff's best position with respect to his right to vacation time is found in the deposition of Lee Torrey at pages 163-164, attached to Plaintiff's opposition to the Motion for summary judgment; it states:

> **Q:**   Do you have a vacation policy at Sovereign Realty Associates?
>
> **A:**   Yes.

**Q**:   What was that policy?

**A**:   One week paid per year.

**Q:**   How would you get one week paid per year? How would an employee accrue that time?

**A:**   They'd just say they wanted some time off or they needed a week off.

**Q**:   Was it a written policy?

**A:**   No.

**Q**:   How did you communicate the policy to your employees?

**A**:   Verbally.

**Q:**   Was that for all employees?

**A**:   Yes, sure.

**Q**:   Was Mr. Souto one of those employees entitled to one week paid vacation per year?

**A**:   I believe so.

**Q**:   Did you keep track of when your employees took paid vacation?

**A:**    No, it was pretty loose.

MR. GORDON:   Off the record. (Discussion off the record)

**Q.**   We were talking about Mr. Souto's vacations. You said that Mr. Souto had received one week paid vacation per year?

**A**.   To the best of my recollection.

In other words, for every year worked an employee was entitled to a week's vacation.

However, the statute of limitations has run on any claim that Plaintiff may make under Mass. G.L.c. **149, §150** if that claim accrued prior to April 7th 2002, since the statute contains a three (**3**) year limitation for each violation.  *Cf.*

*Chambers vs. Lemuel Shattuck Hospital*, 41 Mass. App. Ct. 211, 213, 669 N.E. 2nd 1079 (1996).

Plaintiff does not point to any vacation pay to which he became entitled after April 7th 2002. He makes no showing of when his employment commenced and, therefore, no showing that a year of employment had ended sometime between April 7th 2002 and July 3rd 2002, his last day of employment. As we have already noted in connection with Defendants' (successful) **12 (c)** Motion, the statutes of limitations was raised as a defense in Defendants' answer. Under settled Massachusetts precedent, once this defense was raised, the burden shifted to Plaintiff to show that his action was timely. "The burden is on the Plaintiff to show facts sufficient to take the case out of the statute of limitations." *Collins v. Nuzzo*, 244 F.3rd 246, 253 (1st Cir. 2001). *Franklin v. Albert*, 381 Mass. 611, 411 N.E.2nd 458, 463 (1980). This burden has not been met with respect to Plaintiff's claim for vacation time.

**III.    PLAINTIFF'S CLAIM FOR VACATION TIME IS, IN ANY EVENT, BARRED BY THE ABSENCE OF ANY EVIDENCE THAT HE EVER REQUESTED A VACATION TIME AND WAS DENIED A VACATION OR A PAID VACATION.**

Thus far, we have assumed that a person was entitled to take a vacation or be paid for the equivalent and that there was something automatic about this. But there is no basis for this assumption. Plaintiff made no allegation that he ever requested a vacation with pay at any time and was told that he could not take it.

As with sick time, there is no statute or regulation of the Commonwealth that requires an employer to grant his employees any vacation time and, *a fortiori, an employee has no right to "bank" it*. Compare **Commonwealth v. Morash**, 402 Mass. 287, 289-290 (1988) reversed *sub. nom.* **Massachusetts v. Morash**, 490 U.S.1107 (1989), where the Supreme Judicial Court stated:

> The parties also have stipulated, for the purpose of obtaining an answer to the reported question, that the bank had made oral "and/or" written agreements stemming from handbooks, manuals, memoranda, and practices to pay employees in lieu of unused vacation time, and that, "when the Bank does pay its employees for used vacation time, such payments are made out of the Bank's general assets." Lastly, the parties agree on appeal that, pursuant to bank policy, employees who accrue unused vacation time receive a lump-sum cash payment in lieu of the unused time upon termination of their employment.

But Plaintiff can point to no such policy with respect to his employer.

**IV.   DEFENDANTS WERE UNDER NO OBLIGATION TO KEEP RECORDS WITH RESPECT TO PLAINTIFFS EMPLOYMENT THAT WOULD BE OF ANY VALUE TO PLAINTIFF IN THIS ACTION.**

We quote the first two sentences of **Mass. G.L.c. 151 §15**:

> Every employer shall keep a true and accurate record of the name, address and occupation of each employee, of the amount paid each pay period to each employee, of the hours worked each day and each week by each employee, and such other information as the commissioner or the attorney general in their discretion shall deem material and necessary. Such records shall be kept on file for at least two years after the entry date of the record.

The Supreme Judicial Court has construed this statute to require two years of record keeping for employers concerning their working hours and payment of

wages. ***Wiedmann v. The Bradford Group, Inc***., 444 Mass. 698, 704, 831 N.E. 2nd 304 (2005). Two years had expired well before the present action was brought, leaving Plaintiff in no position to complain about the absence of records with respect to his alleged overtime or any other time that he worked.

## Conclusion

For the reasons given, Defendants' Motion for Summary Judgment should be granted.

Respectfully submitted,

*/s/David Berman*

**David Berman**
100 George P. Hassett Drive
Medford, Massachusetts 02155
BBO No. 040060
Tel. No (781) 395-7520

*Dated: October 17th 2006*

Roffman:Souto:10/17/06. #(9)REPLY Brief

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**Civil Action No. 2005-10864JLT**

| | |
|---|---|
| RENATO SOUTO and OTHERS SIMILARLY SITUATED, **Plaintiffs,** v. SOVEREIGN REALTY ASSOCIATES, LTD. and STUART ROFFMAN, as president of the General Partner of Sovereign Realty Associates, Ltd., Sovereign Realty Associates G.P., Inc. and Individually, **Defendants** | ) ) ) ) ) ) ) ) ) ) ) ) ) |

**CERTIFICATE OF SERVICE**

I, David Berman, certify that on October **17th** 2006, that I caused a copy of the within *Reply Brief in Support of Defendants' Motion for Summary Judgment* to be delivered by Electronic Transmission and First-class mail to:

**Philip J. Gordon**, Esquire, Gordon and Balikian, LLP, 535 Boylston Street, 6th Floor, Boston, Massachusetts 02116.
pgordon@gordonllp.com

/s/David Berman

David Berman
100 George P. Hassett Drive
Medford, Massachusetts 02155
BBO No. 040060
Tel. No (781) 395-7520

*Dated: October 17th 2006*

Roffman:Souto:10/17/06. #(9)REPLY Brief

- 7 -