UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.:2005-10864JLT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
RENATO SOUTO and OTHERS SIMILARLY )
SITUATED, )
                          Plaintiffs, )
                           )
v. )
                           )
SOVEREIGN REALTY ASSOCIATES, LTD. )
and STUART ROFFMAN, As President of the )
General Partner of Sovereign Realty Associates, )
Ltd., Sovereign Realty Associates G.P., Inc., and )
Individually, )
                         Defendants. )
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STIKE PORTIONS OF AFFIDAVIT OF LAWRENCE DORSEY IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**Introduction**

The Defendants have moved this Court to strike portions of the Affidavit of Lawrence Dorsey submitted in support of the Plaintiff's opposition to Defendants' motion for summary judgment.  The Defendants argue that certain paragraphs contained in the Affidavit of Lawrence Dorsey do not demonstrate that his allegations were made on personal knowledge and that certain paragraphs of the affidavit of Lawrence Dorsey contain conclusory statements.  The Defendant's arguments are incorrect for the following reasons.

**Summary**

The Affidavit of Lawrence Dorsey is based on personal knowledge, as Mr. Dorsey was the Plaintiff's supervisor.  Mr. Dorsey's assertions are not conclusory, as he states the facts upon which he bases his inferences.  And finally, it is important to note

1

that Mr. Dorsey is no longer an employee of Sovereign Realty Associates, Ltd., and has no personal stake in the present action. Thus, he has no reason to create an affidavit simply for the purposes of raising an issue of material fact.

### Argument

**A.     Standard for Motion to Strike an Affidavit**

As a general matter, affidavits in support of motions for summary judgment "shall be made on personal knowledge [and] shall set forth such facts as would be admissible in evidence." Fed.R.Civ. P. 56 (e); Mass.R.Civ.P. 56(e). According to the Federal Rules of Evidence, "[p]ersonal knowledge can include 'inferences and opinions, so long as they are grounded in personal observations and experience.'" U.S. v. Rodriguez, 162 F.3d 135, 144 (C.A.1 Mass.1998), quoting United States v. Neal, 36 F.3d 1190, 1206 (1st Cir.1994).

An affidavit that does not satisfy these requirements is immaterial as to summary judgment and a motion to strike is the proper procedural device for raising such insufficiency. Fowles v. Lingus, 30 Mass.App.Ct. 435, 439-40 (1991). Such is not the case, here.

**B.     The Affidavit of Lawrence Dorsey is based on personal knowledge.**

The Affidavit of Lawrence Dorsey is based on personal knowledge. He was employed by Sovereign Realty Associates, Ltd. as a maintenance worker and supervisor from 1997 through 2002. During this time period he actively supervised the plaintiff, Renato Souto. As such, he had direct personal knowledge as to the hours worked by Mr. Souto, complaints or lack there of regarding Mr. Souto's job performance, the duties performed by Mr. Souto, and any time off taken by Mr. Souto. Mr. Dorsey was a direct

witness to the events to which he testified. Thus, to the extent any of his statements with respect to Mr. Souto's work can be characterized as "inferences and opinions," it is clear that these are grounded in personal observations and experience. As such, it is clear that Mr. Dorsey's affidavit is based on personal knowledge and thus satisfies the admissibility test of <u>Fed.R.Civ. P. 56 (e)</u> and <u>Mass.R.Civ.P. 56(e)</u>

**C.     The statements made by Lawrence Dorsey in his affidavit are not conclusory.**

The statements made by Lawrence Dorsey in his affidavit are not conclusory. Conclusory is defined in Blacks Law Dictionary as "expressing a factual inference without stating the underlying facts on which the inference is based." *Blacks Law Dictionary* (8th ed. 2004).

The statements made by Lawrence Dorsey in his affidavit, however, do not fall within the parameters of this definition. In their motion to strike, Defendants point to only one specific comment which they claim is conclusory. In Paragraph 5 of his affidavit, Mr. Dorsey states that Mr. Souto was a "hard worker." This is based on the underlying facts that he was always on time and often worked late to complete all of his duties. As such, this comment is supported by facts and is not conclusory.

While the Defendants also assert that paragraphs 6 through 14 of Mr. Dorsey's affidavit are conclusory, the Defendants fail to address this assertion with any specificity. Much like paragraph 5, however, Mr. Dorsey has specifically set forth underlying facts which support all of his statements. As such, the remaining paragraphs of his affidavit are not conclusory.

For the purposes of this motion, it is also helpful to put the term conclusory into the summary judgment context. Courts will not allow parties to oppose a motion for

3

summary judgment by simply submitting an affidavit which mirrors the assertions made in the complaint in order to raise an issue of fact. Courts have ruled that "self serving statements that are conclusory or merely general denials are not adequate to defeat a motion for summary judgment." Madsen v. Erwin, 395 Mass. 715, 721 (1985).

It is important to note that in this situation, the affidavit submitted by Mr. Souto in support of his opposition to defendant's motion for summary judgment is not self-serving. Mr. Souto did not submit his own affidavit. Rather, he submitted the affidavit of his former supervisor, who has no interest in the outcome of this litigation. This affidavit is clearly of the non-self-serving type of affidavit which courts find reliable for purposes of summary judgment motions.

## Conclusion

For the foregoing reasons, Mr. Souto moves that this Motion be denied.

Respectfully Submitted,
RENATO SOUTO
By his attorneys,

/s/ Philip J. Gordon_____
Philip J. Gordon (BBO # 630989)
Kristen M. Hurley (BBO # 658237)
Gordon Law Group, LLP
535 Boylston St., 6th Fl.
Phone: 617-536-1800

## CERTIFICATE OF SERVICE

I, Philip J. Gordon, hereby certify that on October 23, 2006, I caused a copy of the foregoing document to be served, upon counsel for the defendants, David Berman, Esq., 100 George P. Hassett Drive, Medford, MA 02155, by electronic notification and first class mail.

/s/ Philip J. Gordon
Philip J. Gordon