UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 2005-10864JLT

| | |
|---|---|
| RENATO SOUTO and OTHERS SIMILARLY SITUATED, **Plaintiffs,** | ) ) ) ) |
| v. | ) ) |
| SOVEREIGN REALTY ASSOCIATES, LTD. and STUART ROFFMAN, as president of the General Partner of Sovereign Realty Associates, Ltd., Sovereign Realty Associates G.P., Inc. and Individually, **Defendants** | ) ) ) ) ) ) ) |

### SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR SUMMMARY JUDGMENT

One issued raised in this action by Defendants' Motion for Summary Judgment is whether Mass. G.L.c. 151, §20 is an exclusive remedy for recovering unpaid overtime. Chapter 151 is a statute that deals exclusively with overtime and provides a remedy for the failure to pay it.  This court has already ruled that the Complaint made by Plaintiff under Mass. G.L.c. 151, §20, is time-barred because not brought within the two years that the statute requires.  Plaintiff in turn attempts to base his claim as one under Mass. G.L.c. 149, §150, a general statute covering nonpayment of wages.

On April 30th 2007, the Supreme Court of the United States decided the case of *EC Term of Years Trust v. United States,* 127 S.Ct. 1763.  The sole issue in that case was whether a taxpayer against whom the IRS had levied could sue under the general statute for tax refunds, 28U.S.C. §1346(a)(1), or was required to sue under the statutes

1

specifically relating to levies, 26 USC §§7426 (a)(1) and 6532 (c)(1). If the taxpayer could sue under the former statute, its action was timely, but if it was relegated to a suit under the latter statute, its action was not. 127 S.Ct. at 1765 -1766.

> The opinion of the Court was unanimous. It holds at page 1767:

> "In a variety of contexts the Court has held that a precisely drawn, detailed statute pre-empts more general remedies." *Brown v. GSA*, 425 U.S. 820, 834, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); see *Block v. North Dakota ex rel. Board of Univ. and School Lands*, 461 U.S. 273, 284-286, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983) (adverse claimants to real property of the United States may not rely on "officer's suits" or on other general remedies because the Quiet Title Act of 1972 is their exclusive recourse); see also *Stonite Products Co. v. Melvin Lloyd Co.*, 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026 (1942) (venue in patent infringement cases is governed by a statute dealing specifically with patents, not a general venue provision). It braces the preemption claim when resort to a general remedy would effectively extend the limitations period for the specific one. See *Brown v. GSA, supra,* at 833, 96 S.Ct. 1961 (rejecting an interpretation that would "driv[e] out of currency" a narrowly aimed provision "with its rigorous…time limitations" by permitting "access to the courts under other, less demanding statutes"); see also *Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 122-123, 125 S.Ct. 1453, 161 L.Ed.2d 316 (2005) (concluding that 47 U.S.C. §332(e) precludes resort to the general cause of action under 42 U.S.C. §1983, in part because §332 "limits relief in ways that §1983 does not" by requiring judicial review to be sought within 30 days); 544 U.S., at 130, n., 125 S.Ct. 1453 (STEVENS, J., concurring in judgment) (same).

Although the Supreme Judicial Court of Massachusetts would not be required to follow this holding, the proposition that a specific statute containing a specific time limitation for actions to be brought thereunder will be given preference over a general statute containing a different time limitation is consistent with the rule announced in *Malden v. Flynn*, 318 Mass. 276, 278, 61 N.E.2d 107 (1945), cited on page 8 of Defendants' Brief. It appears to be a general proposition of law as the numerous citations from *EC* make clear. There is no reason to believe that the appellate courts of Massachusetts would deviate from it.

**Conclusion**

Defendants are entitled to summary judgment on Plaintiff's claim for nonpayment of overtime wages.

By Defendants' attorney,

/s/David Berman
David Berman
100 George P. Hassett Drive
Medford, Massachusetts 02155
BBO No. 040060
Tel. No (781) 395-7520

**CERTIFICATE OF SERVICE**

I, David Berman, certify that on June 1st 2007, that I caused a copy of the within ***Supplemental Brief in Support of Motion for Summary Judgment*** to be delivered by Electronic Transmission and First-class mail to:

**Philip J. Gordon**, Esquire
Gordon and Balikian, LLP
535 Boylston Street, 6th Floor
Boston, Massachusetts 02116
pgordon@gordonllp.com

/s/David Berman
**David Berman**
100 George P. Hassett Drive
Medford, Massachusetts 02155
BBO No. 040060
Tel. No (781) 395-7520

Dated: June 1st 2007

6/1/07.#(11).Supplemental