UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.:2005-10864JLT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
RENATO SOUTO and OTHERS SIMILARLY    )
SITUATED,                            )
      Plaintiffs,    )
                                     )
v.                                   )
                                     )
SOVEREIGN REALTY ASSOCIATES, LTD.    )
and STUART ROFFMAN, As President of the )
General Partner of Sovereign Realty Associates, )
Ltd., Sovereign Realty Associates G.P., Inc., and )
Individually,                        )
      Defendants.   )
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

  The Defendants, Sovereign Realty Associates, Ltd. and Stuart Roffman (hereinafter collectively "Defendants" and "Sovereign") have filed a Motion for Leave to Supplement Their Brief in Support of Motion for Summary Judgment. In their supplemental brief, the Defendants set forth the proposition that "Mass. G.L.c 151, §20 is an exclusive remedy for recovering unpaid overtime," and therefore the plaintiffs are unable to seek recovery under M.G.L. c. 149, § 148 & 150.

  This argument has no basis in fact or in law. First, M.G.L. c. 151, § 20 is the statute governing minimum wage. Second, even if Defendants were referring to the overtime laws under M.G.L. c. 151, §1A, it is clear that although Plaintiff may not be entitled to compensation for his hours at the overtime rate, he remains entitled to compensation for his work. See Mogilevsky v. Bally Total Fitness Corp., 263 F.Supp. 2d 164, 169-70 (D. Mass. 2003); see also M.G.L. c.149, § 148.

The Defendants cite <u>EC Term of Trust v. United States</u>, 127 S.Ct. 1793 (2007), in support of their argument. This case however, deals with a tax levy by the Internal Revenue Service and two very distinct statutes in the United States Tax Code – the first setting forth the mechanism for contesting an IRS tax levy and the second covering the method for obtaining a tax refunds – as opposed to two complimentary wage statutes.

The <u>EC Term of Trust</u> Court dealt with a levy by the IRS and a statute which provided an exclusive remedy for a wrongful levy claim. The taxpayer missed the deadline for challenging the IRS's levy and sought relief under the general tax refund statute. The Court declined to allow this relief as it would permit the taxpayer to effortlessly evade the shorter limitations period set forth in the more specific statute. The Court noted that the shorter limitations period was enacted for the specific reason that the IRS ceased all collection activity after a levy. Accordingly, if the levy was illegal, the taxpayer had to assert its claim quickly and could not hold off and seek a general refund four years later, after the funds had been used.

This case at bar, however, does not involve a statute which sets forth an exclusive remedy, rather it involves two statutes which work in conjunction with one another. M.G.L. c. 149 §§ 148 & 150 protect employee wages for all hours worked, including those in excess of forty hours per week, and M.G.L. c. 151 § 1A provides for an overtime premium for those excess hours. M.G.L. c. 151 § 1A, does not provide exclusive protection for hours worked in excess of 40 per week. Rather, it merely establishes a specific, premium rate for those overtime hours worked. See <u>Mogilevsky v. Bally Total Fitness Corp.</u>, 263 F.Supp. 2d 164, 169-70 (D. Mass. 2003) (ruling that employee entitled to recovery at "standard wage rate" for "any hours for which he received no

compensation" during the extra one year period covered by the M.G.L. c.149, §148 which is outside the two year statute of limitations applicable to overtime, under M.G.L. c.151, §1A and 20A); Parow v. Howard, 17 Mass.L.Rptr. 149, 2003 WL 23163114 (Mass.Super. 2003) (finding that M.G.L. c. 149, § 148 provides a mechanism for the recovery of all earned wages for the full three year statute of limitations period, not simply those wages earned during the first forty hours of a work week).

Under M.G.L. c. 151 § 1A, "no employer in the commonwealth shall employ any of his employees in an occupation, as defined in section two, for a work week longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one half times the regular rate at which he is employed." See M.G.L. c. 151 § 1A. This provision solely refers to the rate of pay at which an employee must be compensated, and provides that if an employee works more than forty hours, he must receive payment at an overtime premium. This is an additional protection for a special premium – it works in conjunction with M.G.L. c. 149 §§ 148 & 150 and not as the exclusive protection.

It is clear, therefore, that Mr. Souto may seek the recovery of his wages at his regular rate of pay. While he may not be entitled to the overtime premium under M.G.L. c. 151 § 1A, he is certainly entitled to pay at his "standard rate." See Mogilevsky v. Bally Total Fitness Corp., 263 F.Supp. 2d 164, 169-70 (D. Mass. 2003).

Furthermore, it is also important to note that Mr. Souto retains an additional claim under M.G.L. c. 149 §§ 148 & 150 for the Defendants failure to pay wages for vacation, personal and sick days. This claim has nothing to do with overtime hours. As such, M.G.L. c. 151 § 1A is clearly inapplicable.

For the foregoing reasons, Mr. Souto respectfully requests that this court deny Defendants Leave to File a Supplemental Brief in Support of Motion for Summary Judgment as the brief does not add any additional information or highlight any applicable law which will have a bearing on its Motion for Summary Judgment.

>Respectfully Submitted,
>RENATO SOUTO
>By his attorneys,
>
>/s/ Philip J. Gordon
>Philip J. Gordon (BBO # 630989)
>Kristen M. Hurley (BBO # 658237)
>Gordon Law Group, LLP
>535 Boylston St., 6th Fl.
>Phone: 617-536-1800

### CERTIFICATE OF SERVICE

I, Philip J. Gordon, hereby certify that on June 15, 2007, I caused a copy of the foregoing document to be served, upon counsel for the defendants, David Berman, Esq., 100 George P. Hassett Drive, Medford, MA 02155, by electronic notification.

>/s/ Philip J. Gordon
>Philip J. Gordon