UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.:2005-10864JLT

*******************************************
| | |
|---|---|
| RENATO SOUTO and OTHERS SIMILARLY SITUATED, | ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| SOVEREIGN REALTY ASSOCIATES, LTD. and STUART ROFFMAN, As President of the General Partner of Sovereign Realty Associates, Ltd., Sovereign Realty Associates G.P., Inc., and Individually, | ) ) ) ) ) |
| Defendants. | ) |

*******************************************

## PLAINTIFF'S MOTION TO REMAND ACTION TO MIDDLESEX SUPERIOR COURT FOR LACK OF ORIGINAL JURISDICTION

The Plaintiff, Renato Souto, pursuant to 28 U.S.C. § 1447(c) hereby requests that this honorable Court remand the above-referenced action to the Middlesex Superior Court, the Court from which it was removed, as this Court no longer retains original jurisdiction over this matter.

The Defendants, Sovereign Realty Associates, LTD and Stuart Roffman (hereinafter collectively "Defendants"), caused this action to be removed to the United States District Court for the District of Massachusetts on or about April 28, 2005, pursuant to 28 U.S.C. § 1441(b). Removal at that time was appropriate as the Plaintiff alleged that the Defendants violated the Fair Labor Standards Act, 28 U.S.C. § 201 et seq., and the United States District Court for the District of Massachusetts has original jurisdiction for such claims under 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (Federal Question).

On August 17, 2006, this Court issued a Memorandum on Defendants' Motion for Judgment on the Pleadings. In the Memorandum, this Court stated that "Plaintiff's FLSA claims under Counts I and II are time-barred and hereby dismissed." See Memorandum at 5.

Thus, all federal claims have been dismissed. "The case for remand is compelling when the foundational federal claims have been dismissed early in the litigation." Troconis v. Lucent Technologies, 160 F.Supp.2d 150,158 (D.Mass., 2001). "[T]he balance of competing factors ordinarily will weigh strongly in favor of declining jurisdiction over state law claims where the foundational federal claims have been dismissed at an early stage in the litigation." Id.

The United States District Court for the District of Massachusetts now lacks original jurisdiction over this action. Furthermore, there are no remaining grounds for such jurisdiction.

For the foregoing reasons, Mr. Souto respectfully requests that this Court allow the Plaintiff's Motion to Remand Action to Middlesex Superior Court for Lack of Original Jurisdiction.

    Respectfully Submitted,
    RENATO SOUTO
    By his attorneys,

    /s/ Philip J. Gordon
    Philip J. Gordon (BBO # 630989)
    Kristen M. Hurley (BBO # 658237)
    Gordon Law Group, LLP
    535 Boylston St., 6th Fl.
    Phone: 617-536-1800

## **CERTIFICATE OF SERVICE**

      I, Philip J. Gordon, hereby certify that on June 15, 2007, I caused a copy of the foregoing document to be served, upon counsel for the defendants, David Berman, Esq., 100 George P. Hassett Drive, Medford, MA 02155, by electronic notification

                                        /s/ Philip J. Gordon
                                        Philip J. Gordon