UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 2005-10864JLT

| | |
|---|---|
| RENATO SOUTO and OTHERS SIMILARLY SITUATED, **Plaintiffs,** | )<br>)<br>)<br>) |
| v. | )<br>) |
| SOVEREIGN REALTY ASSOCIATES, LTD. and STUART ROFFMAN, as president of the General Partner of Sovereign Realty Associates, Ltd., Sovereign Realty Associates G.P., Inc. and Individually, **Defendants** | )<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND**

**Facts**

More than two years after this case was removed from the Superior Court of the Commonwealth of Massachusetts to this Court – properly removed as Plaintiff concedes – Plaintiff moves for a remand. His theory is that the Court lacks jurisdiction because Plaintiff's Federal causes of action have been dismissed. Plaintiff ignores the fact that several of his State causes of action have also been dismissed and that, indeed, he has only one cause of action left, a cause of action allegedly brought under Mass. G. L.c. 149, §150, as to which Defendants have filed a Motion for Summary

1

judgment and the Plaintiff has filed an opposition.  This court has put a gargantuan amount of work in analyzing the Complaint (in order to arrive at the dismissals already entered) and is fully familiar with the facts of this case.  The Federal cause of action was dismissed almost a year ago.  Plaintiff offers no reason for his delay in moving for a remand.

## Argument

THIS COURT PLAINLY HAS JURISDICTION OVER THE ACTION, AND IN LIGHT OF THE DELAY IN MOVING FOR REMAND, THE MOTION SHOULD BE DENIED.

28 U.S.C. §1367 (a) states with certain exceptions not here relevant that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all claims that are related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United states Constitution."  Plaintiff does not argue, nor could he, that his State claims are part of the same controversy as his Federal claim was.

§1367 (c) states:

The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –

(1)    the claim raises a novel or complex issue of State law,

(2)    the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3)    the district court has dismissed all claims over which it has original jurisdiction, or

(4)    in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Grispino v. New England Mutual Life Insurance Company*, 358 F.3rd 16, 19 (1st Cir. 2004), holds:

> First, the Grispinos argue that the district court should have granted some form of a remand order because there was no federal subject matter jurisdiction once they amended the complaint to delete the federal RICO claim. This argument is wrong: the dismissal of the only federal claim after removal of an action to federal court does not by itself deprive the federal court of jurisdiction over the remaining state claims. *See* 28 U.S.C. § 1367(c) (the district court *"may* decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which is has original jurisdiction" (emphasis added)); *Roche v. John Hancock Mut. Life Ins. Co.*, *81 F.Sd* 249, 256-57 (1st Cir.1996) ("In a federal-question case, the termination of the foundational federal claim does not divest the district court of power to exercise supplemental jurisdiction but, rather, sets the stage for an exercise of the court's informed discretion.").

3

An important factor to be considered in declining to remand an action is the time at which the motion for remand is made. **Motorola Credit Corp v. Uzan**, 388 F. 3rd 39, 56-57 (2nd Cir 2004). In that case, the court at page 56 listed the factors to be considered on a remand as "judicial economy, convenience, fairness, and comity." All of these factors in this case militate against remand. This court has thoroughly familiarized itself with the facts and has ruled on discretionary motions as well as motions addressed to state law. As *Grispino*, *supra,* 358 F. 3rd at 19 points out, remand is not appropriate after a court has spent time and effort delving into the facts.

## Conclusion

For the reasons given, Plaintiff's for a motion for remand should be denied.

Respectfully submitted,

/s/David Berman
David Berman
100 George P. Hassett Drive
Medford, Massachusetts 02155
BBO No. 040060
Tel. No (781) 395-7520

*Dated: June 22nd 2007*
Sovereign/Souto:06/21/07.#(12).Def's.Opposition.to.Plntff's.Motion.for.Remand

4

Page 5 of 5: Defendant's Opposition to Plaintiff's Motion for Remand with Certificate of Service

## CERTIFICATE OF SERVICE

I, David Berman, certify that on June 22nd 2007, that I caused a copy of the within ***Defendant's Opposition to Plaintiff's Motion for Remand*** to be delivered by Electronic Transmission and First-class mail to:

**Philip J. Gordon**, Esquire
Gordon and Balikian, LLP
535 Boylston Street, 6th Floor
Boston, Massachusetts 02116
pgordon@gordonllp.com

/s/David Berman
David Berman
100 George P. Hassett Drive
Medford, Massachusetts 02155
BBO No. 040060
Tel. No (781) 395-7520

*Dated:   June 22nd 2007*
Sovereign/Souto:06/21/07.#(12).Def's.Opposition.to.Plntff's.Motion.for.Remand

5