UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 2005-10864JLT

| | |
|---|---|
| RENATO SOUTO and OTHERS SIMILARLY SITUATED, **Plaintiffs,** | ) ) ) ) |
| v. | ) ) |
| SOVEREIGN REALTY ASSOCIATES, LTD. and STUART ROFFMAN, as president of the General Partner of Sovereign Realty Associates, Ltd., Sovereign Realty Associates G.P., Inc. and Individually, **Defendants** | ) ) ) ) ) ) ) |

# DEFENDANTS' MOTION FOR RECONSIDERATION AND CLARIFICATION

Defendants respectfully move for reconsideration and clarification of the Order of June 26, 2007, remanding this action to State court. They point out that the statement that this Court lacks jurisdiction was undoubtedly made inadvertently and is erroneous. If there is any clear rule, it is that this Court has jurisdiction to deal with the remaining state claim under 28 U.S.C. §1367(c). As recently as February 22, 2006, the Supreme Court unanimously held in ***Arbaugh v. Y & H Corp.,*** 126 S.Ct. 1235, 1244-1245, that "when a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over pendent state-law claims.

1

See 16 Moore §106.66[1], pp.106-86 to 106-89." No one has ever doubted that Plaintiff's state-law claims for failure to pay wages and failure to pay overtime are pendent to the federal law claims that this Court dismissed some time ago.

Hence, the most that can be said is that if this case is remandable, it is remandable as a matter of discretion and not as a matter of jurisdiction. See *Arbaugh, supra*, 126 S. Ct. at 1242-1243 sharply critical of using the word jurisdiction to describe nonjurisdictional issues. We suggest, however, that there is a unique circumstance in this case which makes remand as a matter of discretion an abuse of discretion. The unique circumstance is that this court in its Memorandum of August 17, 2006, has already ruled on several of Plaintiff's State claims. Specifically, it dismissed Counts I and II insofar as they were brought under c.151 of the Massachusetts General Laws, pp.5-6, his breach of contract claim, pp.6-8, his claim for fraud misrepresentation and deceit, pp.8-10, and estoppel, pp.10-12. Dismissal after some State law claims have been adjudicated has been described as permissible but "unusual."  13B Wright-Miller-Cooper-Freer, Federal Practice and Procedure (2006 Supp.), §3567.1, p.72.  In addition, the Court struck Plaintiff's allegation that with respect to *state* law, he could proceed in a class action, pp.12-16.

Is all the work that went into briefing these issues and deciding them[1], to count for nothing? That would be extremely unfair to Defendants. Or are they to be considered binding upon the Superior Court of Massachusetts after remand? In that event, how would they be reviewed? Would the appellate courts of Massachusetts really have jurisdiction to review a decision of a judge of the United States District Court? We think not. We suggest that neither alternative is conducive to justice and that at this late date, this Court should retain jurisdiction over the remaining State claim, as to which Defendants have moved for summary judgment some time ago.

If, however, the court is determined that it will not decide the remaining State claim, then we suggest that it dismiss with prejudice the claims already adjudicated and without prejudice the unadjudicated claim. If it follows that course, Plaintiff may, if so advised, seek review of the dismissals with prejudice of the adjudicated claims in the United States Court of Appeals for the First Circuit and is protected by 28 U. S. C. §1367 (d), see ***Jinks v. Richland County, S.C.***, 538 U. S. 456, 460-463 (2003), from any State statute of limitation problems arising from the dismissal.

---

[1] We note that Plaintiff never sought reconsideration of the August 2006 Order.

## Conclusion

For the reasons given, the Order of Remand should be reconsidered, and the case should not be remanded. If the court decides that it does not wish to proceed with the remaining State claims, then it should enter judgment dismissing that claim without prejudice and all other claims with prejudice. In any event, the court should strike language from the Order suggesting that it lacks jurisdiction over the remaining state claim.

                                          Respectfully submitted,

                                          /s/David Berman
                                          David Berman
                                          100 George P. Hassett Drive
                                          Medford, Massachusetts 02155
                                          BBO No. 040060
                                          Tel. No (781) 395-7520

*Dated: June 28th 2007*
Souto/Sovereign,06/28/07,#(13),Def's Motion for Reconsideration

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**Civil Action No. 2005-10864JLT**

| | |
|---|---|
| RENATO SOUTO and OTHERS SIMILARLY SITUATED, <br> **Plaintiffs,** <br><br> v. <br><br> SOVEREIGN REALTY ASSOCIATES, LTD. and STUART ROFFMAN, as president of the General Partner of Sovereign Realty Associates, Ltd., Sovereign Realty Associates G.P., Inc. and Individually, <br> **Defendants** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **CERTIFICATE OF SERVICE**

I, David Berman, certify that on **June 28th 2007**, that I caused a copy of the within ***Defendant's Motion for Reconsideration and Clarification*** to be delivered by Electronic Transmission and First-class mail to:

**Philip J. Gordon**, Esquire
Gordon and Balikian, LLP
535 Boylston Street, 6th Floor
Boston, Massachusetts 02116
pgordon@gordonllp.com

/s/David Berman
David Berman
100 George P. Hassett Drive
Medford, Massachusetts 02155
BBO No. 040060
Tel. No (781) 395-7520
*Dated: June 28th 2007*

Souto/Sovereign.06/28/07.#(13).Def's Motion for Reconsideration

5