UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.:2005-10864JLT

**********************************************
RENATO SOUTO and OTHERS SIMILARLY    )
SITUATED,                            )
               Plaintiffs,    )
v.                                   )
                                     )
SOVEREIGN REALTY ASSOCIATES, LTD.    )
and STUART ROFFMAN, As President of the  )
General Partner of Sovereign Realty Associates,  )
Ltd., Sovereign Realty Associates G.P., Inc., and  )
Individually,                        )
             Defendants.    )
**********************************************

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION AND CLARIFICATION

### Introduction

      The Defendants have moved this Court to reconsider and clarify its Order issued

on June 26, 2007, remanding this action to the Middlesex Superior Court.  The Plaintiff,

Renato Souto, opposes the Defendants' Motion for Reconsideration and Clarification.

### Argument

      When an action is removed in its entirety under 28 U.S.C. § 1441(c), a federal

court, in its discretion, may remand all State law claims.  See Troconis v. Lucent

Technologies, 160 F. Supp. 2d 150,158 (D. Mass. 2001). "The case for remand is

compelling when the foundational federal claims have been dismissed early in the

litigation." Id.

      Where a court finds itself in the position of reassessing jurisdiction, it should

engage "in a pragmatic and case-specific evaluation of a variety of considerations that

may bear on the issue." See Id.   "Among the factors that will often prove relevant to this

calculation are the interests of fairness, judicial economy, convenience, and comity." <u>Id</u>.

It is important to note, however, that "decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." <u>See</u> <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966).

In the case at bar, all federal claims have been dismissed.  The sole claim that remains, involves the application of the Massachusetts Wage Act to the set of facts at hand.  While the plaintiff has no reason to doubt this court's ability to render a decision based on state law, <u>see, e.g.</u>, <u>Mogilevsky v. Bally Total Fitness Corp.</u>, 263 F. Supp. 2d 164 (D. Mass. 2003), the plaintiff also believes that the Middlesex Superior Court is the appropriate venue in which to adjudicate the plaintiff's remaining state law claim.  The Plaintiff initially bought his claims in the Middlesex Superior Court, and the Defendants removed the case due to the existence of federal claims.  With those claims dismissed, this Court should remand this case back to Middlesex Superior Court, the site of its initial filing.

In addition, in the Defendants' Motion for Reconsideration and Clarification, the Defendants suggest that the court dismiss the adjudicated claims with prejudice and dismiss the unadjudicated claims without prejudice.  This approach, however, is patently unfair to the Plaintiff.  If this Court were to dismiss the unadjudicated claims without prejudice, the Plaintiff would find himself in the untenable position of bearing the cost and expense of re-filing the matter and serving the Defendants all over again.  Thus, in order to minimize the time and expense of re-filing, the remaining claim should be remanded to the Middlesex Superior Court.  <u>See</u> <u>Serafino v. Hasbro, Inc.</u> 893 F. Supp.

104, 108-109 (D. Mass. 1995).

<u>**Conclusion**</u>

For the foregoing reasons, Mr. Souto moves that this Motion be denied.

Respectfully Submitted,
RENATO SOUTO
By his attorneys,


/s/ Philip J. Gordon_____
Philip J. Gordon (BBO # 630989)
Kristen M. Hurley (BBO # 658237)
Gordon Law Group, LLP
535 Boylston St., 6th Fl.
Phone: 617-536-1800

<u>**CERTIFICATE OF SERVICE**</u>

I, Philip J. Gordon, hereby certify that on July 5, 2007, I caused a copy of the foregoing document to be served, upon counsel for the defendants, David Berman, Esq., 100 George P. Hassett Drive, Medford, MA 02155, by electronic notification.

/s/ Philip J. Gordon
Philip J. Gordon