UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RENATO SOUTO and OTHERS SIMILARLY SITUATED, | * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 05-10864-JLT |
| SOVEREIGN REALTY ASSOCIATES, LTD. and STUART ROFFMAN, as President of the General Partner of Sovereign Realty Associates, Ltd., Sovereign Realty Associates G.P., Inc., and Individually, | * * * * * * | |
| Defendants. | * * | |

ORDER

July 26, 2007

TAURO, J.

As the court stated in its prior order, a weighing of the relevant factors under 28 U.S.C. § 1367(c)(3) warrants declining to exercise supplemental jurisdiction over the remaining state claim in this case.

Counts II, III, VI and VII of Plaintiff's Complaint were DISMISSED in this Court's August 17, 2006 Order. So too were Plaintiff's M.G. L. c. 151 and Fair Labor Standards Act claims under Count I.[1] Plaintiff's sole remaining claim is his state claim for unpaid wages under the Massachusetts Wage Act.

---

[1] See Memorandum (Aug. 17, 2006), [#41], p. 5. The court also notes that all counts previously dismissed in this court's August 17, 2006 order were dismissed with prejudice. See U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp., 360 F.3d 220, 241 (1st Cir. 2004) (quoting Andrews-Clarke v. Lucent Tech., Inc., 157 F. Supp. 2d 93, 99 (D. Mass. 2001) ("A dismissal for failure to state a claim is a dismissal on the merits. . . . This type of dismissal, presumed to be with prejudice unless the order explicitly states otherwise, has a claim preclusive effect.")).

This case will be remanded to the state court as stated by this court's order. Accordingly, Defendants' <u>Motion for Reconsideration and Clarification</u> [#62] is DENIED.

IT IS SO ORDERED.

<pre>
                                            /s/ Joseph L. Tauro
                                          United States District Judge
</pre>